IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RANDALL EWING and | ) | |
| YASMANY GOMEZ | ) | |
| | ) | CASE NO. 16-CV-9930 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | District Judge Sharon Johnson Coleman |
| | ) | |
| 1645 W FARRAGUT, LLC , | ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |
| Defendant. | ) | |

## AMENDED COMPLAINT

Plaintiffs Randall Ewing and Yasmany Gomez, by and through their attorneys, Thomas J. Scannell and Timothy M. Kelly, for their amended complaint against the defendant 1645 W Farragut, LLC, state as follows:

### FACTS COMMON TO ALL COUNTS

1.      Plaintiff Randall Ewing ("Ewing") is a natural person and a citizen of the state of Florida, domiciled in Fort Lauderdale, Broward County, Florida.

2.      Plaintiff Yasmany Gomez ("Gomez") is a natural person and a citizen of the state of Florida, domiciled in Fort Lauderdale, Broward County, Florida.

3.      Defendant 1645 W Farragut, LLC ("Farragut") is a limited liability company and a citizen of Illinois, organized under the laws of the state of Illinois, with its principal place of business in Chicago, Cook County, Illinois.

4.      The members of Farragut are Erik Carrier and Gregory F. Carrier.

5.      Erik Carrier is a natural person and a citizen of the state of Illinois, domiciled in Chicago, Cook County, Illinois.

- 1 -

6. Gregory F. Carrier is a natural person and a citizen of the state of Illinois, domiciled in Lake Forest, Lake County, Illinois.

7. The amount in controversy in this action equals or exceeds $117,500.00 exclusive of interest and costs.

8. This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1332(a)(1).

9. The events giving rise to plaintiffs' claims occurred in whole or substantial part in Chicago, Illinois, and the property that is the subject of this action is located in Chicago, Illinois, which lies entirely within the Northern District of Illinois.

10. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the Northern District of Illinois.

11. Farragut is the owner of and holds title to real property ("Property") commonly known as 1645 West Farragut Avenue, Chicago, Cook County, Illinois 60640 and legally described as follows:

> LOT 53 IN KEMPER K. KNAPP'S SUBDIVISION OF THE NORTH HALF OF BLOCKS 36 AND 37 (EXCEPT THE EAST 13 FEET OF SAID BLOCK 37), IN MOUNT PLEASANT, A SUBDIVISION OF THE SOUTH HALF OF THE SOUTHEAST QUARTER OF THE NORTHEAST QUARTER OF SECTION 7, TOWNSHIP 40 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY ILLINOIS.

12. In March of 2016, Farragut marketed the Property for sale as a "very customizable" house, describing itself as an "experienced luxury home builder." Based on these representations, Ewing and Gomez contacted Farragut and met with Erik Carrier ("Carrier"), Farragut's Manager and the duly authorized agent for Farragut.

13. Carrier represented that Farragut was a "high end" builder capable of constructing a "highly customized" home for Ewing and Gomez. In March and April of 2016, Carrier twice

showed Ewing and Gomez the house next door, 1651 W. Farragut (the "Adjacent Home"), which was also owned and managed and constructed by Farragut. The construction at the Adjacent Home was a gut rehab.

14.     Also in March and April of 2016, Carrier showed the Property to Ewing and Gomez in a gutted condition, and discussed the custom features Ewing and Gomez wanted for the Property. Ewing stated that the exterior of the Adjacent Home was more attractive than that of the Property, and that Ewing and Gomez wanted an enclosed balcony like the one on the Adjacent Home. Ewing stated that he and Gomez wanted the floors in the balcony, when enclosed, to be heated. Carrier stated that Farragut could and would do this.

15.     Prior to April 17, 2016, Ewing and Gomez entered into negotiations with Farragut, by and through its duly authorized agent Carrier, to purchase the Property and construct the "highly customized" newly constructed home for Ewing and Gomez.

16.     A key point in the negotiations was that the property would be built consistent with the level of finishes and amenities in place in the Adjacent Home. Farragut was intimately familiar with the finishes and amenities of the Adjacent Home because the two properties shared ownership and management, and the construction at the Adjacent Home was performed by the same individuals and entities as were to construct the Property.

