**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **RANDALL EWING and** | ) | |
| **YASMANY GOMEZ** | ) | |
| | ) | **CASE NO. 16-CV-9930** |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **District Judge Sharon Johnson Coleman** |
| | ) | |
| **1645 W FARRAGUT, LLC ,** | ) | **Magistrate Judge Jeffrey T. Gilbert** |
| | ) | |
| **Defendant.** | ) | |
| ---------------------------------------------------- | ) | |
| **1645 W FARRAGUT, LLC** | ) | |
| | ) | |
| **Counter Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **RANDALL EWING and** | ) | |
| **YASMANY GOMEZ** | ) | |
| | ) | |
| **Counter Defendants.** | ) | |

**DEFENDANT'S ANSWER TO**
**PLAINTIFFS' AMENDED COMPLAINT**

Defendant, 1646 W FARRAGUT, LLC, by and through their attorneys, James R. Sethna of Daniel G. Lauer & Associates, P.C., for its Answer to Plaintiff's Amended Complaint, states as follows:

**FACTS COMMON TO ALL COUNTS**

1.      Plaintiff Randall Ewing ("Ewing") is a natural person and a citizen of the state of Florida, domiciled in Fort Lauderdale, Broward County, Florida.

**Answer:  Defendant denies this allegation based upon the information and belief that Plaintiff currently resides in and works in Cook County.**

- 1 -

2. Plaintiff Yasmany Gomez ("Gomez") is a natural person and a citizen of the state of Florida, domiciled in Fort Lauderdale, Broward County, Florida.

**Answer: Defendant lacks sufficient knowledge as to Gomez's domicile to either admit or deny this allegation and demands strict proof thereof, in as much as an answer is required, Defendant denies the same.**

3. Defendant 1645 W Farragut, LLC ("Farragut") is a limited liability company and a citizen of Illinois, organized under the laws of the state of Illinois, with its principal place of business in Chicago, Cook County, Illinois.

**Answer: Defendant admits the allegation of this paragraph.**

4. The members of Farragut are Erik Carrier and Gregory F. Carrier.

**Answer: Defendant admits that Erik Carrier is a member, further answering Defendant denies the Gregory F. Carrier, individually, is a member.**

5. Erik Carrier is a natural person and a citizen of the state of Illinois, domiciled in Chicago, Cook County, Illinois.

**Answer: Defendant admits the allegation of this paragraph.**

6. Gregory F. Carrier is a natural person and a citizen of the state of Illinois, domiciled in Lake Forest, Lake County, Illinois.

**Answer: Defendant admits the allegation of this paragraph.**

7. The amount in controversy in this action equals or exceeds $117,500.00 exclusive of interest and costs.

**Answer: Defendant admits the allegation of this paragraph.**

8. This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1332(a)(1).

**Answer: Defendant denies the allegation of this paragraph.**

9.   The events giving rise to plaintiffs' claims occurred in whole or substantial part in Chicago, Illinois, and the property that is the subject of this action is located in Chicago, Illinois, which lies entirely within the Northern District of Illinois.

**Answer:  Defendant admits the allegation of this paragraph.**

10.   Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the Northern District of Illinois.

**Answer:  Defendant admits the allegation of this paragraph.**

11.   Farragut is the owner of and holds title to real property ("Property") commonly known as 1645 West Farragut Avenue, Chicago, Cook County, Illinois 60640 and legally described as follows:

LOT 53 IN KEMPER K. KNAPP'S SUBDIVISION OF THE NORTH HALF OF BLOCKS 36 AND 37 (EXCEPT THE EAST 13 FEET OF SAID BLOCK 37), IN MOUNT PLEASANT, A SUBDIVISION OF THE SOUTH HALF OF THE SOUTHEAST QUARTER OF THE NORTHEAST QUARTER OF SECTION 7, TOWNSHIP 40 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY ILLINOIS.

**Answer:  Defendant admits the allegation of this paragraph.**

12.   In March of 2016, Farragut marketed the Property for sale as a "very customizable" house, describing itself as an "experienced luxury home builder."   Based on these representations, Ewing and Gomez contacted Farragut and met with Erik Carrier ("Carrier"), Farragut's Manager and the duly authorized agent for Farragut.

**Answer:  Defendant admits that the Property was listed for sale to the general public. Further answering, Defendant denies the remaining conclusory allegations of this paragraph.**

13.     Carrier represented that Farragut was a "high end" builder capable of constructing a "highly customized" home for Ewing and Gomez.  In March and April of 2016, Carrier twice showed Ewing and Gomez the house next door, 1651 W. Farragut (the "Adjacent Home"), which was also owned and managed and constructed by Farragut.  The construction at the Adjacent Home was a gut rehab.

