DocuSign Envelope ID: 7956DB8E-B213-4A73-BF57-C1499B7471EE

# MULTI-BOARD RESIDENTIAL REAL ESTATE CONTRACT 6.1



1. **THE PARTIES:** Buyer and Seller are hereinafter referred to as the "Parties".
2. Buyer Name(s) *[please print]* Randall Ewing     Yasmany Gomez
3. Seller Name(s) *[please print]* 1645 W Farragut, LLC
4. **If Dual Agency Applies, Complete Optional Paragraph 31.**

5. **2. THE REAL ESTATE:** Real Estate shall be defined as the property, all improvements, the fixtures and Personal
6. Property included therein. Seller agrees to convey to Buyer or to Buyer's designated grantee, the Real Estate
7. with approximate lot size or acreage of __29X125__ commonly known as:
8. __1645 W Farragut Ave, Chicago, Illinois 60640__
9. Address                           City                          State                   Zip
10. __COOK__                                                      __14072300040000__
11. County                    Unit # (If applicable)        Permanent Index Number(s) of Real Estate
12. **If Condo/Coop/Townhome Parking is Included:** # of spaces(s) ____; identified as Space(s) # ____;
13. *[check type]* ☐ deeded space, PIN: _____ ☐ limited common element ☐ assigned space.

14. **3. PURCHASE PRICE:** The Purchase Price shall be $ __1,175,000__. After the payment of
15. Earnest Money as provided below, the balance of the Purchase Price, as adjusted by prorations, shall be paid at
16. Closing in "Good Funds" as defined by law.

17. **4. EARNEST MONEY:** Earnest Money shall be held in trust for the mutual benefit of the Parties by *[check one]*:
18. ☒ Seller's Brokerage; ☐ Buyer's Brokerage; ☐ As otherwise agreed by the Parties, as "Escrowee".
19. Initial Earnest Money of $ __5000__ shall be tendered to Escrowee on or before __2 buis__ day(s) after Date
20. of Acceptance. Additional Earnest Money of $ __35000__ shall be tendered by __2 buis days after A/I__ 20 ____.

21. **5. FIXTURES AND PERSONAL PROPERTY AT NO ADDITIONAL COST:** All of the fixtures and included Personal
22. Property are owned by Seller and to Seller's knowledge are in operating condition on the Date of Acceptance,
23. unless otherwise stated herein. Seller agrees to transfer to Buyer all fixtures, all heating, electrical, plumbing,
24. and well systems together with the following items of Personal Property at no additional cost by Bill of Sale at
25. Closing *[Check or enumerate applicable items]*:

26. | | | | |
|---|---|---|---|
| ☒ Refrigerator | ☒ Central Air Conditioning | ☒ Central Humidifier | ☒ Light Fixtures, ~~as they exist~~ *u* |
| ☒ Oven/Range/Stove | ☐ Window Air Conditioner(s) | ☐ Water Softener (owned) | ☒ Built-in or attached shelving |
| ☒ Microwave | ☒ ~~Ceiling Fan(s)~~ *u* | ☒ Sump Pump(s) | ☒ All Window Treatments & Hardware |
| ☒ Dishwasher | ☐ Intercom System | ☐ Electronic or Media Air Filter(s) | ☒ Existing Storms and Screens |
| ☒ Garbage Disposal | ☐ Backup Generator System | ☐ Central Vac & Equipment | ☒ Fireplace Screens/Doors/Grates |
| ☐ Trash Compactor | ☐ Satellite Dish | ☐ Security System(s) (owned) | ☒ Fireplace Gas Log(s) |
| ☒ Washer | ☐ Outdoor Shed | ☒ Garage Door Opener(s) | ☐ Invisible Fence System, Collar & Box |
| ☒ Dryer | ☒ Planted Vegetation | x with all Transmitters | x Smoke Detectors |
| ☐ Attached Gas Grill | ☐ Outdoor Play Set(s) | ☒ All Tacked Down Carpeting | ☒ Carbon Monoxide Detectors |

35. **Other Items Included at No Additional Cost:** _____
36. _____
37. **Items Not Included:** _____
38. _____
39. Seller warrants to Buyer that all fixtures, systems and Personal Property included in this Contract shall be in
40. operating condition at Possession except: _____
41. A system or item shall be deemed to be in operating condition if it performs the function for which it is
42. intended, regardless of age, and does not constitute a threat to health or safety.
43. **If Home Warranty will be provided, complete Optional Paragraph 34.**

Buyer Initial __RPE__ Buyer Initial __YG__     Seller Initial __✓__ Seller Initial ____
Address: 1645 W Farragut Ave, Chicago, Illinois 60640                                    v6.1
Page 1 of 13

6. **CLOSING:** Closing shall be on **october 3**, 20 **16** or at such time as mutually agreed by the Parties in writing. Closing shall take place at the escrow office of the title company (or its issuing agent) that will issue the Owner's Policy of Title Insurance, situated nearest the Real Estate or as shall be agreed mutually by the Parties.

7. **POSSESSION:** Unless otherwise provided in Paragraph 40, Seller shall deliver possession to Buyer at Closing. Possession shall be deemed to have been delivered when Seller has vacated the Real Estate and delivered keys to the Real Estate to Buyer or to the office of the Seller's Brokerage.

8. **MORTGAGE CONTINGENCY:** If this transaction is NOT CONTINGENT ON FINANCING, Optional Paragraph 36 a) OR Paragraph 36 b) MUST BE USED. If any portion of Paragraph 36 is used, the provisions of this Paragraph 8 are NOT APPLICABLE. This Contract is contingent upon Buyer obtaining a *[check one]* [X] fixed; [ ] adjustable; *[check one]* [X] conventional; [ ] FHA/VA (if FHA/VA is chosen, complete Paragraph 37); [X] other **JUMBO** loan for **80** % of the Purchase Price, plus private mortgage insurance (PMI), if required, with an interest rate (initial rate if an adjustable rate mortgage used) not to exceed **4.5** % per annum, amortized over not less than **30** years. Buyer shall pay loan origination fee and/or discount points not to exceed **0** % of the loan amount. Buyer shall pay usual and customary processing fees and closing costs charged by lender. (Complete Paragraph 35 if closing cost credits apply).

