UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RANDALL EWING and YASMANY GOMEZ, | ) ) ) |
| Plaintiffs and Counter-Defendants, | ) Case No. 16-cv-9930 ) ) Judge Sharon Johnson Coleman ) |
| v. | ) ) |
| 1645 WEST FARRAGUT LLC, | ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

The plaintiffs, Randall Ewing and Yasmany Gomez, brought this action against 1645 West Farragut LLC ("1645"), alleging that it committed a breach of contract, common law fraud, and a violation of the Illinois Consumer Fraud Act in connection with 1645's construction of a home that the plaintiffs were to purchase. The plaintiffs also seek declaratory judgment and the recission of the contract on the grounds of mistake. The defendants, in turn, have brought a counterclaim for breach of contract. Both parties now move for summary judgment. For the reasons set forth herein, the plaintiffs' motion for summary judgment is granted in part and denied in part and the defendant's motion for summary judgment is denied.

**Background**

The following facts are undisputed unless otherwise noted.[1] Ewing and Gomez began discussing the purchase of 1645 West Farragut with their realtor and 1645's realtor, Eric Carrier, in

---

[1] 1645 failed to file a statement of material facts as is required by Local Rule 56.1(a)(3) and to respond to the plaintiffs' statement of material facts as is required by Local Rule 56.1(b)(3). Accordingly, all of those facts set forth in the

1

March 2016. At that time, 1645 West Farragut was in the process of being gutted and renovated, and Carrier estimated that the project would take another six months to complete. Carrier told the plaintiffs' real estate agent that all of the work performed to date, including the excavation and underpinning of the basement, was properly permitted and compliant with building codes. In February and March 2016, however, Carrier had become aware that the underpinning of the basement had not been properly permitted and that work on the property could not continue until corrected and permitted. 1645 West Farragut was listed in the Multiple Listing Service as having an enclosed balcony on the second floor, and Ewing reviewed that listing prior to entering into a contract. The plaintiffs also informed Carrier that they would want 1645 West Farragut to have an enclosed balcony similar to the one on an adjacent property.

On April 17, 2016, the parties executed the 6.1 Residential Real Estate Contract for the purchase of 1645 West Farragut, with an estimated date of completion of October 3, 2016. The contract specified that 1645 W. Farragut would be finished and construction budgets set according to the level of finishes and amenities at 1651 W. Farragut, with the understanding that the buyer could make changes to the construction plans at cost plus 10%. The plaintiffs and their realtor understood this language to mean that they would be provided with everything replicable from the property next door, including its enclosed balcony. On April 22, 2016, 1645 proposed a modification to the contract. That modification, which defined the purchaser as both Randall Ewing and Yasmany Gomez, provided that the purchaser was required to obtain a mortgage commitment and that, if they could not do so, 1645 would have the right to retain a mortgage commitment for them on its own. The modification also provided that, if the purchaser failed to make selections within fifteen days of being requested to do so, the seller would be authorized to

---

plaintiffs' Local Rule Rule 56.1(a)(3) statement are accepted as true for the purpose of the present motion. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013).

complete the property as it saw fit. Another provision required 1645 to represent that it "has no knowledge of nor has seller received any written notice from any association or government entity regarding . . . Zoning, building, fire or health code violations that have not been corrected; . . . Any improvements to the Property for which the required initial permits were not obtained." The same provision also imposed a continuing disclosure obligation should the Seller become aware of matters requiring the modification of those representations prior to closing. The modification was executed by Ewing and Gomez on May 2, 2016. Pursuant to the modification, Ewing and Gomez tendered $117,500 to be held in escrow by D'Aprile Properties.

On June 6, 2016, the City of Chicago placed a stop work order on 1645 West Farragut as a result of the unpermitted excavation and underpinning work. An adequate permit was not obtained until August 26, 2016, and the stop work order remained in effect until November 23, 2016. 1645 West Farragut never informed the plaintiffs of the existence of the stop work order or its cause.

