UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RANDALL EWING and YASMANY GOMEZ, ) ) ) | |
| Plaintiffs/Counter-Defendants, ) ) | CASE NO. 16-CV-9930 |
| v. ) ) | District Judge Sharon Johnson Coleman |
| 1645 WEST FARRAGUT LLC, ) ) | |
| Defendant/Counter-Plaintiff. ) | |

**PLAINTIFFS' MOTION FOR A FED. R. CIV. P. 56(G) ORDER**

Plaintiffs Randall Ewing and Yasmany Gomez hereby move this Court for an order under Fed. R. Civ. P. 56(g) declaring that the undisputed facts and legal conclusions found by the Court in its July 31, 2019 Opinion and Order granting Plaintiffs' Motion for Summary Judgment in part are deemed "not genuinely in dispute" and treated as "established in the case." In order to streamline trial, Plaintiffs also request that their undisputed facts that were not incorporated into the Court's opinion also be treated as "established in the case" because they cannot be disputed.

## INTRODUCTION

On July 31, 2019, this Court entered an opinion and order declaring that certain facts were undisputed and concluding that those undisputed facts entitled Plaintiffs to judgment as a matter of law with respect to liability (but not the amount of damages) on their claims of fraud and for violation of the Illinois Consumer Fraud Act relating to Defendant's misrepresentations about, and failure to disclose, known permit issues and building code violations. ECF No. 116. In preparing for trial and in previous motion practice, it has become apparent that the parties disagree as to the significance of the Court's findings of fact and conclusions of law. Plaintiffs believe that these findings of facts and conclusions of law in its favor should be treated as established in the case and not relitigated at trial, while Defendant believes it can relitigate both its liability and the underlying findings of fact.

The Court should enter an order under Fed. R. Civ. P. 56(g) to streamline preparation for trial and the trial itself, reduce the number of necessary witnesses, not give Defendant a second bite at the apple, and not reward Defendant for failing to respond to Plaintiffs' statement of undisputed facts and for being unable today to demonstrate how even one of those facts could be arguably disputed. Granting this relief will shorten the amount of time needed for trial, eliminate the need for some witnesses, and simplify the issues to be determined by the jury. This could also aid in reaching settlement by resolving a fundamental dispute between the parties about the scope of the trial and Defendant's supposed ability to escape liability that has already been determined by this Court. In

1

contrast, denying this motion and allowing Defendant to relitigate factual and legal issues already decided would essentially throw the Court's prior summary judgment opinion out the window, wasting both the parties' and the Court's time and expense in preparing for and resolving those motions.

## FACTUAL BACKGROUND

On December 21, 2018, Plaintiffs filed their motion for summary judgment. In connection with that motion and in accordance with the Local Rules, Plaintiffs filed a Statement of Undisputed Facts identifying 74 undisputed facts, each one of which was supported by competent and admissible evidence. ECF 107-108. Defendant filed its response on January 11, 2019, but it chose not to oppose Plaintiffs' Statement of Undisputed Facts as required by the Local Rules. On July 31, 2019, the Court entered an Opinion and Order finding (1) in Plaintiffs' favor as to liability on their claims of fraud and violations of ICFA relating to the misrepresentations about, and failure to disclose, known permitting issues and building code violations prior to Plaintiffs executing the contract; and (2) that there were material facts in dispute concerning the parties' dueling breach of contract claims and the remainder of Plaintiffs' fraud and ICFA claims. ECF 116. In connection with that decision, the Court found that the following facts were undisputed:

> Ewing and Gomez began discussing the purchase of 1645 West Farragut with their realtor and 1645's realtor, Eric Carrier, in March 2016. At that time, 1645 West Farragut was in the process of being gutted and renovated, and Carrier estimated that the project would take another six months to complete. Carrier told the plaintiffs' real estate agent that all of the work performed to date, including the excavation and underpinning of the basement, was properly permitted and compliant with building codes. In February and March 2016, however, Carrier had become aware that the underpinning of the basement had not been properly permitted and that work on the property could not continue until corrected and permitted. 1645 West Farragut was listed in the Multiple Listing Service as having an enclosed balcony on the second floor, and Ewing reviewed that listing prior to entering into a contract. The plaintiffs also informed Carrier that they would want 1645 West Farragut to have an enclosed balcony similar to the one on the adjacent property.
>
> On April 17, 2016, the parties executed the 6.1 Residential Real Estate Contract for the purchase of 1645 West Farragut, with an estimated date of completion of October 3, 2016. The contract specified that 1645 W. Farragut would be finished and construction budgets set according to the level of finishes and amenities at 1651

