UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RANDALL EWING AND YASMANY GOMEZ, | ) |
| | ) |
| Plaintiffs/Counter-Defendants, | ) Case No. 16-cv-9930 |
| | ) |
| v. | ) Judge Sharon Johnson Coleman |
| | ) |
| 1645 WEST FARRAGUT, LLC, | ) |
| | ) |
| Defendant/Counter-Plaintiff. | ) |

**MEMORANDUM OPINION AND ORDER**

On July 31, 2019, the Court granted in part and denied in part the parties' cross-motions for summary judgment. Before the Court is plaintiffs' motion that the findings the Court deemed admitted at summary judgment are "established in the case" pursuant to Federal Rule of Civil Procedure 56(g). For the following reasons, the Court, in its discretion, grants in part and denies in part plaintiffs' Rule 56(g) motion.

**Background**

Plaintiffs brought claims of fraud, mutual mistake, unilateral mistake, breach of contract, and a claim under Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") against defendant in relation to plaintiffs' attempted purchase of a single-family residence in Chicago that was being gutted and renovated. After the parties filed cross-motions for summary judgment, the Court granted plaintiffs' partial summary judgment motion as to liability (but not damages) on their fraud and ICFA claims based on defendant's failure to disclose a stop work order concerning a lack of permit to work on the property's basement. The Court denied the remainder of the parties' cross-motions.

**Legal Standard**

Rule 56(g) specifically states: "If the court does not grant all the relief requested by the

[summary judgment] motion, it may enter an order stating any material fact ... that is not genuinely in dispute and treating the fact as established in the case." Simply put, after partially granting a summary judgment motion, district courts may enter orders stating that certain material facts are not genuinely disputed for trial purposes. *Ford v. Marion County Sheriff's Office*, 942 F.3d 839, 849 (7th Cir. 2019). "Rule 56(g) is 'ancillary' to the ultimate summary-judgment analysis, operating to 'salvage some results' from the time and resources spent in deciding unsuccessful summary-judgment motions." *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 415 (7th Cir. 2019). District courts have considerable discretion in determining Rule 56(g) motions. *Id.*

**Discussion**

Key to the Court's July 2019 summary judgment ruling, and consequently this motion, was defendant's previous attorneys failing to file a separate statement of material facts as required by Northern District of Illinois Local Rule 56.1(a)(3) and a separate response to plaintiffs' statement of material facts under Local Rule 56.1(b)(3). Based on well-established Seventh Circuit precedent, the Court accepted plaintiffs' Rule 56.1(a)(3) statement of facts as true. *Hinterberger v. City of Indianapolis*, 966 F.3d 523, 528 (7th Cir. 2020) ("district courts may require strict compliance with their local rules").

Here, it appears that defendant is arguing that its prior counsel should be blamed for this mistake, but it is well-settled that "all of the attorney's misconduct (except in the cases where the act is outside the scope of employment or in cases of excusable neglect) becomes the problem of the client." *Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009); *see also Kreg Therapeutics, Inc. v. VitalGo, Inc.*, No. 11 C 6771, 2014 WL 1227311, at *3 (N.D. Ill. Mar. 25, 2014) (Dow, J.) ("It is of no moment that these conclusions were predicated on the shortcomings of prior counsel's filings or lack thereof; [defendant] is bound by the actions of its

counsel and is not entitled to a redo."). Defense counsel's present attempt to challenge plaintiffs' Rule 56.1 statements in the present motion is two years too late.

Next, the July 2019 summary judgment ruling is subject to the doctrine of the law of the case, namely, "a ruling made in an earlier phase of a litigation controls the later phases unless a good reason is shown to depart from it." *Krieger v. United States*, 842 F.3d 490, 505 (7th Cir. 2016). As such, the Court's conclusion that defendant is liable to plaintiffs as to their fraud and ICFA claims based on defendant's failure to disclose a stop work order concerning a lack of permit to work on the property's basement is the law of the case and will not be relitigated at the jury trial set for November 8, 2021. This conclusion was premised on the fact that defendant knew about the absent permit(s) in advance of contracting with plaintiffs and understood plaintiffs would rely on the misrepresentations regarding the work permits. The Court therefore grants this aspect of plaintiffs' Rule 56(g) motion and deems these facts as established. Nevertheless, there are genuine disputes of material fact as to both the existence of a potentially false statement and reliance on that statement concerning whether there would be an enclosed second-floor balcony on the renovated residential property. This issue is to be litigated at trial.

Turning to the other facts plaintiffs seek to have treated as "established in the case," the undisputed facts set forth on pages 1-4 of the July 31, 2019 Memorandum Opinion and Order shall be treated as established for the purposes of trial. *See, e.g., Sansone v. Donahoe,* 98 F.Supp.3d 946, 949 n.5 (N.D. Ill. 2015) (Shadur, J.). The Court spent a considerable amount of judicial resources reviewing the summary judgment briefs and facts, and, the undisputed facts on pages 1-4 of the summary judgment ruling formed the basis of the Court's decision. The Court, in its discretion, will not allow defendant to "start from scratch" with the factual predicate of the summary judgment ruling now that it has better counsel. Moreover, defendant's attempt to re-litigate the summary

judgment's ruling does not save the day, especially in light of the Court's denial of defendant's Rule 54(b) motion for reconsideration in November 2019.

That said, plaintiffs' request that the Court consider that the remaining facts set forth in plaintiffs' Local Rule 56.1 statement of facts that defendant did not dispute as established under Rule 56(g) goes a step too far. The Court did not evaluate these facts in making its July 2019 ruling, and thus these facts were not part of the factual predicate the Court relied upon in reaching its legal conclusions. The Court denies this aspect of plaintiffs' Rule 56(g) motion.

**Conclusion**

For these reasons, the Court, in its discretion, grants in part and denies in part plaintiffs' Rule 56(g) motion [178].

IT IS SO ORDERED.

Date: 6/10/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge