## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

RANDALL EWING AND YASMANY GOMEZ,   )
               )
               )    Case No. 16-cv-9930
     Plaintiffs/Counter-Defendants,   )
               )    Judge Sharon Johnson Coleman
         v.           )
               )
1645 WEST FARRAGUT, LLC,       )
               )
     Defendant/Counter-Plaintiff.   )

## ORDER

The Court, in its discretion, denies plaintiffs' motion for leave to disclose an expert report [184].

## BACKGROUND

Plaintiffs brought claims of fraud, mutual mistake, unilateral mistake, breach of contract, and a claim under Illinois Consumer Fraud and Deceptive Business Practices Act against defendant in relation to plaintiffs' attempted purchase of a single-family residence in Chicago. The Court granted in part and denied in part the parties' summary judgment motions and has set a trial date for November 8, 2021. The parties final pretrial order is due on or before September 14, 2021 and the Court will hold the final pretrial conference on September 28. The parties agree that discovery closed on November 13, 2018 and that the Court reset the previous trial date due to COVID-19 restrictions.

## LEGAL STANDARD

"Federal Rule of Civil Procedure 26(a)(2) requires parties to timely disclose their expert witnesses in accordance with any deadlines set by the district court." *Novak v. Board of Trs. of So. Ill. Univ.*, 777 F.3d 966, 972 (7th Cir. 2015). Under Federal Rule of Civil Procedure 37(c)(1), courts have the discretion to bar an expert witness if the party fails to a provide proper and timely

disclosure under Rule 26(a)(2)(B). *Meyers v. National R.R. Passenger Corp. (Amtrak),* 619 F.3d 729, 734 (7th Cir. 2010). The exclusion of non-disclosed evidence is "mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." *Rossi v. City of Chicago,* 790 F.3d 729, 738 (7th Cir. 2015). "The purpose of the report is to provide adequate notice of the substance of the expert's forthcoming testimony and to give the opposing party time to prepare for a response." *Meyers,* 619 F.3d at 734.

## DISCUSSION

In their August 24, 2021 motion, plaintiffs seek leave to disclose the expert report of Michael Walsh, who provided an August 11, 2021 appraisal of the real property at issue in this lawsuit. In their motion, plaintiffs assert that they disclosed an earlier appraisal by Mr. Walsh opining to the fair market value of the property had it been completed on October 3, 2016. Plaintiffs thus argue that this new report merely supplements Mr. Walsh's previous report. Despite plaintiffs' assertion, there is nothing in the record supporting this earlier disclosure. Indeed, defendant strongly objects to plaintiffs' contention that they are merely supplementing a previously disclosed report.

In any event, plaintiffs agree that if the inadequate disclosure is justified or harmless, the Court has discretion to allow the late-filed evidence at trial. This is where plaintiffs' motion fails because they have not established that this very late disclosure, supplemental or otherwise, is justified or harmless. To explain, defendants would be significantly prejudiced by this late disclosure and the onus on curing the late disclosure is on defendants, not plaintiffs, because defendant would be forced to depose Mr. Walsh and possibly retain a rebuttal expert witness. *See Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 417 (7th Cir. 2019). The parties, who are experienced litigators, are fully aware of the time and energy involved in retaining experts, providing experts with information and data for their reports, the time it takes for the expert to complete a report, and the necessity of deposing expert witnesses before trial. Moreover, there are Rule 702/*Daubert* concerns to consider,

2

including the fact that Mr. Walsh was not supplied with the legal description of the subject property or home inspection report before he made his appraisal.

Furthermore, after reviewing Mr. Walsh's report it fails to meet Rule 26(a)(2)(b)'s requirements, including Mr. Walsh's qualifications, other cases where he has testified, and "a complete statement of all opinions the witness will express and the basis and reasons for them." *Meyers,* 619 F.3d at 734.

The Court recognizes that the real estate market has changed since discovery ended in this case, especially due to COVID-19, but the Court set the present trial date on March 9, 2021, at which time plaintiffs should have sought an updated appraisal. Plaintiffs' last minute attempt to supplement their expert report is too prejudicial at this late date to cure.

IT IS SO ORDERED.

Date: 9/7/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge

3