**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| RANDALL EWING and YASMANY GOMEZ ) ) ) | |
| **Plaintiffs,** ) ) | |
| v. ) ) | Case No. 1:16-cv-09930 |
| 1645 W. FARRAGUT, LLC, ) ) | |
| **Defendant.** ) | |

### DEFENDANT'S MOTIONS IN LIMINE

**NOW COME**S Defendant, 1645 W. Farragut, LLC ("1645"), by and through its counsel of record, Grogan, Hesse & Uditsky PC, and move this Court to enter an order *in limine* to order the parties not to mention, refer to, question concerning, remark about, or discuss the following matters, or any exhibits or proposed exhibits relating to those matters, in the presence of jurors or potential jurors, whether during jury selection, opening statement, trial, or final argument, without first obtaining the permission of the Court.:

1. **Bar any reference to Plaintiffs' Motion for Summary Judgment and the Court's Decision with respect to such Motion.**

2. **Bar any reference to alleged homophobic or otherwise discriminatory words or phrases written or stated by Erik Carrier, including use of phrase "fruit cups" or that Ewing and Gomez were "interesting," "crazy," or other similarly vague comments attempting to establish irrelevant and unsubstantiated homophobic prejudice on behalf of Erik Carrier.**

3. **Bar any reference related to Stop Work Order or US Waterproofing's failure to obtain adequate permits with respect to the Project.**

4. **Bar reference to Plaintiff Ewing's experiences as a mortgage broker and/or law clerk with respect to appraisals including but not limited to his opinions or experience with appraisals, and any testimony intended to be introduced by Ewing as an expert in any field.**

5. Bar reference to the MLS listing with respect to allegations regarding the enclosed balcony.

6. Bar reference to and/or questioning of witness Hoppe with respect to appraisals or other matters outside his area of expertise.

7. Bar any reference by Plaintiffs' witnesses, including Randall Ewing, as to potential investment value of withheld escrow funds.

8. Allow introduction of evidence regarding the liquidated damages provision contained in Contract 2 to rebut any reference to "bad faith" (as frequently asserted by Plaintiff Gomez in his deposition transcript) or actions taken by Mr. Carrier post breach of contract.

9. Claim of Illinois Consumer Fraud Act or Illinois Consumer Fraud Act Claim should be brought before jury as trier of fact, or in the alternative, Plaintiffs should be barred from any mention of fraud claims during jury trial.

10. Bar any objections to testimony based on marital privilege; Allow evidence of conversations and actions that occurred/witnessed between Plaintiffs during the time period at issue.

11. Bar any reference to any settlement or settlement negotiations between Plaintiffs and Defendant, whether of this case or any other case. *See* Fed. R. Evid. 408.

12. Bar any reference to the source of money to pay any damages that may be awarded. *See* Fed. R. Evid. 411.

13. Bar any evidence or argument about 1645's alleged failure to call witnesses or evidence, or any speculative argument regarding the substance of testimony of such absent or unavailable witnesses or evidence not presented for trial. Bar any reference to the existence or filing of this Motion in Limine, or to the fact that 1645 has sought to exclude evidence, or to any ruling on the Motion in Limine by the Court.

14. Bar any reference to the fact that 1645 made an objection to interrogatories or document requests, or asserted a claim of privilege, during the pretrial phase of this case.

15. Motion in Limine to Strike Plaintiffs' Affirmative Defenses to 1645 Counterclaim.

16. Bar any reference or argument regarding Michael Walsh's Supplemental Expert Report, dated August 13, 2021.

17. Bar any testimony intended to be introduced by Michael Walsh as an expert in any field.

WHEREFORE, Defendants, by counsel, pray the Court to order the parties and their witnesses *in limine* not to mention, refer, question concerning, remark about, or discuss the matters related above or any exhibits or proposed exhibits relating to them in the presence of jurors or potential jurors, whether during jury selection, opening statement, trial, or final argument, without first obtaining the permission of the Court.

Date: September 14, 2021

Respectfully Submitted,

**1645 W. FARRAGUT, LLC**.

By: /s/Julianne Gerding
One of Its Attorneys

Julianne Gerding
Amy Galvin Grogan
GROGAN, HESSE & UDITSKY P.C.
2 Mid America Plaza, Suite 110
Oakbrook Terrace, IL 60181
630-833-5533
jgerding@ghulaw.com
ARDC: 6318378