17.     At the time of the negotiations, the front façades of the Property and the Adjacent Home were among the substantial differences in amenities. The enclosed front porch off the master bedroom of the Adjacent Home was a more valuable amenity than the open and unfinished front porch of the Property. (Photos of the front façade of the Property and the Adjacent Home are attached hereto made a part hereof as Exhibits A and B, respectively.)

- 3 -

18.    Prior to entering into a contract, Ewing and Gomez repeatedly emphasized to Carrier that to move forward on the purchase, they would require a front enclosure consistent with the level of amenities as the Adjacent Home. Farragut, by and through its duly authorized agent Carrier, stated that "it would not be a problem" to construct a front enclosure on the Property similar to the one on the Adjacent Home.

19.    In direct reliance on these and other representations made by Carrier for and on behalf of Farragut, on April 17, 2016, Ewing and Gomez signed a Multi-Board Residential Real Estate Contract 6.1 ("6.1 Contract"); and on May 2, 2016, Ewing and Gomez signed an Agreed Modification to the 6.1 Contract ("Modification"). True and accurate copies of the 6.1 Contract and the Modification are attached to this Amended Complaint as Exhibits C and D, respectively.

20    A material term of the 6.1 Contract provides, in pertinent part:

> The house will be finished and construction budgets set according to the level of finishes and amenities at 1651 W. Farragut. It is understood that Buyer can make changes to construction plans. Changes will be charged at cost (net of any savings for work no performed or materials not used.) plus 10%.

Exhibit C, ¶30.

21.    A material term of the Modification provides:

> 21. Model. In all cases where the amenities and/or the level of finishes are not set forth herein the parties shall look to the property at 1651 West Farragut Avenue as a model for such amenities and finishes.

Exhibit D, ¶21.

22.    Subsequent to signing the 6.1 Contract and Modification, Carrier advised Ewing and Gomez that Farragut could not and would not construct a front balcony enclosure at the same level as the front balcony amenities in the Adjacent Home.

23.    Subsequent to signing the 6.1 Contract and Modification, Carrier stated that the construction of a front balcony enclosure similar to the one at the Adjacent Home was not included in the 6.1 Contract or Modification.

24.    Subsequent to signing the 6.1 Contract and Modification, Carrier admitted to Ewing and Gomez that, other than minor brick work, any other changes to the front balcony amenities of the Property would be beyond Farragut's capabilities.

25.    A material term of the 6.1 Contract provides in part that "Seller represents that with respect to the Real Estate Seller has no knowledge of . . . zoning, building, fire or health code violations [or] any improvements to the Real Estate for which the required initial and final permits were not obtained." Exhibit C, ¶23.

26.    A material term of the Modification provides, in part: "Seller represents that with respect to the Property that Seller has no knowledge of . . . zoning, building, fire or health code violation [or] any improvements to the Property for which the required initial and final permits were not obtained." Exhibit D, ¶6.

27.    At the time of the 6.1 Contract and Modification, and after demolition and construction had begun, Farragut had not obtained permits for demolition or construction.

28.    Material terms of the 6.1 Contract provide that "Closing shall be on October 3, 2016," and "Seller shall deliver possession to Buyer at Closing." Exhibit C, ¶¶6-7.

29.    A material term of the Modification provides:

     The estimated date of substantial completion of the Property is October 3, 2016.
     Closing of the sale ("Closing") shall be on such date after the Property has been
     substantially completed as Seller shall designate . . . .

Exhibit D, ¶3.

30.    Construction on the Property was not substantially complete on October 3, 2016.

- 5 -

31.    A material term of the Modification provides, in pertinent part:

> This Agreement is contingent upon the ability of Purchaser to secure, by August 15, 2016, a mortgage commitment for $940,000.00, or such lesser sum as Purchaser shall accept, with a rate of interest not to exceed 4.5%, amortized over 30 years with points/origination charges, if any, of 0%. . . . If Purchaser is unable to obtain such firm commitment, Purchaser shall notify Seller thereof in writing by 5:00 p.m. on the day set forth immediately above. . . . If Seller is so notified, Seller may, at Seller's option, within sixty (60) days after such notice, secure a commitment on behalf of Purchaser on the same terms as above. . . . If Purchaser notifies Seller as aforesaid, and Seller is unable or unwilling to secure such commitment as above provided, this Agreement shall be null and void and the earnest money shall be returned to Purchaser.