**Answer:  Defendant admits that it listing the property for sale and the Plaintiffs viewed the property as potential purchasers prior to their making a written offer to purchase the Property.  Further answering Defendant denies it performed a rehab on the property located at 1651 W. Farragut, which is owned by a separate entity 1651 W. Farragut, LLC of which Defendant has no interest or control over.  Defendant denies the remaining conclusory allegations of this paragraph.**

14.     Also in March and April of 2016, Carrier showed the Property to Ewing and Gomez in a gutted condition, and discussed the custom features Ewing and Gomez wanted for the Property.  Ewing stated that the exterior of the Adjacent Home was more attractive than that of the Property, and that Ewing and Gomez wanted an enclosed balcony like the one on the Adjacent Home.  Ewing stated that he and Gomez wanted the floors in the balcony, when enclosed, to be heated.  Carrier stated that Farragut could and would do this.

**Answer: Defendant admits that it listing the property for sale and the Plaintiffs viewed the property as potential purchasers prior to their making a written offer to purchase the Property.  Further answering on March 8, 2016, Defendant provided Plaintiffs a set of plans for the Property which were to be used to complete rehab work, which plans did not include any enclosure to the front porch or entry way.   The offer provided by Plaintiffs to**

- 4 -

purchaser the Property did not expressly include any such modification. **Defendant denies the remaining allegations of this paragraph.**

15.     Prior to April 17, 2016, Ewing and Gomez entered into negotiations with Farragut, by and through its duly authorized agent Carrier, to purchase the Property and construct the "highly customized" newly constructed home for Ewing and Gomez.

**Answer:  Defendant admits that it listing the property for sale and the Plaintiffs viewed the property as potential purchasers prior to their making a written offer to purchase the Property.  Further answering on March 8, 2016, Defendant provided Plaintiffs a set of plans for the Property which were to be used to complete rehab work, which plans did not include any enclosure to the front porch or entry way.   The offer provided by Plaintiffs to purchaser the Property did not expressly include any such modification.  Defendant denies the remaining allegations of this paragraph.**

16.     A key point in the negotiations was that the property would be built consistent with the level of finishes and amenities in place in the Adjacent Home.  Farragut was intimately familiar with the finishes and amenities of the Adjacent Home because the two properties shared ownership and management, and the construction at the Adjacent Home was performed by the same individuals and entities as were to construct the Property.

**Answer:  Defendant admits that the written offer prepared by Plaintiffs includes language about finishes and amenities, further answering those terms are undefined in the express provisions of the offer and subject to varying meanings.  Defendant denies the remaining allegations of this paragraph.**

17.     At the time of the negotiations, the front facades of the Property and the Adjacent Home were among the substantial differences in amenities.  The enclosed front porch off the

master bedroom of the Adjacent Home was a more valuable amenity than the open and unfinished front porch of the Property. (Photos of the front façade of the Property and the Adjacent Home are attached hereto made a part hereof as Exhibits A and B, respectively.)

**Answer: Defendant admits the two properties are different. Defendant further answers Exhibits A and B speak for themselves. Defendant denies the remaining conclusory allegations of this paragraph.**

18.     Prior to entering into a contract, Ewing and Gomez repeatedly emphasized to Carrier that to move forward on the purchase, they would require a front enclosure consistent with the level of amenities as the Adjacent Home. Farragut, by and through its duly authorized agent Carrier, stated that "it would not be a problem" to construct a front enclosure on the Property similar to the one on the Adjacent Home.

**Answer: Defendant admits that the written offer prepared by Plaintiffs includes language about finishes and amenities, further answering those terms are undefined in the express provisions of the offer and subject to varying meanings. Defendant denies the remaining allegations of this paragraph.**

19.     In direct reliance on these and other representations made by Carrier for and on behalf of Farragut, on April 17, 2016, Ewing and Gomez signed a Multi-Board Residential Real Estate Contract 6.1 ("6.1 Contract"); and on May 2, 2016, Ewing and Gomez signed an Agreed Modification to the 6.1 Contract ("Modification"). True and accurate copies of the 6.1 Contract and the Modification are attached to this Amended Complaint as Exhibits C and D, respectively.

**Answer: Defendant admits to the existence of Exhibits C and D and those documents speak for themselves. Defendant denies the remaining conclusory allegations of this paragraph.**

20      A material term of the 6.1 Contract provides, in pertinent part:

The house will be finished and construction budgets set according to the level of finishes and amenities at 1651 W. Farragut.  It is understood that Buyer can make changes to construction plans.  Changes will be charged at cost (net of any savings for work no performed or materials not used.) plus 10%.

Exhibit C, ¶30.

**Answer:  Defendant admits to the existence of Exhibits C and that document speaks for itself.   Further answering, Defendant denies the remaining conclusory allegations of this paragraph.**

21.     A material term of the Modification provides:

21.  Model.  In all cases where the amenities and/or the level of finishes are not set forth herein the parties shall look to the property at 1651 West Farragut Avenue as a model for such amenities and finishes.