Buyer shall make written loan application within five (5) Business Days after the Date of Acceptance; **failure to do so shall constitute an act of Default under this Contract.** *[Complete both a) and b)]*:

a) Not later than **August 15**, 20 **15**, (if no date is inserted, the date shall be twenty-one (21) days after the Date of Acceptance) Buyer shall provide written evidence from Buyer's licensed lending institution confirming that Buyer has provided to such lending institution an "Intent to Proceed" as that term is defined in the rules of the Consumer Financial Protection Bureau and has paid all lender application and appraisal fees. If Buyer is unable to provide such written evidence, Seller shall have the option of declaring this Contract terminated by giving Notice to the other Party not later than two (2) Business Days after the date specified herein or any extension date agreed to by the Parties in writing.

b) Not later than **September 15**, 20 **15**, (if no date is inserted, the date shall be sixty (60) days after the Date of Acceptance) Buyer shall provide written evidence from Buyer's licensed lending institution confirming that Buyer has received a written mortgage commitment for the loan referred to above. If Buyer is unable to provide such written evidence either Buyer or Seller shall have the option of declaring this Contract terminated by giving Notice to the other Party not later than two (2) Business Days after the date specified herein or any extension date agreed to by the Parties in writing.

**A Party causing delay in the loan approval process shall not have the right to terminate under either of the preceding paragraphs. In the event neither Party elects to declare this Contract terminated as of the latter of the dates specified above (as may be amended from time to time), then this Contract shall continue in full force and effect without any loan contingencies.**

**Unless otherwise provided in Paragraph 32, this Contract shall not be contingent upon the sale and/or closing of Buyer's existing real estate.** Buyer shall be deemed to have satisfied the financing conditions of this paragraph if Buyer obtains a loan commitment in accordance with the terms of this paragraph even though the loan is conditioned on the sale and/or closing of Buyer's existing real estate.

9. **STATUTORY DISCLOSURES:** If applicable, prior to signing this Contract, Buyer:
*[check one]* [ ] has [X] has not received a completed Illinois Residential Real Property Disclosure;
*[check one]* [X] has [ ] has not received the EPA Pamphlet, "Protect Your Family From Lead In Your Home";
*[check one]* [ ] has [X] has not received a Lead-Based Paint Disclosure;
*[check one]* [X] has [ ] has not received the IEMA, "Radon Testing Guidelines for Real Estate Transactions";

Buyer Initial **RPE** Buyer Initial **UG** Seller Initial _____ Seller Initial _____
Address: 1645 W Farragut Ave, Chicago, Illinois 60640                                                v6.1

87  *[check one]* ☐ has ☒ has not received the Disclosure of Information on Radon Hazards.

88  **10. PRORATIONS:** Proratable items shall include without limitation, rents and deposits (if any) from tenants;
89  Special Service Area or Special Assessment Area tax for the year of Closing only; utilities, water and sewer; and
90  Homeowner or Condominium Association fees (and Master/Umbrella Association fees, if applicable).
91  Accumulated reserves of a Homeowner/Condominium Association(s) are not a proratable item. Seller
92  represents that as of the Date of Acceptance Homeowner/Condominium Association(s) fees are $ _____
93  per _____ (and, if applicable Master/Umbrella Association fees are $ _____ per _____).
94  Seller agrees to pay prior to or at Closing any special assessments (by any association or governmental entity)
95  confirmed prior to the Date of Acceptance. Special Assessment Area or Special Service Area installments due
96  after the year of Closing shall not be proratable items and shall be paid by Buyer. The general Real Estate taxes
97  shall be prorated as of the date of Closing based on __115__ % of the most recent ascertainable full year tax bill. All
98  prorations shall be final as of Closing, except as provided in Paragraph 22. If the amount of the most recent
99  ascertainable full year tax bill reflects a homeowner, senior citizen or other exemption, a senior freeze or senior
100 deferral, then Seller has submitted or will submit in a timely manner all necessary documentation to the
101 appropriate governmental entity, before or after Closing, to preserve said exemption(s). The requirements of
102 this Paragraph shall survive the Closing.

103 **11. ATTORNEY REVIEW:** Within five (5) Business Days after Date of Acceptance, the attorneys for the respective
104 Parties, by Notice, may:
105 a) Approve this Contract; or
106 b) Disapprove this Contract, which disapproval shall not be based solely upon the Purchase Price; or
107 c) Propose modifications except for the Purchase Price. If within ten (10) Business Days after the Date of
108    Acceptance written agreement is not reached by the Parties with respect to resolution of the proposed
109    modifications, then either Party may terminate this Contract by serving Notice, whereupon this Contract
110    shall be null and void; or
111 d) Propose suggested changes to this Contract. If such suggestions are not agreed upon, neither Party may
112    declare this Contract null and void and this Contract shall remain in full force and effect.
113 **Unless otherwise specified, all Notices shall be deemed made pursuant to Paragraph 11 c). If Notice is not**
114 **served within the time specified herein, the provisions of this paragraph shall be deemed waived by the**
115 **Parties and this Contract shall remain in full force and effect.**

116 **12. PROFESSIONAL INSPECTIONS AND INSPECTION NOTICES:** Buyer may conduct at Buyer's expense (unless
117 otherwise provided by governmental regulations) any or all of the following inspections of the Real Estate by
118 one or more licensed or certified inspection services: home, radon, environmental, lead-based paint, lead-based
119 paint hazards or wood-destroying insect infestation.
120 a) Buyer agrees that minor repairs and routine maintenance items of the Real Estate do not constitute defects
121    and are not a part of this contingency. **The fact that a functioning major component may be at the end of**
122    **its useful life shall not render such component defective for purposes of this paragraph.** Buyer shall
123    indemnify Seller and hold Seller harmless from and against any loss or damage caused by the acts of
124    negligence of Buyer or any person performing any inspection. The home inspection shall cover only the
125    major components of the Real Estate, including but not limited to central heating system(s), central cooling
126    system(s), plumbing and well system, electrical system, roof, walls, windows, doors, ceilings, floors,
127    appliances and foundation. A major component shall be deemed to be in operating condition if it performs
128    the function for which it is intended, regardless of age, and does not constitute a threat to health or safety. If
129    radon mitigation is performed, Seller shall pay for any retest.