On June 20, 2016, 1645 assessed $3,154.33 in "delay damages" because the plaintiffs allegedly did not make selections on time, and stated that it would be claiming those damages from the plaintiffs' earnest money. On June 23, 2016, 1645 notified the plaintiffs that it had approval from the city to enclose the second-floor balcony, but that it would not do so as part of the preexisting purchase price. Five days later, 1645 notified the plaintiffs that it refused to enclose the second-floor balcony altogether and assessed an additional $7,193 in delay damages. In early August the plaintiffs requested the recession of the contract and the return of their earnest money.

On August 15, 2016, the plaintiffs informed 1645 that despite multiple attempts they had been unable to obtain a mortgage commitment in both of their names. The defendant was similarly unable to obtain a mortgage commitment for Ewing and Gomez by October 15, 2016. Although one lender indicated it was willing to issue a mortgage to Ewing alone, Ewing and Gomez refused to proceed if the mortgage was not in both of their names. Even if Ewing and Gomez had agreed,

3

moreover, they would not have been able to obtain a mortgage due to the work stoppage order then in effect. On October 16, 2016, counsel for the plaintiffs sent a letter to counsel for 1645, stating only that because the defendant was unable to obtain a mortgage commitment, the agreement between the parties was "null and void."

**Legal Standard**

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In determining whether a genuine issue of material fact exists, this Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). However, only "alleging a factual dispute cannot defeat the summary judgment motion." *Samuels v. Wilder*, 871 F.2d 1346, 1349 (7th Cir. 1989). "Statements of 'beliefs' or 'opinions' are insufficient to create a genuine issue of material fact." *Cleveland v. Porca Co.*, 38 F.3d 289, 295 (7th Cir. 1994). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

**Discussion**

1645 and the plaintiffs respectively contend that they are entitled to summary judgment on the plaintiffs' fraud and Illinois Consumer Fraud Act claims. In order to survive summary judgment, a plaintiff alleging fraud must establish that (1) the defendant made a false statement of material fact; (2) the defendant knew that the statement was false; (3) the defendant made the statement with the intent to induce plaintiff to act; (4) the plaintiff justifiably relied on the statement; and (5) the plaintiff's damages resulted from the reliance. *Cozzi Iron & Metal, Inc. v. U.S. Office*

4

*Equipment, Inc.*, 250 F.3d 570, 574 (7th Cir. 2001). Similarly, a plaintiff alleging a claim under the Illinois Consumer Fraud Act must establish (1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; (3) that the deception occurred in the course of conduct involving trade or commerce; and (4) actual damage to the plaintiff proximately caused by the deception. *Aliano v. Ferriss*, 2013 IL App (1st) 120242, ¶ 24, 988 N.E.2d 168.

      1645 first argues that the plaintiffs cannot establish a fraudulent representation about enclosing the second-floor balcony because the contract between the parties did not include an enclosed second-floor balcony. The undisputed facts, however, contradict this assertion by establishing that prior to entering the contract the defendants represented that they would enclose the balcony. It is similarly undisputed that the MLS listing for 1645 West Farragut stated that it would include an enclosed balcony on the second floor, and that Ewing viewed this listing prior to entering into the contracts with 1645. Even if, as 1645 argues, the plans attached to the contract did not include the enclosed balcony, the Illinois Supreme Court has recognized that obscure architectural notes are of little weight when contrasted against advertisements, conversations, contracts, and other more easily understood communications. *Siegel v. Levy Org Dev. Co.*, 153 Ill.2d 534, 545, 607 N.E.2d 194 (1992). Accordingly, the undisputed evidence properly before this Court establishes a potential dispute of material facts as to both the existence of a potentially false statement and reliance sufficient to preclude summary judgment in either party's favor on this issue.

      1645 next argues that the plaintiffs cannot establish a fraudulent representation about its failure to disclose the stop work order because the plaintiffs were not actually provided with a property that was not properly permitted. 1645's failure to disclose the stop work order, however, constituted a material omission regardless of whether the house was actually transferred to the plaintiffs. It is undisputed that 1645 knew about the absent permits in advance of contracting with the plaintiffs and understood that its representations regarding the permits and completion date

would be relied on by the plaintiffs. *Zimmerman v. Northfield Real Estate, Inc.*, 156 Ill.App.3d 154, 162, 510 N.E.2d 409 (1986).