W. Farragut, with the understanding that the buyer could make changes to the construction plans at cost plus 10%. The plaintiffs and their realtor understood this language to mean that they would be provided with everything replicable from the property next door, including its enclosed balcony. On April 22, 2016, 1645 proposed a modification to the contract. The modification, which defined the purchaser as both Randall Ewing and Yasmany Gomez, provided that the purchaser was required to obtain a mortgage commitment and that, if they could not do so, 1645 would have the right to retain a mortgage commitment on its own. The modification also provided that, if the purchaser failed to make selections within fifteen days of being requested to do so, the seller would be authorized to complete the property as it saw fit. Another provision required 1645 to represent that it "has no knowledge of nor has seller received any written notice from any association or government entity regarding … Zoning, building, fire or health code violations that have not been corrected; … Any improvements to the Property for which the initial permits were not obtained." The same provision also imposed a continuing disclosure obligation should the Seller become aware of matters requiring the modification of those representations prior to closing. The modification was executed by Ewing and Gomez on May 2, 2016. Pursuant to the modification, Ewing and Gomez tendered $117,500 to be held in escrow by D'Aprile Properties.

On June 6, 2016, the City of Chicago placed a stop work order on 1645 West Farragut as a result of the unpermitted excavation and underpinning work. An adequate permit was not obtained until August 26, 2016, and the stop work order remained in effect until November 23, 2016. 1645 West Farragut never informed the plaintiffs of the existence of the stop work order or its cause.

On June 20, 2016, 1645 assessed $3,154.33 in "delay damages" because the plaintiffs allegedly did not make selections on time, and stated that it would be claiming those damages from the plaintiffs' earnest money. On June 23, 2016, 1645 notified the plaintiffs that it had approval to enclose the second-floor balcony, but that it would not do so as part of the preexisting purchase price. Five days later, 1645 notified the plaintiffs that it refused to enclose the second-floor balcony altogether and assessed an additional $7,193 in delay damages. In early August the plaintiffs requested the rescission of the contract and the return of their earnest money.

On August 15, 2016, the plaintiffs informed 1645 that despite multiple attempts they had been unable to obtain a mortgage commitment in both of their names. The defendant was similarly unable to obtain a mortgage commitment for Ewing and Gomez by October 15, 2016. Although one lender indicated it was willing to issue a mortgage to Ewing alone, Ewing and Gomez refused to proceed if the mortgage was not in both of their names. Even if Ewing and Gomez had agreed, moreover, they would not have been able to obtain a mortgage due to the work stoppage order then in effect. On October 16, 2016, counsel for the plaintiffs sent a letter to counsel for 1645, stating only that because the defendant was unable to obtain a mortgage commitment, the agreement between the parties was null and void.

…

> 1645's failure to disclose the stop work order, however, constituted a material omission regardless whether the house was actually transferred to the plaintiffs. It is undisputed that 1645 knew about the absent permits in advance of contracting with the plaintiffs and understood that its representations regarding the permits and completion date would be relied on by plaintiffs….
>
> At a minimum, the plaintiffs have introduced evidence establishing that, had they known that 1645 West Farragut was not properly permitted, could not be built with an enclosed balcony, and could not be completed within six months they would not have entered into the contract with 1645 to purchase the property. The plaintiffs put $117,500 into escrow, which they have been deprived of for the duration of this suit based on 1645's representations regarding the property at 1645 West Farragut. The Court finds this deprivation to be sufficient to establish damages. The Court therefore concludes that 1645 is not entitled to summary judgment on these claims and that the plaintiffs are entitled to summary judgment as to liability on their ICFA and fraud claims premised on the defendant's failure to disclose the permitting issues and stop work order.

ECF 116 at 1-6. On August 9, 2019, Defendant filed a motion to alter the Court's partial summary judgment. ECF 117. In that motion, Defendant did not argue that any of the above undisputed facts were untrue, nor did it advance any evidence challenging even one of Plaintiffs' undisputed facts. *Id.* The Court denied that motion.

On April 6, 2020, Defendant filed a motion for leave to file an amended complaint. In its reply Defendant stated that "the 'facts' set forth by Ewing and Gomez in their response motion [which were those facts found by the Court above] will, if the Court so chooses be relitigated at trial via written evidence and oral testimony." ECF No. 161 at 2. Defendant did not, however, identify a single specific fact in the Court's opinion that it could contest, much less put forth admissible evidence demonstrating how even one of those facts could be contested. On July 27, 2020, Plaintiffs filed a motion for an order releasing the earnest money and awarding attorneys' fees and prejudgment interest in connection with their fraud and ICFA claims. ECF No. 168. In its response, Defendant claimed that the Court's findings were "entirely based only on facts as alleged by the Plaintiffs" and that if "the

4

Court so permits, the trial will bring to light the truth." ECF No. 170 at 5.[1] But despite claiming that trial will "bring to light the truth" that the Court's prior factual findings were apparently false, Defendant did not identify even a single undisputed fact found by the Court that it wished to contest, much less any admissible evidence demonstrating that it could credibly contest these facts.

## ARGUMENT

The Court should issue an order under Fed. R. Civ. P. 56(g) because it would waste the time and resources of the parties, the Court, and the jury to relitigate facts that have already been found to be undisputed and that are not capable of being disputed. This is especially the case when Defendant failed to comply with Local Rules and to this day still has not and cannot identify even one of the Court's findings of fact that it contests, much less a single piece of evidence demonstrating how it could contest those facts. The critical facts—(1) that Defendant knew before the contract was executed that work was done without proper permits and that no work could continue until the problem was fixed, (2) that it never told Plaintiffs about this problem and in fact falsely represented that there were no permit issues or building code violations, (3) that this unpermitted work led to a stop work order preventing any work from even beginning on the property until after construction was supposed to be complete, and (4) that the stop work order made it impossible to obtain a mortgage commitment by the contractual deadlines no matter what Plaintiffs did—were supported by scores of Defendant's emails, declarations under penalty of perjury from Plaintiffs' realtor and Defendant's subcontractor US Waterproofing, and deposition testimony of both Defendant and Defendant's mortgage expert, Matthew Hoppe. The whole purpose of summary judgment is to decide which factual issues do not need to be decided by the jury, and Defendant should not be able to circumvent

---

[1] Defendant was incorrect to claim that these facts were "as alleged by the Plaintiffs." They were facts included in Plaintiffs' Statement of Undisputed Facts, not allegations in a complaint, each one of which was supported by either documentary or testimonial evidence, or both.

that purpose by failing to comply with Local Rules and without once being forced to put forward evidence prior to trial showing which facts can be credibly disputed.

Fed. R. Civ. P. 56(g) provides that if "the court does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case." Its purpose is to "salvage some results from the time and resources spent in deciding" partial summary judgment motions. *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 415 (7th Cir. 2019).[2] As such, a "partial summary judgment can serve a useful brush-clearing function even if it does not obviate the need for a trial." *Hotel 71 Mezz Lender LLC v. Nat'l Retirement Fund*, 778 F.3d 593, 606 (7th Cir. 2015). Obligated to contest facts at the time of summary judgment and failing to do so, Defendant does not get a do-over at trial "simply to allow [] evidently more prepared counsel to have a second bite at the apple." *Kreg Therapeutics*, 2014 WL 1227311, at *4 (N.D. Ill. Mar. 25, 2014) (Ex. A).

Courts within the 7th Circuit routinely grant Rule 56(g) motions to make trials more efficient, especially under present circumstances, because "it would be an efficient use of judicial resources, particularly during this Covid-19 pandemic, to streamline the trial to the extent practical and just by reading to the jury a statement of undisputed facts, rather than to present previously established, undisputed facts through testimony of multiple witnesses." *Mason v. Green County*, 2020 WL 5074319, at *2-3 (W.D. Wisc. August 27, 2020) (Ex. B). There is no doubt "relitigating and rehashing settled and admitted facts, whether underlying the decided or the so far undecided issues, would serve to needlessly complicate and confuse and prolong the trial proceedings." *Greenbank v. Great Am. Assurance Co.*, 2020 WL 4604507, at *2 (S.D. In. August 11, 2020) (Ex. C).

---

[2] The Court can issue a Rule 56(g) order after it enters the summary judgment order. *Id.* ("Rule 56(g) does not say that the district court must issue its order contemporaneously with its summary-judgment decision, and it does not say that the order must be in writing."). Court have entered Rule 56(g) orders at the time of summary judgment, afterwards upon a motion by a party, and through motions in limine.

This is especially the case when, as here, the facts were critical to a prior decision made by the Court because that decision is the law of the case. *Id.*, at *1 ("That is the state of the evidence at this point with regard to the claims resolved on summary judgment; those uncontroverted facts material to our summary judgment rulings are not now disputable at trial."); *Mason*, 2020 WL 5074319, at *2-3 ("That decision is now the law of the case, and defendants cannot dispute at trial any of the facts that were material to the court's summary judgment decision in favor of plaintiff") *citing Ienco v. Angarone*, 429 F.3d 680, 684 (7th Cir. 2005) (under "law of the case" doctrine, "once an issue is litigated and decided that should be the end of the matter").

The purposes underlying Rule 56(g) are especially salient when, as here, Defendant wants to relitigate this Court's prior factual findings while at the same time steadfastly refusing to identify which specific undisputed facts it wishes to contest or what evidence it could use to contest those facts. *Greenbank*, 2020 WL 4604507, at *2 ("Ms. Greenbank's factual obfuscations and unfounded legal theories in resisting this motion exacerbate our concerns. To date, she has not identified **which, if any, specific facts** outlined in Great American's motion [] she contests as being unsettled and thus still in dispute following summary judgment.") (emphasis in original). Summary judgment was the "put up or shut up moment," *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003), was "no time for half-hearted advocacy," *Kreg*, 919 F.3d at 416, and it should not be a shell-game wherein Defendant can continually kick-the-can down the road so as to waste the Court's and the jury's time while never identifying which factual issues are in dispute and the evidence that makes them in dispute.

Courts within the Seventh Circuit routinely grant Rule 56(g) motions. *See, e.g., Ello v. Seven Peaks Marketing Chicago, LLC*, 2019 WL 3956186, at *3-5 (N.D. In. August 21, 2019) (issuing Rule 56(g) order) (Ex. D); *Stefan v. Stesiak*, 2012 WL 405678, at *1 (N.D. In. Feb. 8, 2012) (same) (Ex. E); *Natural Resources Defense Council v. Ill. Power Resources Generating, LLC*, 2019 WL 208856, at *7 (C.D. Ill. Jan. 15, 2019) (same) (Ex. F); *Healy v. Int'l Brotherhood of Electrical Workers, Local Union*

7

*No. 134*, 2014 WL 3805752, at *1 (N.D. Ill. July 31, 2104) (same) (Ex. G); *Mulderink v. RSB Enter., Inc.*, 2012 WL 3151384, at *3 (N.D. Ill. Aug. 2, 2012) (same) (Ex. H); *In re Trainor Glass Co.*, 2015 WL 224412, at *9 (Bank. N.D. Ill. Jan. 14, 2015) (same) (Ex. I); *Reynolds v. United States*, 2019 WL 2353486, at *5 (S.D. Ill. June 4, 2019) (same) (Ex. J); *Homestead Dairy LLC v. Furst-McNess Co.*, 2011 WL 939247, at *3 (N.D. In. Mar. 16, 2011) (same) (Ex. K); *Maple v. Knauf Insulation GMBH*, 2011 WL 4349401, at *2 (S.D. In. Sept. 15, 2011) (same) (Ex. L).

This case is particularly appropriate for a Rule 56(g) order. Given the numerous undisputed facts found by the Court in connection with granting Plaintiffs partial summary judgment, establishing those same facts once more through witnesses and documents would be a waste of the Court's and the jury's time and needlessly prolong the trial by requiring the introduction of documents and testimony of witnesses that would otherwise be unnecessary. Additionally, it is immaterial that these facts were found to be undisputed through Defendant's failure to respond (or deliberate choice not to respond) rather than an affirmative concession. *See Kreg*, 919 F.3d at 416 (affirming the grant of a Rule 56(g) order through a failure to oppose undisputed facts and a failure to comply with local rules); *Mason*, 2020 WL 5074319, at *3 ("First, before granting summary judgment to plaintiff on liability, the court gave defendants the opportunity to identify any genuine disputes of material facts that would preclude judgment as to liability. Defendants failed to do so, and the court concluded that there were no genuine disputes of material fact as to liability…."); *Ello*, 2019 WL 3956186, at *4 ("The Plaintiffs failed to comply with Local Rule 56–1(b) by failing to timely file their response to the Defendants' … statement of material facts. Hence, the Plaintiff's eventual but untimely response does not prevent this Court from granting the Defendant's Rule 56(g) motion."). Defendant cannot contest these facts consistent with its Rule 11 obligations because they are indisputably true, so it has instead attempted an end-run around these procedures through silence and noncompliance with Local Rules. It should not be rewarded for doing so with yet another opportunity to relitigate what it chose not to previously

contest, especially when the Court relied on Defendant's silence in issuing the summary judgment opinion. From Plaintiff's perspective, granting this motion will eliminate the need to call witnesses from US Waterproofing, to introduce numerous documents relating to the permit issue, to call Matthew Hoppe as a witness to establish that it would have been impossible for Plaintiffs to obtain a mortgage regardless of what they did, and it will significantly curtail the length of questioning needed for Mr. Carrier and Mr. Ewing.

Finally, Plaintiffs separately request that the Court determine under Rule 56(g) that the additional facts set forth in Plaintiffs' statement of undisputed facts that were not part of the Court's opinion also be treated as "established in the case." While litigating these facts would not contravene law of the case principles, would not amount to Defendant having a second bite at the apple, and would not render the Court's prior opinion meaningless (as it would if the facts incorporated into the Court's opinion were relitigated), they are still genuinely undisputed facts that if established as the facts of the case would significantly streamline the trial. At a minimum, if Defendant believes these facts can be credibly contested, it should be obligated to respond and identify which statements of fact it contests and the evidence that makes those statements contested. In particular:

- SUFs 1-4 will eliminate the need to introduce documents and testimony concerning venue and jurisdiction. ECF 107.

- SUF 13 about misrepresentations made to another buyer, Mr. Furbindo (supported by Furbindo's declaration) would eliminate the need for that witness to appear. ECF 107.

- SUF 15 would eliminate the need to introduce documents and testimony about the MLS listing of 1651 Farragut. ECF 107.

- SUFs 24-26 would eliminate the need to introduce documents and testimony, including from Defendant's attorney, about which party drafted certain relevant portions of the modification. ECF 107.

- SUFs 37 and 39 would eliminate the need to introduce documents and testimony, including from US Waterproofing, to establish that the delays caused by the unpermitted work and the stop work order had nothing to do with Plaintiffs. ECF 107.

9

- SUFs 47-48 would eliminate the need to introduce documents and testimony about the asking price and ultimate sale price of 1651 West Farragut. ECF 107.

- SUF 49 would eliminate the need to introduce documents and testimony establishing that the sale price of 1651 West Farragut would have a significant impact on the value of 1645 West Farragut. ECF 107.

- SUFs 60 and 62 would eliminate the need to introduce documents and testimony establishing that an appraisal of 1645 West Farragut was necessary to get a mortgage, and that for several reasons, including the ultimate selling price of 1651 West Farragut, the house would not have appraised at the amount necessary to get a mortgage equal to the contract price regardless of anything done by Plaintiffs. ECF 107.

- SUFs 63-74 would eliminate the need for Plaintiffs to introduce documents and testimony about their efforts to obtain a mortgage. ECF 107.

If the Court accepts these undisputed facts not contained in the Court's opinion as established in the case—which the Court should do in the absence of Defendant being able to show they are disputed—it will eliminate the need for testimony from another potential buyer (Mr. Furbindo), Plaintiffs' appraisal expert, and Defendant's attorney involved in drafting the contract, and even further significantly curtail the documents and testimony needed to be introduced through Mr. Ewing and Mr. Carrier. All of this would significantly reduce the length and complexity of the jury trial.

## CONCLUSION

At a minimum, the law-of-the-case doctrine and principles not permitting Defendant to get a do-over, a second bite at the apple, and not permitting the Court to have entirely wasted its time in deciding the summary judgment motion, mandate treating those facts that were expressly incorporated in the Court's Opinion and Order as established in the case and not capable of being relitigated under Rule 56(g). In addition, the Court should grant Plaintiffs' Rule 56(g) motion with respect to the undisputed facts that were not incorporated into the Court's prior opinion because, while not law-of-the-case, they are still undisputed and will streamline trial. There is no need to waste the jury's and the Court's time establishing facts that Defendant had a chance to dispute but chose not to and that to this day is still incapable of disputing.

Dated: March 11, 2021 /s Randall P. Ewing, Jr.

Randall Ewing
408 N.E. 8th Avenue
Fort Lauderdale, FL 33301
IL Bar Number: 6294238
*Pro se*

Steven H. Mora
2801 Lakeside Drive
Suite 207
Bannockburn, Illinois 60015
IL Bar No: 1953842
*Attorney for Plaintiff Gomez*