Exhibit D, ¶2.

32.    Ewing and Gomez notified Farragut of their inability to obtain a mortgage commitment, and Farragut was unable to secure a commitment within sixty (60) days after such notice. Ewing and Gomez requested the return of their earnest money, but Farragut refused to return it.

## COUNT I
## FRAUD

33.    Ewing and Gomez incorporate by reference the allegations set forth in paragraphs 1 through 32 above, as if fully set forth herein.

34.    Farragut, through the various words and actions of its duly authorized agent as set forth more fully above, made statements of material fact to Ewing and Gomez.

35.    Farragut through the various words and actions of its duly authorized agent, made such statements for the purpose of inducing Ewing and Gomez to sign the 6.1 Contract and the Modification.

36.    Farragut knew such statements were false at the time they were made.

37.    The statements were in fact false.

38.     Ewing and Gomez did not know that the statements were false at the time they were made, nor should they have known that they were false at the time they were made.

39.     In fact, Ewing and Gomez believed the statements made to them were true when they were made to each of them.

40.     In reliance on the false statements made to Ewing and Gomez by Carrier, Ewing and Gomez acted to their detriment by signing the 6.1 Contract and the Modification.

41.     As a result of the conduct set forth above, Ewing and Gomez are entitled to rescind the 6.1 Contract and the Modification.

42.     Ewing and Gomez further demand restitution and return of all money paid or transferred to Farragut in reliance on their false representations.

WHEREFORE, plaintiffs Randall Ewing and Yasmany Gomez pray that this Court enter judgment in their favor against defendant 1645 W Farragut, LLC, rescinding the contract between the parties; ordering defendant to refund plaintiffs the amount paid under the contract; and awarding plaintiffs their costs of suit and such other relief the Court deems just.

## COUNT II
## MUTUAL MISTAKE

43.     This Count is pled in the alternative pursuant to Fed.R.Civ.P. 8(d).

44.     Ewing and Gomez incorporate by reference the allegations set forth in paragraphs 1 through 32 above, as if fully set forth herein.

45.     At the time the parties signed the 6.1 Contract and Modification, Farragut believed that it was feasible to provide the amenity of an enclosed front balcony so as to construct a façade similar to the one constructed on the Adjacent Home.

46.     At the time the parties signed the 6.1 Contract and Modification, Ewing and Gomez believed that it was feasible to enclose the front porch and construct a façade similar to the one constructed on the Adjacent Home.

47.     The parties were mistaken in their belief that it was feasible to provide the amenity of an enclosed the front balcony so as to construct a façade similar to the one constructed on the Adjacent Home.

48.     At the time the parties signed the 6.1 Contract and Modification, they could not have known through the exercise of reasonable care that it was not feasible to provide the amenity of an enclosed the front balcony so as to construct a façade similar to the one constructed on the Adjacent Home.

49.     The enclosure of the front balcony and construction of the façade were of such material importance that it would be inequitable to enforce the contract against Ewing and Gomez.

WHEREFORE, plaintiffs Randall Ewing and Yasmany Gomez pray that this Court enter judgment in favor of plaintiffs and against defendant 1645 W Farragut, LLC, rescinding the contract between the parties; ordering defendant to refund plaintiffs the amount paid under the contract; and awarding plaintiffs their costs of suit and such other relief the Court deems just.

## COUNT III
## UNILATERAL MISTAKE

50.     This Count is pled in the alternative pursuant to Fed.R.Civ.P. 8(d).

51.     Ewing and Gomez incorporate by reference the allegations set forth in paragraphs 1 through 32 above, as if fully set forth herein.

52.     At the time the parties signed the 6.1 Contract and Modification, Ewing and Gomez believed that it was feasible for Farragut to provide the amenity of an enclosed front balcony similar to the one constructed on the Adjacent Home; that Farragut was capable of doing so; that Farragut was willing to provide the amenity of an enclosed front balcony similar to the one constructed on the Adjacent Home; and that the purchase price of the Property included the cost of doing so.

53.     Ewing and Gomez were mistaken in their belief that it was feasible for Farragut to provide the amenity of an enclosed front balcony; that Farragut was capable of doing so; that Farragut was willing to do so; and that Farragut intended to do so within the purchase price.

54.     At the time Ewing and Gomez signed the 6.1 Contract and Modification, they could not have known through the exercise of reasonable care that it was not feasible for Farragut to provide the amenity of an enclosed front balcony; that Farragut was incapable of enclosing a front balcony similar to the one constructed on the Adjacent Home; that Farragut was unwilling to do so; or that Farragut had not included the cost of enclosing the front balcony in the purchase price.

55.     At the time Ewing and Gomez signed the 6.1 Contract and Modification, they exercised reasonable care to determine that Farragut was capable of providing an enclosed front balcony and intended to do so.  Farragut had represented that it could do the work, Farragut was intimately familiar with the property and its construction methods, and Ewing and Gomez twice insisted that Farragut agree to, and at a minimum for no extra cost, provide all of the same features, amenities and finishes as the Adjacent Home, including the enclosed front balcony.

56.     The enclosure of the front balcony was of such material importance that it would be inequitable to enforce the contract against Ewing and Gomez.

- 9 -

57.     The parties may be placed in the positions they were in prior to the contract being executed by rescinding the 6.1 Contract and Modification and restoring the earnest money paid by Ewing and Gomez to them.

WHEREFORE, plaintiffs Randall Ewing and Yasmany Gomez pray that this Court enter judgment in favor of plaintiffs and against defendant 1645 W Farragut, LLC, rescinding the contract between the parties; ordering defendant to refund plaintiffs the amount paid under the contract; and awarding plaintiffs their costs of suit and such other relief the Court deems just.

## COUNT IV
## CONSUMER FRAUD ACT

58.     This Count is pled in the alternative pursuant to Fed.R.Civ.P. 8(d).

59.     Ewing and Gomez incorporate by reference the allegations set forth in paragraphs 1 through 32 above, as if fully set forth herein.

60.     At all times relevant to this complaint, there was in full force and effect in the state of Illinois Section 2 of the Consumer Fraud and Deceptive business Practices Act, which provides in pertinent part:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815 ILCS 505/2.

61.     Farragut is engaged in the business and trade of building, remodeling, rehabilitating and selling residential property for a profit.

62.     Ewing and Gomez are consumers with respect to the property, goods and services offered by Farragut.

63.     Farragut committed one or more of the following unfair or deceptive acts or practices:

      a.    represented that it would construct the Property with the level of finishes and amenities in place in the Adjacent Home;

      b.    represented that it would not be a problem to construct the Property with an enclosed front balcony amenity similar to the one on the Adjacent Home;

      c.    represented that the construction of the front balcony amenity was included in the purchase price of the Property;

      d.    represented that it could not accept an offer lower than $1,175,000.00 because it had to maintain the $1,150,000.00 asking price for the Adjacent Home, and then shortly after Ewing and Gomez offered $1,175,000.00, reduced the asking price for the Adjacent Home, materially identical to the Property except for the enclosed front balcony, to $1,099,000.00, then sold the Adjacent Home for $1,070,000.00;

      e.    omitted that it would not construct a façade on the Property similar to the one on the Adjacent Home, knowing that Ewing and Gomez believed Farragut would construct a similar façade;

      f.    omitted that it could not construct a façade on the Property similar to the one on the Adjacent Home;

      g.    omitted that the construction of the façade was not included in the purchase price of the Property, knowing that Ewing and Gomez believed such work was included in the purchase price;

      h.    represented that it had building permits when, in fact, no permits had been issued;

      i.    otherwise deceived and imposed upon Ewing and Gomez.

64.     Farragut made these unfair and deceptive representations and omissions in the course of conduct involving trade or commerce;

65.     Farragut made these unfair and deceptive representations and omissions intending that Ewing and Gomez rely upon them.

66.     Ewing and Gomez suffered or will suffer actual damage as a result of Farragut's actions in an amount in excess of $75,000.00.

WHEREFORE, plaintiffs Randall Ewing and Yasmany Gomez pray that this Court enter judgment for plaintiff and against defendant 1645 W Farragut, LLC, in an amount in excess of $117,500.00, or for any other relief the Court deems just.

## COUNT V
## BREACH OF CONTRACT

67.     This Count is pled in the alternative pursuant to Fed.R.Civ.P. 8(d).

68.     Ewing and Gomez incorporate by reference the allegations set forth in paragraphs 1 through 32 above, as if fully set forth herein.

69.     By virtue of Farragut's offer and Ewing and Gomez' acceptance, and in consideration of their mutual promises, a contact was formed and modified according to the terms set forth in the 6.1 Contract and Modification, attached to this amended complaint as Exhibits C and D respectively.

70.     Ewing and Gomez performed all of the conditions and promises required to be performed by them, or in the alternative, Ewing and Gomez were excused from performance by Farragut's breach, or Farragut waived performance.

71.     Farragut breached the 6.1 Contract in one or more of the following ways:

   a.     refused to construct the Property to the level of the finishes and amenities at the Adjacent Home;

   b.     failed to obtain demolition and construction permits within the time specified in the 6.1 Contract and Modification;

   c.     failed to substantially complete the construction by October 3, 2016;

   d.     failed to return the earnest money to Ewing and Gomez after the parties were unable to obtain a mortgage within the time specified in the contract and;

- 12 -

e.    otherwise breached and failed to perform its obligations under the 6.1 Contract and Modification.

72.    As a result of Farragut's breaches as aforesaid, Ewing and Gomez have suffered and will continue to suffer damages in an amount in excess of $117,500.00.

73.    Paragraph 28 of the 6.1 Contract provides for an award of attorney's fees to the prevailing party in litigation. Exhibit C, ¶28.

74.    Section 2 of the Illinois Interest Act provides, in pertinent part:

> Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any . . . instrument of writing . . . ."

815 ILCS 205/2.

WHEREFORE, plaintiffs Randall Ewing and Yasmany Gomez pray that this Court enter judgment for plaintiff and against defendant 1645 W Farragut, LLC, in an amount in excess of $117,500.00, plus attorney's fees and interest, and such other relief as the Court deems just.

## COUNT VI
## DECLARATORY JUDGMENT

75.    This Count is pled in the alternative pursuant to Fed.R.Civ.P. 8(d).

76.    Ewing and Gomez incorporate by reference the allegations set forth in paragraphs 1 through 32 and 67 through 74 above, as if fully set forth herein.

77.    At all times relevant to this complaint, there was in full force and effect in the United States of America the Declaratory Judgment Act, which provides in pertinent part:

> In cases of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the full force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201.

78.     There is an actual controversy between the parties regarding the interpretation of the 6.1 Contract and Modification, regarding the obligations of the parties with respect to the construction of the home, and regarding defendant's obligation to return the earnest money to plaintiffs.

79.     Ewing and Gomez have demanded that defendant construct a front balcony façade at the same level of amenities as the Adjacent Home and have demanded the return of their earnest money, in accordance with the contract.

80.     Farragut has denied that it is required to construct a front balcony at the same level of amenities as the Adjacent Home, has refused and/or is unable to construct the Property with the level of amenities at the Adjacent Home, and has failed and refused to return plaintiffs' earnest money, in violation of the contract.

81.     A declaration by the Court construing the contract and modification and a declaration of the rights and duties of the parties with respect thereto would terminate all or a substantial part of the controversy.

WHEREFORE, plaintiffs Randall Ewing and Yasmany Gomez pray that this Court enter judgment:

A.     Declaring that the Contract and Modification require defendants to construct an enclosed façade similar to the one incorporated into the Adjacent Home;

B.     Finding that defendant's failure and refusal to construct the enclosed front balcony façade constitutes a material and substantial breach of the Contract and Modification, relieving Plaintiffs of their obligation to close on the sale of the Property;

C.     Adjudging the Contract and Modification to be null and void;

D.     Ordering defendant to return plaintiffs' earnest money;

D.      Entering judgment in favor of plaintiffs against defendant for all sums heretofore paid, plus attorney's fees and costs; and

E.      Granting such other and further relief as this Court may deem just.

Respectfully submitted
RANDALL EWING and YASMANY GOMEZ

By: _____
One of their attorneys

Thomas J. Scannell
Timothy M. Kelly
SCANNELL & ASSOCIATES, P.C.
9901 S. Western Avenue, Suite 100
Chicago, Il 60643
(773) 233-2100

- 15 -