Exhibit D, ¶21.

**Answer:  Defendant admits to the existence of Exhibits D and that document speaks for itself.   Further answering, Defendant denies the remaining conclusory allegations of this paragraph.**

22.     Subsequent to signing the 6.1 Contract and Modification, Carrier advised Ewing and Gomez that Farragut could not and would not construct a front balcony enclosure at the same level as the front balcony amenities in the Adjacent Home.

**Answer:   Defendant admits that there was no written change order that was submitted by Plaintiffs nor agreed to by Defendant with regard to enclosing the front porch. Further answering, the Paragraph 10 of the Modification expressly states "SELLER IS NOT BOUND BY ANY SELECTIONS, CHANGE ORDERS AND/OR UPGRADES UNLESS SPECIFICALLY AGREED TO AND SIGNED BY THE SELLER" .**

23.     Subsequent to signing the 6.1 Contract and Modification, Carrier stated that the construction of a front balcony enclosure similar to the one at the Adjacent Home was not included in the 6.1 Contract or Modification.

**Answer:  Defendant admits that neither the plans provided to Plaintiffs in March 2016, the offer the Plaintiffs prepared and submitted, nor the Modification which resulted from the conclusion of attorney review include any express provision or language that the Property would be sold with an enclosed front porch.  In as much as Plaintiffs' allegation is that this information was not provided prior to their review of the plans, the Property and making an offer, Defendant denies the same.**

24.     Subsequent to signing the 6.1 Contract and Modification, Carrier admitted to Ewing and Gomez that, other than minor brick work, any other changes to the front balcony amenities of the Property would be beyond Farragut's capabilities.

**Answer:  Defendant admits that it provided notice to Plaintiff that certain requests to modify the Property were beyond the scope Defendant would undertake, including, but not limited to extending the foundation, installing an indoor lap poop for dogs in the basement, erecting a glass and steel front façade, removing the front entrance and converting the property to a side entrance access home.   Defendant did provide written change order proposals for altering the basement to create a movie room and dog run, which Plaintiffs did not accept.  Defendant denies the remaining allegations of this paragraph.**

25.     A material term of the 6.1 Contract provides in part that "Seller represents that with respect to the Real Estate Seller has no knowledge of . . . zoning, building, fire or health code violations [or] any improvements to the Real Estate for which the required initial and final permits were not obtained."  Exhibit C, ¶23.

**Answer:  Defendant admits to the existence of Exhibits C and that document speaks for itself.   Further answering, Defendant denies the remaining conclusory allegations of this paragraph.**

26.     A material term of the Modification provides, in part: "Seller represents that with respect to the Property that Seller has no knowledge of . . . zoning, building, fire or health code violation [or] any improvements to the Property for which the required initial and final permits were not obtained."  Exhibit D, ¶6.

**Answer:  Defendant admits to the existence of Exhibits D and that document speaks for itself.   Further answering, Defendant denies the remaining conclusory allegations of this paragraph.**

27.     At the time of the 6.1 Contract and Modification, and after demolition and construction had begun, Farragut had not obtained permits for demolition or construction.

**Answer:  Defendant denies that it was required to obtain any demolition permit for its work on the Property.  Further answering, Defendant admits is applied for its permit to undertake its rehab project for the Property in February 2016 and that Plaintiffs were undertaking possible changes to the interior which would result in revising the plans prior to final approval.**

28.     Material terms of the 6.1 Contract provide that "Closing shall be on October 3, 2016," and "Seller shall deliver possession to Buyer at Closing."  Exhibit C, ¶¶6-7.

**Answer:  Defendant admits to the existence of Exhibits C and that document speaks for itself.   Further answering, Defendant denies the remaining conclusory allegations of this paragraph.**

29.     A material term of the Modification provides:

> The estimated date of substantial completion of the Property is October 3, 2016. Closing of the sale ("Closing") shall be on such date after the Property has been substantially completed as Seller shall designate . . . .

Exhibit D, ¶3.

**Answer: Defendant admits to the existence of Exhibits D and that document speaks for itself. Further answering, Defendant denies the remaining conclusory allegations of this paragraph.**

30. Construction on the Property was not substantially complete on October 3, 2016.

**Answer: Defendant admits that Plaintiffs' failure to make material selections and making various requests for alterations or modification, delayed its completion of the project.**

31. A material term of the Modification provides, in pertinent part:

> This Agreement is contingent upon the ability of Purchaser to secure, by August 15, 2016, a mortgage commitment for $940,000.00, or such lesser sum as Purchaser shall accept, with a rate of interest not to exceed 4.5%, amortized over 30 years with points/origination charges, if any, of 0%. . . . If Purchaser is unable to obtain such firm commitment, Purchaser shall notify Seller thereof in writing by 5:00 p.m. on the day set forth immediately above. . . . If Seller is so notified, Seller may, at Seller's option, within sixty (60) days after such notice, secure a commitment on behalf of Purchaser on the same terms as above. . . . If Purchaser notifies Seller as aforesaid, and Seller is unable or unwilling to secure such commitment as above provided, this Agreement shall be null and void and the earnest money shall be returned to Purchaser.

Exhibit D, ¶2.

**Answer: Defendant admits to the existence of Exhibits D and that document speaks for itself. Further answering, Defendant admits to the existence of the express provision in Paragraph 8, Lines 59-60 of the Contract which states "BUYER SHALL MAKE WRITTEN LOAN APPLICATION WITHIN FIVE (5) BUSINESS DAYS AFTER ACCEPTANCE;**

FAILURE TO DO SO SHALL CONSTITUTE AN ACT OF DEFAULT UNDER THIS CONTRACT".

32.     Ewing and Gomez notified Farragut of their inability to obtain a mortgage commitment, and Farragut was unable to secure a commitment within sixty (60) days after such notice.  Ewing and Gomez requested the return of their earnest money, but Farragut refused to return it.

**Answer:  Defendant admits that Plaintiffs sent notice of their inability to obtain a loan, further answering, Plaintiffs failed to provide any proof of compliance with Paragraph 8, Lines 59-60.  Further answering, Defendant admits that the earnest money has not been returned, because it asserts a right to keep the same.**

## COUNT I
## FRAUD

33.     Ewing and Gomez incorporate by reference the allegations set forth in paragraphs 1 through 32 above, as if fully set forth herein.

**Answer:  Defendant restates and re-alleges its answers for Paragraphs 1 through 32 as though fully stated herein.**

34.     Farragut, through the various words and actions of its duly authorized agent as set forth more fully above, made statements of material fact to Ewing and Gomez.

**Answer:  Defendant denies the allegation of this paragraph.**

35.     Farragut through the various words and actions of its duly authorized agent, made such statements for the purpose of inducing Ewing and Gomez to sign the 6.1 Contract and the Modification.

**Answer:  Defendant denies the allegation of this paragraph.**

36.     Farragut knew such statements were false at the time they were made.

**Answer:  Defendant denies the allegation of this paragraph.**

37.     The statements were in fact false.

**Answer:  Defendant denies the allegation of this paragraph.**

38.     Ewing and Gomez did not know that the statements were false at the time they were made, nor should they have known that they were false at the time they were made.

**Answer:  Defendant denies the allegation of this paragraph.**

39.     In fact, Ewing and Gomez believed the statements made to them were true when they were made to each of them.

**Answer:  Defendant denies the allegation of this paragraph.**

40.     In reliance on the false statements made to Ewing and Gomez by Carrier, Ewing and Gomez acted to their detriment by signing the 6.1 Contract and the Modification.

**Answer:  Defendant denies the allegation of this paragraph.**

41.     As a result of the conduct set forth above, Ewing and Gomez are entitled to rescind the 6.1 Contract and the Modification.

**Answer:  Defendant denies the allegation of this paragraph.**

42.     Ewing and Gomez further demand restitution and return of all money paid or transferred to Farragut in reliance on their false representations.

**Answer:  Defendant denies the allegation of this paragraph.**

WHEREFORE, Defendant, 1645 W FARRAGUT, LLC, denies the Plaintiffs are entitled to the relief prayed for in Count I of their Amended Complaint and prays said Count be dismissed with costs and fees awarded to Defendant and for any further relief this Court needs necessary and just.

**COUNT II**
**MUTUAL MISTAKE**

43.     This Count is pled in the alternative pursuant to Fed.R.Civ.P. 8(d).

**Answer: Defendant admits to the existence of Fed.R.Civ.P. 8(d). and makes no further answer to paragraph.**

44.     Ewing and Gomez incorporate by reference the allegations set forth in paragraphs 1 through 32 above, as if fully set forth herein.

**Answer: Defendant restates and re-alleges its answers for Paragraphs 1 through 32 as though fully stated herein.**

45.     At the time the parties signed the 6.1 Contract and Modification, Farragut believed that it was feasible to provide the amenity of an enclosed front balcony so as to construct a façade similar to the one constructed on the Adjacent Home.

**Answer: Defendant denies the allegation of this paragraph.**

46.     At the time the parties signed the 6.1 Contract and Modification, Ewing and Gomez believed that it was feasible to enclose the front porch and construct a façade similar to the one constructed on the Adjacent Home.

**Defendant lacks sufficient knowledge as to Plaintiffs' beliefs to either admit or deny this allegation and demands strict proof thereof, in as much as an answer is required, Defendant denies the same.**

47.     The parties were mistaken in their belief that it was feasible to provide the amenity of an enclosed the front balcony so as to construct a façade similar to the one constructed on the Adjacent Home.

**Answer: Defendant denies the allegation of this paragraph.**

48.     At the time the parties signed the 6.1 Contract and Modification, they could not have known through the exercise of reasonable care that it was not feasible to provide the amenity of an enclosed the front balcony so as to construct a façade similar to the one constructed on the Adjacent Home.

**Answer:  Defendant denies the allegation of this paragraph.**

49.     The enclosure of the front balcony and construction of the façade were of such material importance that it would be inequitable to enforce the contract against Ewing and Gomez.

**Answer:  Defendant denies the allegation of this paragraph.**

WHEREFORE, Defendant, 1645 W FARRAGUT, LLC, denies the Plaintiffs are entitled to the relief prayed for in Count II of their Amended Complaint and prays said Count be dismissed with costs and fees awarded to Defendant and for any further relief this Court needs necessary and just.

**COUNT III**
**UNILATERAL MISTAKE**

50.     This Count is pled in the alternative pursuant to Fed.R.Civ.P. 8(d).

**Answer:  Defendant admits to the existence of Fed.R.Civ.P. 8(d). and makes no further answer to paragraph.**

51.     Ewing and Gomez incorporate by reference the allegations set forth in paragraphs 1 through 32 above, as if fully set forth herein.

**Answer:  Defendant restates and re-alleges its answers for Paragraphs 1 through 32 as though fully stated herein.**

52.     At the time the parties signed the 6.1 Contract and Modification, Ewing and Gomez believed that it was feasible for Farragut to provide the amenity of an enclosed front balcony similar to the one constructed on the Adjacent Home; that Farragut was capable of doing so; that

Farragut was willing to provide the amenity of an enclosed front balcony similar to the one constructed on the Adjacent Home; and that the purchase price of the Property included the cost of doing so.

**Answer: Defendant lacks sufficient knowledge as to Plaintiffs' beliefs to either admit or deny this allegation and demands strict proof thereof, in as much as an answer is required, Defendant denies the same.**

53.     Ewing and Gomez were mistaken in their belief that it was feasible for Farragut to provide the amenity of an enclosed front balcony; that Farragut was capable of doing so; that Farragut was willing to do so; and that Farragut intended to do so within the purchase price.

**Answer: Defendant lacks sufficient knowledge as to Plaintiffs' beliefs to either admit or deny this allegation and demands strict proof thereof, in as much as an answer is required, Defendant denies the same.**

54.     At the time Ewing and Gomez signed the 6.1 Contract and Modification, they could not have known through the exercise of reasonable care that it was not feasible for Farragut to provide the amenity of an enclosed front balcony; that Farragut was incapable of enclosing a front balcony similar to the one constructed on the Adjacent Home; that Farragut was unwilling to do so; or that Farragut had not included the cost of enclosing the front balcony in the purchase price.

**Answer: Defendant denies the allegation of this paragraph.**

55.     At the time Ewing and Gomez signed the 6.1 Contract and Modification, they exercised reasonable care to determine that Farragut was capable of providing an enclosed front balcony and intended to do so.  Farragut had represented that it could do the work, Farragut was intimately familiar with the property and its construction methods, and Ewing and Gomez twice

insisted that Farragut agree to, and at a minimum for no extra cost, provide all of the same features, amenities and finishes as the Adjacent Home, including the enclosed front balcony.

**Answer: Defendant denies the allegation of this paragraph.**

56.     The enclosure of the front balcony was of such material importance that it would be inequitable to enforce the contract against Ewing and Gomez.

**Answer: Defendant denies the allegation of this paragraph.**

57.     The parties may be placed in the positions they were in prior to the contract being executed by rescinding the 6.1 Contract and Modification and restoring the earnest money paid by Ewing and Gomez to them.

**Answer: Defendant denies the allegation of this paragraph.**

WHEREFORE, Defendant, 1645 W FARRAGUT, LLC, denies the Plaintiffs are entitled to the relief prayed for in Count III of their Amended Complaint and prays said Count be dismissed with costs and fees awarded to Defendant and for any further relief this Court needs necessary and just.

## COUNT IV
## CONSUMER FRAUD ACT

58.     This Count is pled in the alternative pursuant to Fed.R.Civ.P. 8(d).

**Answer:  Defendant admits to the existence of Fed.R.Civ.P. 8(d). and makes no further answer to paragraph.**

59.     Ewing and Gomez incorporate by reference the allegations set forth in paragraphs 1 through 32 above, as if fully set forth herein.

**Answer:  Defendant restates and re-alleges its answers for Paragraphs 1 through 32 as though fully stated herein.**

- 16 -

60. At all times relevant to this complaint, there was in full force and effect in the state of Illinois Section 2 of the Consumer Fraud and Deceptive business Practices Act, which provides in pertinent part:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815 ILCS 505/2.

**Answer: Defendant admits to the existence of the statute and that is speaks for itself.**

61. Farragut is engaged in the business and trade of building, remodeling, rehabilitating and selling residential property for a profit.

**Answer: Defendant denies the allegation of this paragraph.**

62. Ewing and Gomez are consumers with respect to the property, goods and services offered by Farragut.

**Answer: Defendant denies the conclusory allegation of this paragraph.**

63. Farragut committed one or more of the following unfair or deceptive acts or practices:

    a. represented that it would construct the Property with the level of finishes and amenities in place in the Adjacent Home;

    b. represented that it would not be a problem to construct the Property with an enclosed front balcony amenity similar to the one on the Adjacent Home;

    c. represented that the construction of the front balcony amenity was included in the purchase price of the Property;

    d. represented that it could not accept an offer lower than $1,175,000.00 because it had to maintain the $1,150,000.00 asking price for the Adjacent

Home, and then shortly after Ewing and Gomez offered $1,175,000.00, reduced the asking price for the Adjacent Home, materially identical to the Property except for the enclosed front balcony, to $1,099,000.00, then sold the Adjacent Home for $1,070,000.00;

e. omitted that it would not construct a façade on the Property similar to the one on the Adjacent Home, knowing that Ewing and Gomez believed Farragut would construct a similar façade;

f. omitted that it could not construct a façade on the Property similar to the one on the Adjacent Home;

g. omitted that the construction of the façade was not included in the purchase price of the Property, knowing that Ewing and Gomez believed such work was included in the purchase price;

h. represented that it had building permits when, in fact, no permits had been issued;

i. otherwise deceived and imposed upon Ewing and Gomez.

**Answer: Defendant denies the allegation of this paragraph, including all sub-paragraphs a-j.**

64.     Farragut made these unfair and deceptive representations and omissions in the course of conduct involving trade or commerce;

**Answer: Defendant denies the allegation of this paragraph.**

65.     Farragut made these unfair and deceptive representations and omissions intending that Ewing and Gomez rely upon them.

**Answer: Defendant denies the allegation of this paragraph.**

66.     Ewing and Gomez suffered or will suffer actual damage as a result of Farragut's actions in an amount in excess of $75,000.00.

**Answer: Defendant denies the allegation of this paragraph.**

WHEREFORE, Defendant, 1645 W FARRAGUT, LLC, denies the Plaintiffs are entitled to the relief prayed for in Count IV of their Amended Complaint and prays said Count be dismissed

with costs and fees awarded to Defendant and for any further relief this Court needs necessary and just.

## COUNT V
## BREACH OF CONTRACT

67. This Count is pled in the alternative pursuant to Fed.R.Civ.P. 8(d).

**Answer: Defendant admits to the existence of Fed.R.Civ.P. 8(d). and makes no further answer to paragraph.**

68. Ewing and Gomez incorporate by reference the allegations set forth in paragraphs 1 through 32 above, as if fully set forth herein.

**Answer: Defendant restates and re-alleges its answers for Paragraphs 1 through 32 as though fully stated herein.**

69. By virtue of Farragut's offer and Ewing and Gomez' acceptance, and in consideration of their mutual promises, a contact was formed and modified according to the terms set forth in the 6.1 Contract and Modification, attached to this amended complaint as Exhibits C and D respectively.

**Answer: Defendant denies the allegations of this paragraph as pled in that Plaintiffs made an offer to purchase. Answering further, the Exhibits C and D speak for themselves respectively.**

70. Ewing and Gomez performed all of the conditions and promises required to be performed by them, or in the alternative, Ewing and Gomez were excused from performance by Farragut's breach, or Farragut waived performance.

**Answer: Defendant denies the allegation of this paragraph.**

71. Farragut breached the 6.1 Contract in one or more of the following ways:

    a.    refused to construct the Property to the level of the finishes and amenities at the Adjacent Home;

b.   failed to obtain demolition and construction permits within the time specified in the 6.1 Contract and Modification;

c.   failed to substantially complete the construction by October 3, 2016;

d.   failed to return the earnest money to Ewing and Gomez after the parties were unable to obtain a mortgage within the time specified in the contract and;

e.   otherwise breached and failed to perform its obligations under the 6.1 Contract and Modification.

**Answer:   Defendant denies the allegation of this paragraph, including sub-paragraphs a-e.**

72.   As a result of Farragut's breaches as aforesaid, Ewing and Gomez have suffered and will continue to suffer damages in an amount in excess of $117,500.00.

**Answer:  Defendant denies the allegation of this paragraph.**

73.   Paragraph 28 of the 6.1 Contract provides for an award of attorney's fees to the prevailing party in litigation.  Exhibit C, ¶28.

**Answer:  Defendant admits the existence of Exhibit C and it speaks for itself.  Futher answering, Exhibit C requires that any dispute that arises between the parties should first be resolved in mediation, which Plaintiffs failed to do prior to bringing suit.**

74.   Section 2 of the Illinois Interest Act provides, in pertinent part:

Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any . . . instrument of writing . . . ."

815 ILCS 205/2.

**Answer:  Defendant admits to the existence of the statute and that is speaks for itself.**

WHEREFORE, Defendant, 1645 W FARRAGUT, LLC, denies the Plaintiffs are entitled to the relief prayed for in Count V of their Amended Complaint and prays said Count be dismissed with costs and fees awarded to Defendant and for any further relief this Court needs necessary and just.

## COUNT VI
## DECLARATORY JUDGMENT

75. This Count is pled in the alternative pursuant to Fed.R.Civ.P. 8(d).

**Answer: Defendant admits to the existence of Fed.R.Civ.P. 8(d). and makes no further answer to paragraph.**

76. Ewing and Gomez incorporate by reference the allegations set forth in paragraphs 1 through 32 and 67 through 74 above, as if fully set forth herein.

**Answer: Defendant restates and re-alleges its answers for Paragraphs 1 through 32 and 67 through 74 as though fully stated herein.**

77. At all times relevant to this complaint, there was in full force and effect in the United States of America the Declaratory Judgment Act, which provides in pertinent part:

> In cases of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the full force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201.

**Answer: Defendant admits to the existence of the statute and that is speaks for itself.**

78. There is an actual controversy between the parties regarding the interpretation of the 6.1 Contract and Modification, regarding the obligations of the parties with respect to the construction of the home, and regarding defendant's obligation to return the earnest money to plaintiffs.

**Answer: Defendant admits there is a dispute concerning performance and breach and that the parties are each asserting a claim for the earnest money. Further answering,**

the Contract and Modification includes a mediation provision, which Plaintiff have not undertaken prior to filing suit.

79.    Ewing and Gomez have demanded that defendant construct a front balcony façade at the same level of amenities as the Adjacent Home and have demanded the return of their earnest money, in accordance with the contract.

**Answer:  Defendant admits that Plaintiffs have made these demands and denies that they are entitled to the same.**

80.    Farragut has denied that it is required to construct a front balcony at the same level of amenities as the Adjacent Home, has refused and/or is unable to construct the Property with the level of amenities at the Adjacent Home, and has failed and refused to return plaintiffs' earnest money, in violation of the contract.

**Answer:  Defendant admits the allegation of this paragraph.**

81.    A declaration by the Court construing the contract and modification and a declaration of the rights and duties of the parties with respect thereto would terminate all or a substantial part of the controversy.

**Answer:  Defendant admits the allegation of this paragraph.**

WHEREFORE, Defendant, 1645 W FARRAGUT, LLC, denies the Plaintiffs are entitled to the relief prayed for in Count VI of their Amended Complaint and prays that this Court enterer judgment in favor of Defendant and against Plaintiffs with regard to the same and award the earnest money with costs and fees to Defendant and for any further relief this Court needs necessary and just.

Respectfully submitted

1645 W FARRAGUT, LLC


By: __/S/ James R. Sethna_____
             One of their attorneys

James R. Sethna
Daniel G. Lauer & Associates, P.C.
1424 W. Division St.
Chicago, IL 60622
(773) 862-7200
Atty. No. 6275891
james@dglpc.com

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| RANDALL EWING and | ) | |
| YASMANY GOMEZ | ) | |
| | ) | **CASE NO. 16-CV-9930** |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **District Judge Sharon Johnson Coleman** |
| | ) | |
| 1645 W FARRAGUT, LLC , | ) | **Magistrate Judge Jeffrey T. Gilbert** |
| | ) | |
| Defendant. | ) | |
| ----------------------------------------------------- | ) | |
| 1645 W FARRAGUT, LLC | ) | |
| | ) | |
| Counter Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RANDALL EWING and | ) | |
| YASMANY GOMEZ | ) | |
| | ) | |
| Counter Defendants. | ) | |

### COUNTER CLAIM COMPLAINT

Counter Plaintiff, 1646 W FARRAGUT, LLC, by and through their attorneys, James R. Sethna of Daniel G. Lauer & Associates, P.C., for its Counter Claim Complaint against Counter Defendants Randall Ewing and Yasmany Gomez, states as follows:

### BREACH OF CONTRACT

1.     Counter Plaintiff 1645 W Farragut, LLC ("Farragut") is a limited liability company and a citizen of Illinois, organized under the laws of the state of Illinois, with its principal place of business in Chicago, Cook County, Illinois.

2.     Counter Defendant Randall Ewing ("Ewing") is a natural person who alleges he is a citizen of the state of Florida.

- 24 -

3.     Counter Defendant Yasmany Gomez ("Gomez") is a natural person who alleges he is a citizen of the state of Florida.

4.     The amount in controversy in this action equals or exceeds $117,500.00 exclusive of interest and costs.

5.     The events giving rise to Counter Plaintiff's claims occurred in whole or substantial part in Chicago, Illinois, and the property that is the subject of this action is located in Chicago, Illinois, which lies entirely within the Northern District of Illinois.

6.     Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the Northern District of Illinois.

7.     Farragut is the owner of and holds title to real property ("Property") commonly known as 1645 West Farragut Avenue, Chicago, Cook County, Illinois 60640 and legally described as follows:

> LOT 53 IN KEMPER K. KNAPP'S SUBDIVISION OF THE NORTH HALF OF BLOCKS 36 AND 37 (EXCEPT THE EAST 13 FEET OF SAID BLOCK 37), IN MOUNT PLEASANT, A SUBDIVISION OF THE SOUTH HALF OF THE SOUTHEAST QUARTER OF THE NORTHEAST QUARTER OF SECTION 7, TOWNSHIP 40 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY ILLINOIS.

8.     Farragut undertook to rehab the Property to market and sell the same.

9.     Farragut listed the property for sale to the general public by way of listing it on the Multiple State Listing (MLS) in spring 2016.

10.     Ewing and Gomez contacted Farragut to arrange a viewing of the Property in March 2016.

11.     Ewing and Gomez, requested and did receive a copy of the plans for the rehab project in March 2016 while they were considering making an offer.

12.    Ewing and Gomez made a written offer to purchase the Property on April 17, 2016 which was accepted by Farragut for agreed price of $1,175,000.00 ("Contract"). (A true and accurate copy of the Contract is attached hereto as Exhibit 1).

13.    On May 2, 2016, the Contract of the April 17, 2016 was modified by agreement ("Modification"). (A true and accurate copy of the Modification is attached as Exhibit 2).

14.    By virtue of Ewing and Gomez' Farragut's offer and Farragut's acceptance, and in consideration of their mutual promises, a contact was formed and modified according to the terms set forth in the Contract and Modification, attached to this counter claim complaint as Exhibits 1 and 2 respectively.

15.    The Modification states on its face that any subject that is not specifically and expressly addressed herein the parties shall refer to the applicable provision in the Contract.

16.    Pursuant to the express terms of the Contract, Paragraph 8, Lines 59-60, Ewing and Gomez were required to make a written loan application within five (5) business days after the date of acceptance [April 17, 2016]; **failure to do so shall constitute an act of Default under this Contract**. (See Exhibit 1)

17.    The Modification does not specifically and expressly address Lines 59-60 of the Contract.

18.    Pursuant to the express terms of the Contract, Paragraph 8, Lines 74-75, **a party causing delay in the loan approval process shall not have the right to terminate under the either of the proceeding paragraphs [mortgage contingency].** (See Exhibit 1)

19.    The Modification does not specifically and expressly address Lines 74-75 of the Contract.

20.     Farragut  performed all of the conditions and promises required to be performed by it or in the alternative, Farragut was excused from performance by Ewing and Gomez' breach.

21.     Ewing and Gomez, by act or failure to act breached the Contract and Modification as follows:

      a.     failed to make written application for loan within five (5) business days of acceptance;

      b.     failed to act in good faith to seek financing for the purchase of the Property;

      c.     failed to act in good faith and cooperate with Seller to obtain financing for the purchase of the Property;

      d.     attempted to terminate the Contract in bad faith under the mortgage contingency; and

      e.     otherwise breached and failed to perform its obligations under the Contract and Modification.

22.     As a result of Ewing and Gomez' breaches as aforesaid, Farragut has suffered and will continue to suffer monetary damages in an amount in excess of $117,500.00.

23.     Pursuant to Paragraph 9 of the Modification, if Purchaser [Ewing and Gomez] materially defaults on any of the terms and conditions contained in this Purchase and Sale Agreement, then all payments made by Purchaser shall be retained by Seller as liquidated damages, and not as a penalty.  (See Exhibit 2).

24.     Paragraph 28 of the 6.1 Contract provides for an award of attorney's fees to the prevailing party in litigation.  (See Exhibit 1).

WHEREFORE, Counter Plaintiff, 1645 W FARRAGUT, LLC, requests judgment in its favor and against Counter Defendants Randall Ewing and Yasmany Gomez in the amount of One Hundred Seventeen Thousand Five Hundred Dollars ($117,500.00), plus costs and fees associated with this action, and for such other and further relief that this Court deems just, equitable and proper.

Respectfully submitted

1645 W FARRAGUT, LLC

By: __/S/ James R. Sethna_____
           One of their attorneys

James R. Sethna
Daniel G. Lauer & Associates, P.C.
1424 W. Division St.
Chicago, IL 60622
(773) 862-7200
Atty. No. 6275891
james@dglpc.com