Buyer Initial __RPE__ Buyer Initial __UG__                Seller Initial __EL__ Seller Initial _____
Address: 1645 W Farragut Ave, Chicago, Illinois 60640                                         v6.1

130    b) Buyer shall serve Notice upon Seller or Seller's attorney of any defects disclosed by any inspection for which
131       Buyer requests resolution by Seller, together with a copy of the pertinent pages of the inspection reports
132       within five (5) Business Days (ten (10) calendar days for a lead-based paint or lead-based paint hazard
133       inspection) after the Date of Acceptance. If within ten (10) Business Days after the Date of Acceptance
134       written agreement is not reached by the Parties with respect to resolution of all inspection issues, then either
135       Party may terminate this Contract by serving Notice to the other Party, whereupon this Contract shall be
136       null and void.
137    c) Notwithstanding anything to the contrary set forth above in this paragraph, in the event the inspection
138       reveals that the condition of the Real Estate is unacceptable to Buyer and Buyer serves Notice to Seller
139       within five (5) Business Days after the Date of Acceptance, this Contract shall be null and void. Said Notice
140       shall not include any portion of the inspection reports unless requested by Seller.
141    **d) Failure of Buyer to conduct said inspection(s) and notify Seller within the time specified operates as a**
142       **waiver of Buyer's rights to terminate this Contract under this Paragraph 12 and this Contract shall remain**
143       **in full force and effect.**

144 **13. HOMEOWNER INSURANCE:** This Contract is contingent upon Buyer obtaining evidence of insurability for an
145 Insurance Service Organization HO-3 or equivalent policy at standard premium rates within ten (10) Business
146 Days after the Date of Acceptance. **If Buyer is unable to obtain evidence of insurability and serves Notice**
147 **with proof of same to Seller within time specified, this Contract shall be null and void. If Notice is not**
148 **served within the time specified, Buyer shall be deemed to have waived this contingency and this Contract**
149 **shall remain in full force and effect.**

150 **14. FLOOD INSURANCE:** Buyer shall have the option to declare this Contract null and void if the Real Estate is
151 located in a special flood hazard area. **If Notice of the option to declare contract null and void is not given to**
152 **Seller within ten (10) Business Days after the Date of Acceptance or by the time specified in Paragraph 8 b),**
153 **whichever is later, Buyer shall be deemed to have waived such option and this Contract shall remain in full**
154 **force and effect.** Nothing herein shall be deemed to affect any rights afforded by the Residential Real Property
155 Disclosure Act.

156 **15. CONDOMINIUM/COMMON INTEREST ASSOCIATIONS:** (If applicable) The Parties agree that the terms
157 contained in this paragraph, which may be contrary to other terms of this Contract, shall supersede any
158 conflicting terms.
159    a) Title when conveyed shall be good and merchantable, subject to terms, provisions, covenants and conditions
160       of the Declaration of Condominium/Covenants, Conditions and Restrictions ("Declaration/CCRs") and all
161       amendments; public and utility easements including any easements established by or implied from the
162       Declaration/CCRs or amendments thereto; party wall rights and agreements; limitations and conditions
163       imposed by the Condominium Property Act; installments due after the date of Closing of general
164       assessments established pursuant to the Declaration/CCRs.
165    b) Seller shall be responsible for payment of all regular assessments due and levied prior to Closing and for all
166       special assessments confirmed prior to the Date of Acceptance.
167    c) Seller shall notify Buyer of any proposed special assessment or increase in any regular assessment between
168       the Date of Acceptance and Closing. The Parties shall have three (3) Business Days to reach agreement
169       relative to payment thereof. Absent such agreement either Party may declare the Contract null and void.
170    d) Seller shall, within five (5) Business Days from the Date of Acceptance, apply for those items of disclosure
171       upon sale as described in the Illinois Condominium Property Act, and provide same in a timely manner, but
172       no later than the time period provided for by law. This Contract is subject to the condition that Seller be able

Buyer Initial **RPE** Buyer Initial **UG**      Seller Initial _____ Seller Initial _____
Address: 1645 W Farragut Ave , Chicago, Illinois 60640      v6.1

to procure and provide to Buyer a release or waiver of any right of first refusal or other pre-emptive rights to purchase created by the Declaration/CCRs. In the event the Condominium Association requires the personal appearance of Buyer or additional documentation, Buyer agrees to comply with same.

e) In the event the documents and information provided by Seller to Buyer disclose that the existing improvements are in violation of existing rules, regulations or other restrictions or that the terms and conditions contained within the documents would unreasonably restrict Buyer's use of the premises or would result in financial obligations unacceptable to Buyer in connection with owning the Real Estate, then Buyer may declare this Contract null and void by giving Seller Notice within five (5) Business Days after the receipt of the documents and information required by this Paragraph, listing those deficiencies which are unacceptable to Buyer. If Notice is not served within the time specified, Buyer shall be deemed to have waived this contingency, and this Contract shall remain in full force and effect.

f) Seller shall not be obligated to provide a condominium survey.

g) Seller shall provide a certificate of insurance showing Buyer and Buyer's mortgagee, if any, as an insured.

**16. THE DEED:** Seller shall convey or cause to be conveyed to Buyer or Buyer's Designated grantee good and merchantable title to the Real Estate by recordable Warranty Deed, with release of homestead rights, (or the appropriate deed if title is in trust or in an estate), and with real estate transfer stamps to be paid by Seller (unless otherwise designated by local ordinance). Title when conveyed will be good and merchantable, subject only to: covenants, conditions and restrictions of record and building lines and easements, if any, provided they do not interfere with the current use and enjoyment of the Real Estate; and general real estate taxes not due and payable at the time of Closing.

**17. MUNICIPAL ORDINANCE, TRANSFER TAX, AND GOVERNMENTAL COMPLIANCE:**

a) The Parties are cautioned that the Real Estate may be situated in a municipality that has adopted a pre-closing inspection requirement, municipal Transfer Tax or other similar ordinances. Transfer taxes required by municipal ordinance shall be paid by the Party designated in such ordinance.

b) The Parties agree to comply with the reporting requirements of the applicable sections of the Internal Revenue Code and the Real Estate Settlement Procedures Act of 1974, as amended.

**18. TITLE:** At Seller's expense, Seller will deliver or cause to be delivered to Buyer or Buyer's attorney within customary time limitations and sufficiently in advance of Closing, as evidence of title in Seller or Grantor, a title commitment for an ALTA title insurance policy in the amount of the Purchase Price with extended coverage by a title company licensed to operate in the State of Illinois, issued on or subsequent to the Date of Acceptance, subject only to items listed in Paragraph 16. The requirement to provide extended coverage shall not apply if the Real Estate is vacant land. The commitment for title insurance furnished by Seller will be presumptive evidence of good and merchantable title as therein shown, subject only to the exceptions therein stated. **If the title commitment discloses any unpermitted exceptions or if the Plat of Survey shows any encroachments or other survey matters that are not acceptable to Buyer, then Seller shall have said exceptions, survey matters or encroachments removed, or have the title insurer commit to either insure against loss or damage that may result from such exceptions or survey matters or insure against any court-ordered removal of the encroachments.** If Seller fails to have such exceptions waived or insured over prior to Closing, Buyer may elect to take title as it then is with the right to deduct from the Purchase Price prior encumbrances of a definite or ascertainable amount. Seller shall furnish Buyer at Closing an Affidavit of Title covering the date of Closing, and shall sign any other customary forms required for issuance of an ALTA Insurance Policy.

**19. PLAT OF SURVEY:** Not less than one (1) Business Day prior to Closing, except where the Real Estate is a condominium (see Paragraph 15) Seller shall, at Seller's expense, furnish to Buyer or Buyer's attorney a Plat of

Buyer Initial  RPE  Buyer Initial  UG  Seller Initial _____ Seller Initial _____
Address: 1645 W Farragut Ave , Chicago, Illinois 60640                                    v6.1
Page 5 of 13

216 Survey that conforms to the current Minimum Standard of Practice for boundary surveys, is dated not more
217 than six (6) months prior to the date of Closing, and is prepared by a professional land surveyor licensed to
218 practice land surveying under the laws of the State of Illinois. The Plat of Survey shall show visible evidence of
219 improvements, rights of way, easements, use and measurements of all parcel lines. The land surveyor shall set
220 monuments or witness corners at all accessible corners of the land. All such corners shall also be visibly staked
221 or flagged. The Plat of Survey shall include the following statement placed near the professional land surveyor's
222 seal and signature: "This professional service conforms to the current Illinois Minimum Standards for a
223 boundary survey." A Mortgage Inspection, as defined, is not a boundary survey and is not acceptable.

224 **20. DAMAGE TO REAL ESTATE OR CONDEMNATION PRIOR TO CLOSING:** If prior to delivery of the deed the
225 Real Estate shall be destroyed or materially damaged by fire or other casualty, or the Real Estate is taken by
226 condemnation, then Buyer shall have the option of either terminating this Contract (and receiving a refund of
227 earnest money) or accepting the Real Estate as damaged or destroyed, together with the proceeds of the
228 condemnation award or any insurance payable as a result of the destruction or damage, which gross proceeds
229 Seller agrees to assign to Buyer and deliver to Buyer at Closing. Seller shall not be obligated to repair or replace
230 damaged improvements. The provisions of the Uniform Vendor and Purchaser Risk Act of the State of Illinois
231 shall be applicable to this Contract, except as modified by this paragraph.

232 **21. CONDITION OF REAL ESTATE AND INSPECTION:** Seller agrees to leave the Real Estate in broom clean
233 condition. All refuse and personal property that is not to be conveyed to Buyer shall be removed from the Real
234 Estate at Seller's expense prior to delivery of Possession. Buyer shall have the right to inspect the Real Estate,
235 fixtures and included Personal Property prior to Possession to verify that the Real Estate, improvements and
236 included Personal Property are in substantially the same condition as of the Date of Acceptance, normal wear
237 and tear excepted.

238 **22. REAL ESTATE TAX ESCROW:** In the event the Real Estate is improved, but has not been previously taxed for
239 the entire year as currently improved, the sum of three percent (3%) of the Purchase Price shall be deposited in
240 escrow with the title company with the cost of the escrow to be divided equally by Buyer and Seller and paid at
241 Closing. When the exact amount of the taxes to be prorated under this Contract can be ascertained, the taxes
242 shall be prorated by Seller's attorney at the request of either Party and Seller's share of such tax liability after
243 proration shall be paid to Buyer from the escrow funds and the balance, if any, shall be paid to Seller. If Seller's
244 obligation after such proration exceeds the amount of the escrow funds, Seller agrees to pay such excess
245 promptly upon demand.

246 **23. SELLER REPRESENTATIONS:** Seller's representations contained in this paragraph shall survive the Closing.
247 Seller represents that with respect to the Real Estate Seller has no knowledge of nor has Seller received any
248 written notice from any association or governmental entity regarding:
249 a) zoning, building, fire or health code violations that have not been corrected;
250 b) any pending rezoning;
251 c) boundary line disputes;
252 d) any pending condemnation or Eminent Domain proceeding;
253 e) easements or claims of easements not shown on the public records;
254 f) any hazardous waste on the Real Estate;
255 g) any improvements to the Real Estate for which the required initial and final permits were not obtained;
256 h) any improvements to the Real Estate which are not included in full in the determination of the most recent tax assessment; or
257 i) any improvements to the Real Estate which are eligible for the home improvement tax exemption.
258 Seller further represents that:

Buyer Initial __RPE__ Buyer Initial __UG__ Seller Initial __/__ Seller Initial _____
Address: 1645 W Farragut Ave , Chicago, Illinois 60640                          v6.1

*Page 6 of 13*

259 [Initials] RPE/G  GL  There [check one] ☐ is ☒ is not a pending or unconfirmed special assessment
260 affecting the Real Estate by any association or governmental entity payable by Buyer after the date of Closing.
261 RPE/G  GL  The Real Estate [check one] ☐ is ☒ is not located within a Special Assessment Area or
262 Special Service Area, payments for which will not be the obligation of Seller after the year in which the Closing occurs.
263 All Seller representations shall be deemed re-made as of Closing. If prior to Closing Seller becomes aware of
264 matters that require modification of the representations previously made in this Paragraph 23, Seller shall
265 promptly notify Buyer. If the matters specified in such Notice are not resolved prior to Closing, Buyer may
266 terminate this Contract by Notice to Seller and this Contract shall be null and void.

267 **24. BUSINESS DAYS/HOURS:** Business Days are defined as Monday through Friday, excluding Federal
268 holidays. Business Hours are defined as 8:00 A.M. to 6:00 P.M. Chicago time.

269 **25. FACSIMILE OR DIGITAL SIGNATURES:** Facsimile or digital signatures shall be sufficient for purposes of
270 executing, negotiating, and finalizing this Contract, and delivery thereof by one of the following methods shall
271 be deemed delivery of this Contract containing original signature(s). An acceptable facsimile signature may be
272 produced by scanning an original, hand-signed document and transmitting same by facsimile. An acceptable
273 digital signature may be produced by use of a qualified, established electronic security procedure mutually
274 agreed upon by the Parties. Transmissions of a digitally signed copy hereof shall be by an established, mutually
275 acceptable electronic method, such as creating a PDF ("Portable Document Format") document incorporating
276 the digital signature and sending same by electronic mail.

277 **26. DIRECTION TO ESCROWEE:** In every instance where this Contract shall be deemed null and void or if this
278 Contract may be terminated by either Party, the following shall be deemed incorporated: "and Earnest Money
279 refunded upon the joint written direction by the Parties to Escrowee or upon an entry of an order by a court of
280 competent jurisdiction."
281 In the event either Party has declared the Contract null and void or the transaction has failed to close as
282 provided for in this Contract and if Escrowee has not received joint written direction by the Parties or such court
283 order, the Escrowee may elect to proceed as follows:
284 a) Escrowee shall give written Notice to the Parties as provided for in this Contract at least fourteen (14) days
285    prior to the date of intended disbursement of Earnest Money indicating the manner in which Escrowee
286    intends to disburse in the absence of any written objection. If no written objection is received by the date
287    indicated in the Notice then Escrowee shall distribute the Earnest Money as indicated in the written Notice
288    to the Parties. **If any Party objects in writing** to the intended disbursement of Earnest Money then Earnest
289    Money shall be held until receipt of joint written direction from all Parties or until receipt of an order of a
290    court of competent jurisdiction.
291 b) Escrowee may file a Suit for Interpleader and deposit any funds held into the Court for distribution after
292    resolution of the dispute between Seller and Buyer by the Court. Escrowee may retain from the funds
293    deposited with the Court the amount necessary to reimburse Escrowee for court costs and reasonable
294    attorney's fees incurred due to the filing of the Interpleader. If the amount held in escrow is inadequate to
295    reimburse Escrowee for the costs and attorney's fees, Buyer and Seller shall jointly and severally indemnify
296    Escrowee for additional costs and fees incurred in filing the Interpleader action.

297 **27. NOTICE:** Except as provided in Paragraph 32 c) 2) regarding the manner of service for "kick-out" Notices, all
298 Notices shall be in writing and shall be served by one Party or attorney to the other Party or attorney. Notice to
299 any one of the multiple person Party shall be sufficient Notice to all. Notice shall be given in the following manner:
300 a) By personal delivery; or

Buyer Initial  RPE  Buyer Initial  UG    Seller Initial  VL  Seller Initial _____
Address: 1645 W Farragut Ave., Chicago, Illinois 60640
Page 7 of 13                                                                                          v6.1

301  b) By mailing to the addresses recited herein by regular mail and by certified mail, return receipt requested. Except
302  as otherwise provided herein, Notice served by certified mail shall be effective on the date of mailing; or
303  c) By facsimile transmission. Notice shall be effective as of date and time of the transmission, provided that the
304  Notice transmitted shall be sent on Business Days during Business Hours. In the event Notice is transmitted
305  during non-business hours, the effective date and time of Notice is the first hour of the next Business Day after
306  transmission; or
307  d) By e-mail transmission if an e-mail address has been furnished by the recipient Party or the recipient Party's
308  attorney to the sending Party or is shown in this Contract. Notice shall be effective as of date and time of e-mail
309  transmission, provided that, in the event e-mail Notice is transmitted during non-business hours, the effective
310  date and time of Notice is the first hour of the next Business Day after transmission. An attorney or Party may
311  opt out of future e-mail Notice by any form of Notice provided by this Contract; or
312  e) By commercial overnight delivery (e.g., FedEx). Such Notice shall be effective on the next Business Day
313  following deposit with the overnight delivery company.

314  **28. PERFORMANCE: Time is of the essence of this Contract.** In any action with respect to this Contract, the Parties
315  are free to pursue any legal remedies at law or in equity and the prevailing party in litigation shall be entitled to
316  collect reasonable attorney fees and costs from the non-prevailing party as ordered by a court of competent jurisdiction.

317  **29. CHOICE OF LAW AND GOOD FAITH:** All terms and provisions of this Contract including but not limited to the
318  Attorney Review and Professional Inspection paragraphs shall be governed by the laws of the State of Illinois and
319  are subject to the covenant of good faith and fair dealing implied in all Illinois contracts.

320  **30. OTHER PROVISIONS:** This Contract is also subject to those OPTIONAL PROVISIONS initialed by the Parties
321  and the following additional attachments, if any: The house will be finished and construction budgets set according
322  to the level of finishes and amenities at 1651 W. Farragut. It is understood that Buyer can make changes to
323  construction plans. Changes will be charged at cost (net of any savings for work not performed or materials not used) plus 10%.   **OPTIONAL PROVISIONS (Applicable ONLY if initialed by all Parties)**

324  [Initials] ____ ____ ____ ____ **31. CONFIRMATION OF DUAL AGENCY:** The Parties confirm that they have previously
325  consented to _____ (Licensee) acting as a Dual Agent in providing
326  brokerage services on their behalf and specifically consent to Licensee acting as a Dual Agent with regard to the
327  transaction referred to in this Contract.

328  ____ ____ ____ ____ **32. SALE OF BUYER'S REAL ESTATE:**
329  a) **REPRESENTATIONS ABOUT BUYER'S REAL ESTATE:** Buyer represents to Seller as follows:
330  1) Buyer owns real estate (hereinafter referred to as "Buyer's real estate") with the address of:
331  _____
332  Address                                City                    State              Zip
333  2) Buyer [check one] ☐ has ☐ has not entered into a contract to sell Buyer's real estate.
334      If Buyer has entered into a contract to sell Buyer's real estate, that contract:
335      a) [check one] ☐ is ☐ is not subject to a mortgage contingency.
336      b) [check one] ☐ is ☐ is not subject to a real estate sale contingency.
337      c) [check one] ☐ is ☐ is not subject to a real estate closing contingency.
338  3) Buyer [check one] ☐ has ☐ has not listed Buyer's real estate for sale with a licensed real estate broker and
339      in a local multiple listing service.
340  4) If Buyer's real estate is not listed for sale with a licensed real estate broker and in a local multiple listing
341      service, Buyer [check one]:

Buyer Initial [RPE]  Buyer Initial [UG]          Seller Initial [GL] Seller Initial _____
Address: 1645 W. Farragut Ave., Chicago, Illinois 60640                            v6.1

342     a) ☐ Shall list real estate for sale with a licensed real estate broker who will place it in a local multiple
343        listing service within five (5) Business Days after Date of Acceptance.
344        *[For information only]* Broker: _____
345        Broker's Address: _____ Phone: _____
346     b) ☐ Does not intend to list said real estate for sale.
347  b) **CONTINGENCIES BASED UPON SALE AND/OR CLOSING OF REAL ESTATE:**
348    1) This Contract is contingent upon Buyer having entered into a contract for the sale of Buyer's real estate that
349     is in full force and effect as of _____, 20 ____. Such contract should provide for a closing
350     date not later than the Closing Date set forth in this Contract. If Notice is served on or before the date set
351     forth in this subparagraph that Buyer has not procured a contract for the sale of Buyer's real estate, this
352     Contract shall be null and void. If Notice that Buyer has not procured a contract for the sale of Buyer's
353     real estate is not served on or before the close of business on the date set forth in this subparagraph,
354     Buyer shall be deemed to have waived all contingencies contained in this Paragraph 32, and this
355     Contract shall remain in full force and effect. (If this paragraph is used, then the following paragraph <u>must</u>
356     be completed.)
357    2) In the event Buyer has entered into a contract for the sale of Buyer's real estate as set forth in Paragraph 32
358     b) 1) and that contract is in full force and effect, or has entered into a contract for the sale of Buyer's real
359     estate prior to the execution of this Contract, this Contract is contingent upon Buyer closing the sale of
360     Buyer's real estate on or before _____, 20 ____. **If Notice that Buyer has not closed the sale**
361     **of Buyer's real estate is served before the close of business on the next Business Day after the date set**
362     **forth in the preceding sentence, this Contract shall be null and void. If Notice is not served as described**
363     **in the preceding sentence, Buyer shall have deemed to have waived all contingencies contained in this**
364     **Paragraph 32, and this Contract shall remain in full force and effect.**
365    3) If the contract for the sale of Buyer's real estate is terminated for any reason after the date set forth in
366     Paragraph 32 b) 1) (or after the date of this Contract if no date is set forth in Paragraph 32 b) 1)), Buyer shall,
367     within three (3) Business Days of such termination, notify Seller of said termination. **Unless Buyer, as part**
368     **of said Notice, waives all contingencies in Paragraph 32 and complies with Paragraph 32 d), this Contract**
369     **shall be null and void as of the date of Notice. If Notice as required by this subparagraph is not served**
370     **within the time specified, Buyer shall be in default under the terms of this Contract.**
371  c) **SELLER'S RIGHT TO CONTINUE TO OFFER REAL ESTATE FOR SALE:** During the time of this contingency,
372    Seller has the right to continue to show the Real Estate and offer it for sale subject to the following:
373    1) If Seller accepts another bona fide offer to purchase the Real Estate while contingencies expressed in
374     Paragraph 32 b) are in effect, Seller shall notify Buyer in writing of same. Buyer shall then have _____
375     hours after Seller gives such Notice to waive the contingencies set forth in Paragraph 32 b), subject to
376     Paragraph 32 d).
377    2) Seller's Notice to Buyer (commonly referred to as a 'kick-out' Notice) shall be in writing and shall be served
378     on Buyer, not Buyer's attorney or Buyer's real estate agent. Courtesy copies of such 'kick-out' Notice should
379     be sent to Buyer's attorney and Buyer's real estate agent, if known. Failure to provide such courtesy copies
380     shall not render Notice invalid. Notice to any one of a multiple-person Buyer shall be sufficient Notice to all
381     Buyers. Notice for the purpose of this subparagraph only shall be served upon Buyer in the following manner:
382     a) By personal delivery effective at the time and date of personal delivery; or
383     b) By mailing to the address recited herein for Buyer by regular mail and by certified mail. Notice shall be
384        effective at 10:00 A.M. on the morning of the second day following deposit of Notice in the U.S. Mail; or

Buyer Initial [RPE] Buyer Initial [UG]        Seller Initial [GL] Seller Initial _____
Address: 1645 W Farragut Ave , Chicago, Illinois 60640
_____ v6.1
Page 9 of 13

385       c) By commercial delivery overnight (e.g., FedEx). Notice shall be effective upon delivery or at 4:00 P.M.
386          Chicago time on the next delivery day following deposit with the overnight delivery company,
387          whichever first occurs.
388    3) If Buyer complies with the provisions of Paragraph 32 d) then this Contract shall remain in full force and effect.
389    4) If the contingencies set forth in Paragraph 32 b) are NOT waived in writing, within said time period by
390       Buyer, this Contract shall be null and void.
391    5) Except as provided in Paragraph 32 c) 2) above, all Notices shall be made in the manner provided by
392       Paragraph 27 of this Contract.
393    6) Buyer waives any ethical objection to the delivery of Notice under this paragraph by Seller's attorney or
394       representative.

395 **d) WAIVER OF PARAGRAPH 32 CONTINGENCIES:** Buyer shall be deemed to have waived the contingencies in
396 Paragraph 32 b) when Buyer has delivered written waiver and deposited with the Escrowee additional earnest
397 money in the amount of $ _____ in the form of a cashier's or certified check within the time
398 specified. **If Buyer fails to deposit the additional earnest money within the time specified, the waiver shall be**
399 **deemed ineffective and this Contract shall be null and void.**

400 **e) BUYER COOPERATION REQUIRED:** Buyer authorizes Seller or Seller's agent to verify representations contained
401 in Paragraph 32 at any time, and Buyer agrees to cooperate in providing relevant information.

402 _____ **33. CANCELLATION OF PRIOR REAL ESTATE CONTRACT:** In the event either Party has entered
403 into a prior real estate contract, this Contract shall be subject to written cancellation of the prior contract on or before
404 _____, 20 ____. **In the event the prior contract is not cancelled within the time specified, this**
405 **Contract shall be null and void. Seller's notice to the purchaser under the prior contract should not be served**
406 **until after Attorney Review and Professional Inspections provisions of this Contract have expired, been**
407 **satisfied or waived.**

408 RPE/G    𝓰𝓛 **34. HOME WARRANTY:** Seller shall provide at no expense to Buyer a Home Warranty at a cost
409 of $ builder's warranty ~~Evidence of a fully pre-paid policy shall be delivered at Closing.~~ 𝓰𝓛

410 RPE/G    𝓰𝓛 **35. CREDIT AT CLOSING:** Provided Buyer's lender permits such credit to show on the HUD-1
411 Settlement Statement or Closing Disclosure, **and if not, such lesser amount as the lender permits,** Seller agrees to
412 credit $ 25,000 to Buyer at Closing to be applied to prepaid expenses, closing costs or both.

413 _____ **36. TRANSACTIONS NOT CONTINGENT ON FINANCING: IF EITHER OF THE FOLLOWING**
414 **ALTERNATIVE OPTIONS IS SELECTED, THE PROVISIONS OF THE MORTGAGE CONTINGENCY PARAGRAPH 8**
415 **SHALL NOT APPLY [CHOOSE ONLY ONE]:**

416 a) _____ **Transaction With No Mortgage (All Cash):** If this selection is made, Buyer will pay at closing,
417 in the form of "Good Funds" the difference (plus or minus prorations) between the Purchase Price and the
418 amount of the Earnest Money deposited pursuant to Paragraph 4 above. Buyer represents to Seller, as of the
419 Date of Offer, that Buyer has sufficient funds available to satisfy the provisions of this paragraph. Buyer agrees
420 to verify the above representation upon the reasonable request of Seller and to authorize the disclosure of such
421 financial information to Seller, Seller's attorney or Seller's broker that may be reasonably necessary to prove the
422 availability of sufficient funds to close. Buyer understands and agrees that, so long as Seller has fully complied
423 with Seller's obligations under this Contract, any act or omission outside of the control of Seller, whether
424 intentional or not, that prevents Buyer from satisfying the balance due from Buyer at closing, shall constitute a
425 material breach of this Contract by Buyer. The Parties shall share the title company escrow closing fee equally.
426 **Unless otherwise provided in Paragraph 32, this Contract shall not be contingent upon the sale and/or**
427 **closing of Buyer's existing real estate.**

Buyer Initial [RPE] Buyer Initial [UG]      Seller Initial 𝓰𝓛 Seller Initial _____
Address: 1645 W Farragut Ave, Chicago, Illinois 60640
                                                                                                                 v6.1

428 b) \_\_\_ \_\_\_ \_\_\_ **Transaction, Mortgage Allowed:** If this selection is made, Buyer will pay at closing, in the
429 form of "Good Funds" the difference (plus or minus prorations) between the Purchase Price and the amount of
430 the Earnest Money deposited pursuant to Paragraph 4 above. Buyer represents to Seller, as of the Date of Offer,
431 that Buyer has sufficient funds available to satisfy the provisions of this paragraph. Buyer agrees to verify the
432 above representation upon the reasonable request of Seller and to authorize the disclosure of such financial
433 information to Seller, Seller's attorney or Seller's broker that may be reasonably necessary to prove the
434 availability of sufficient funds to close. Notwithstanding such representation, Seller agrees to reasonably and
435 promptly cooperate with Buyer so that Buyer may apply for and obtain a mortgage loan or loans including but
436 not limited to providing access to the Real Estate to satisfy Buyer's obligations to pay the balance due (plus or
437 minus prorations) to close this transaction. Such cooperation shall include the performance in a timely manner
438 of all of Seller's pre-closing obligations under this Contract. **This Contract shall NOT be contingent upon**
439 **Buyer obtaining financing.** Buyer understands and agrees that, so long as Seller has fully complied with
440 Seller's obligations under this Contract, any act or omission outside of the control of Seller, whether intentional
441 or not, that prevents Buyer from satisfying the balance due from Buyer at Closing shall constitute a material
442 breach of this Contract by Buyer. Buyer shall pay the title company escrow closing fee. **Unless otherwise**
443 **provided in Paragraph 32, this Contract shall not be contingent upon the sale and/or closing of Buyer's**
444 **existing real estate.**

445 \_\_\_ \_\_\_ \_\_\_ \_\_\_ **37. VA OR FHA FINANCING:** If Buyer is seeking VA or FHA financing, **required FHA or VA**
446 **amendments and disclosures shall be attached to this Contract.** If VA, the Funding Fee, or if FHA, the Mortgage
447 Insurance Premium (MIP) shall be paid by Buyer and *[check one]* ☐ shall ☐ shall not be added to the mortgage loan amount.

448 \_\_\_ \_\_\_ \_\_\_ \_\_\_ **38. WELL OR SANITARY SYSTEM INSPECTIONS:** Seller shall obtain at Seller's expense a well
449 water test stating that the well delivers not less than five (5) gallons of water per minute and including a bacteria
450 and nitrate test and/or a septic report from the applicable County Health Department, a Licensed Environmental
451 Health Practitioner, or a licensed well and septic inspector, each dated not more than ninety (90) days prior to
452 Closing, stating that the well and water supply and the private sanitary system are in operating condition with no
453 defects noted. Seller shall remedy any defect or deficiency disclosed by said report(s) prior to Closing, provided that
454 if the cost of remedying a defect or deficiency and the cost of landscaping together exceed $3,000.00, and if the
455 Parties cannot reach agreement regarding payment of such additional cost, this Contract may be terminated by
456 either Party. Additional testing recommended by the report shall be obtained at the Seller's expense. If the report
457 recommends additional testing after Closing, the Parties shall have the option of establishing an escrow with a
458 mutual cost allocation for necessary repairs or replacements, or either Party may terminate this Contract prior to
459 Closing. Seller shall deliver a copy of such evaluation(s) to Buyer not less than ten (10) Business Days prior to
460 Closing.

461 \_\_\_ \_\_\_ \_\_\_ \_\_\_ **39. WOOD DESTROYING INFESTATION:** Notwithstanding the provisions of Paragraph 12,
462 within ten (10) Business Days after the Date of Acceptance, Seller at Seller's expense shall deliver to Buyer a written
463 report, dated not more than six (6) months prior to the Date of Closing, by a licensed inspector certified by the
464 appropriate state regulatory authority in the subcategory of termites, stating that there is no visible evidence of
465 active infestation by termites or other wood destroying insects. Unless otherwise agreed between the Parties, if the
466 report discloses evidence of active infestation or structural damage, Buyer has the option within five (5) Business
467 Days of receipt of the report to proceed with the purchase or to declare this Contract null and void.

468 \_\_\_ \_\_\_ \_\_\_ \_\_\_ **40. POST CLOSING POSSESSION:** Possession shall be delivered no later than 11:59 P.M. on the
469 date that is _____ days after the date of Closing ("the Possession Date"). Seller shall be responsible for all
470 utilities, contents and liability insurance, and home maintenance expenses until delivery of possession. Seller shall

Buyer Initial [RPE] Buyer Initial [UG]   Seller Initial [CL] Seller Initial \_\_\_\_
Address: 1645 W Farragut Ave , Chicago, Illinois 60640
Page 11 of 13                                                                                                          v6.1

471 deposit in escrow at Closing with _____, *[check one]* ☐ one percent (1%)
472 of the Purchase Price or ☐ the sum of $_____ to be paid by Escrowee as follows:
473     a) The sum of $_____ per day for use and occupancy from and including the day after Closing to
474        and including the day of delivery of Possession, if on or before the Possession Date;
475     b) The amount per day equal to three (3) times the daily amount set forth herein shall be paid for each day after
476        the Possession Date specified in this paragraph that Seller remains in possession of the Real Estate; and
477     c) The balance, if any, to Seller after delivery of Possession and provided that the terms of Paragraph 21 have been
478        satisfied. Seller's liability under this paragraph shall not be limited to the amount of the possession escrow
479        deposit referred to above. Nothing herein shall be deemed to create a Landlord/Tenant relationship between the Parties.

480 _____ **41. "AS IS" CONDITION:** This Contract is for the sale and purchase of the Real Estate in its "As
481 Is" condition as of the Date of Offer. Buyer acknowledges that no representations, warranties or guarantees with
482 respect to the condition of the Real Estate have been made by Seller or Seller's Designated Agent other than those
483 known defects, if any, disclosed by Seller. Buyer may conduct an inspection at Buyer's expense. In that event, Seller
484 shall make the Real Estate available to Buyer's inspector at reasonable times. Buyer shall indemnify Seller and hold
485 Seller harmless from and against any loss or damage caused by the acts of negligence of Buyer or any person
486 performing any inspection. **In the event the inspection reveals that the condition of the Real Estate is
487 unacceptable to Buyer and Buyer so notifies Seller within five (5) Business Days after the Date of Acceptance,
488 this Contract shall be null and void. Buyer's notice SHALL NOT include a copy of the inspection report, and
489 Buyer shall not be obligated to send the inspection report to Seller absent Seller's written request for same.
490 Failure of Buyer to notify Seller or to conduct said inspection operates as a waiver of Buyer's right to terminate
491 this Contract under this paragraph and this Contract shall remain in full force and effect.** Buyer acknowledges
492 that the provisions of Paragraph 12 and the warranty provisions of Paragraph 5 do not apply to this Contract.

493 _____ **42. SPECIFIED PARTY APPROVAL:** This Contract is contingent upon the approval of the Real
494 Estate by _____
495 Buyer's Specified Party, within five (5) Business Days after the Date of Acceptance. In the event Buyer's Specified
496 Party does not approve of the Real Estate and Notice is given to Seller within the time specified, this Contract shall
497 be null and void. If Notice is not served within the time specified, this provision shall be deemed waived by the
498 Parties and this Contract shall remain in full force and effect.

499 _____ **43. INTEREST BEARING ACCOUNT:** Earnest money (with a completed W-9 and other
500 required forms), shall be held in a federally insured interest bearing account at a financial institution designated
501 by Escrowee. All interest earned on the earnest money shall accrue to the benefit of and be paid to Buyer. **Buyer
502 shall be responsible for any administrative fee (not to exceed $100) charged for setting up the account.** In
503 anticipation of Closing, the Parties direct Escrowee to close the account no sooner than ten (10) Business Days
504 prior to the anticipated Closing date.

505 _____ **44. MISCELLANEOUS PROVISIONS:** Buyer's and Seller's obligations are contingent upon the
506 Parties entering into a separate written agreement consistent with the terms and conditions set forth herein, and
507 with such additional terms as either Party may deem necessary, providing for one or more of the following *[check applicable boxes]*:

508 ☐ Articles of Agreement for Deed    ☐ Assumption of Seller's Mortgage    ☐ Commercial/Investment
509     or Purchase Money Mortgage      ☐ Cooperative Apartment          ☐ New Construction
510 ☐ Short Sale                       ☐ Tax-Deferred Exchange             ☐ Vacant Land

Buyer Initial **RPE**  Buyer Initial **UG**            Seller Initial **GL** Seller Initial _____
Address: 1645 W Farragut Ave, Chicago, Illinois 60640
_____ v6.1