The Court accordingly turns to the question of whether the plaintiffs have adequately established damages resulting from these purported misrepresentations. At a minimum, the plaintiffs have introduced evidence establishing that, had they known that 1645 West Farragut was not properly permitted, could not be built with an enclosed balcony, and could not be completed within six months they would not have entered into the contract with 1645 to purchase the property. The plaintiffs put $117,500.00 into escrow, which they have been deprived of for the duration of this suit based on 1645's representations regarding the property at 1645 West Farragut. The Court finds this deprivation to be sufficient to establish damages. The Court therefore concludes that 1645 is not entitled to summary judgment on these claims and that the plaintiffs are entitled to summary judgment as to liability on their ICFA and fraud claims premised on the defendant's failure to disclose the permitting issues and stop work order.

The defendants next contend that they are entitled to summary judgment on the plaintiffs' claims of mutual mistake and unilateral mistake because the evidence does not establish a mistake of fact. Reformation of a contract as a result of mutual or unilateral mistake is only permissible when there is a mistake as to the facts of the agreement and not as to the legal effects of the agreement. *Friedman v. Development Management Group, Inc.*, 82 Ill.App.3d 949, 954, 403 N.E.2d 610, 612 (1980) (quoting *Jacobs v. Wilkerson*, 373 Ill. 545, 549, 267 N.E.2d 860 (1940)); *Cummings,*, 129 Ill.App.3d 338, 342, 472 N.E.2d 575 (1984). The defendants contend that the plaintiffs have only identified a legal mistake as to whether or not the contract encompassed enclosing the second-floor balcony. The Court agrees. Confusion as to whether the agreement between the parties encompassed enclosing the second-floor balcony is not a factual mistake. The plaintiffs' statement of undisputed fact, moreover, establishes that 1645 declined to enclose the second-floor balcony, not that the parties

6

were mistaken in their belief that it was possible to do so.  Accordingly, the plaintiffs have failed to establish either a unilateral or mutual mistake as to the ability to enclose the front balcony.

1645 and the plaintiffs both contend that summary judgment in their favor should be granted on the plaintiffs' breach of contract claim and 1645's breach of contract counterclaim.  To succeed on a breach of contract claim, a plaintiff must establish (1) the existence of a valid and enforceable contract, (2) substantial performance by the plaintiff, (3) breach of contract by the defendant; whether breaches occurred, and (4) resultant injury to the plaintiff.  *Avila v. CitiMortgage, Inc.*, 801 F.3d 777, 786 (7th Cir. 2015).  The plaintiffs' undisputed Rule 56.1 statement notwithstanding, this Court finds that disputes of material fact exist regarding the parties understanding of their agreement, the materiality of the provisions at issue, and the damages that resulted from the respective alleged breaches.  Accordingly, both parties' request for summary judgment on the plaintiff's breach of contract claim and the defendant's breach of contract counterclaim are denied.

Finally, the defendants contend that the plaintiffs' declaratory judgment count is improper.  The defendants, however, offer only a conclusory argument that the other counts pending in this action eliminate the need for a declaratory judgment.  None of the authorities that the defendants rely on support this proposition, and the Court therefore declines to grant summary judgment on this basis.  *See Chicago Metallic Mfg. Co. v. Edward Katzinger Co.*, 123 F.3d 518, 520 (7th Cir. 1941) (recognizing that declaratory judgment may be unnecessary when it concerns the same subject matter as a "*case* already pending") (emphasis added).

**Conclusion**

For the foregoing reasons, this Court grants the plaintiffs' motion for summary judgment [105] with respect to the plaintiffs' ICFA and fraud claims, denies it in all other respects, and denies the defendant's motion for summary judgment [104].

IT IS SO ORDERED.

Date: 7/31/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge