UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RANDALL EWING and YASMANY GOMEN, | ) ) ) | CASE NO. 16-CV-9930 |
| Plaintiffs/Counter-Defendants, | ) ) | |
| v. | ) ) | **District Judge Sharon Johnson Coleman** |
| 1645 WEST FARRAGUT, LLC, | ) ) | |
| Defendant/Counter-Plaintiff. | ) | |

# DEFENDANT'S PROPOSED JURY INSTRUCTIONS FOR PLAINTIFFS' CLAIMS

## 3.08 Opinion Testimony

You have heard a witness give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way you judge the testimony from any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Offered by Defendants. Objection by Plaintiffs, as Fed. R. Evid. 701 permits a lay witness to offer opinion testimony under certain conditions if rationally based on the witness's perception. As written this appears to confuse the jury that only qualified experts can offer opinions and/or that any opinion testimony must necessarily be based on special knowledge or skill.

Accepted _____      Rejected _____

Accepted with Modifications _____

**ILLINOIS CONSUMER FRAUD ACT COUNT**

**INSTRUCTION 1**

**60.01 Violation of Statute, Ordinance, or Administrative Regulation (Modified)**

There was in force in the State of Illinois at the time of the occurrence in question a certain statute which provided that:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

If you decide that 1645 W. Farragut, LLC violated the Illinois Consumer Fraud Act on the occasion in question, then your deliberations are complete. Go to Verdict A at the end of this verdict and sign it. If you decide that 1645 W. Farragut, LLC did not violate the Illinois Consumer Fraud Act on the occasion in question, then go to Verdict B at the end of this verdict and sign it.

Offered by Defendants. Objection.

Accepted _____ Rejected _____

Accepted with Modifications _____

**INSTRUCTION 2**

**700.18V Concluding Question for Verdict Form on Issue of Illinois Consumer Fraud Act**

Either Verdict A or Verdict B must be signed by each juror.

**VERDICT A**

We, the jury, find for Randall Ewing, Jr. and Yasmany Gomez and against 1645 W. Farragut, LLC.

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

**VERDICT B**

We the jury, find for 1645 W. Farragut, LLC and against Randall Ewing, Jr. and Yasmany Gomez.

_____        _____

_____        _____

_____          _____

_____          _____

_____          _____

_____          _____

Offered by Defendants. Objection.

Accepted _____          Rejected _____Accepted with Modifications _____

**BREACH OF CONTRACT COUNT**

**INSTRUCTION 1**

**700.02 Breach of Contract Dispute as to Contract Formation**

Under Count I, Randall Ewing and Yasmany Gomez claim they are entitled to recover contract damages from 1645 W. Farragut, LLC for breach of contract. Randall Ewing and Yasmany Gomez have the burden of proving:

[1] The existence of a contract between Randall Ewing, Jr. and Yasmany Gomez, and 1645 W. Farragut, LLC.

[2] Performance by Randall Ewing and Yasmany Gomez of all the obligations in the contract.

[3] 1645 W. Farragut, LLC's failure to perform its obligations under the contract.

[4] Resulting damage to Randall Ewing, Jr. and Yasmany Gomez.

I will explain and define these legal terms elsewhere in these instructions.

If you find from your consideration of all the evidence that one or more of these elements has not been proven, you must find in favor of 1645 W. Farragut, LLC.

Offered by Defendants. Objection.

Accepted _____          Rejected _____

Accepted with Modifications _____

**INSTRUCTION 2 (If Defendant's Motion in Limine is denied)**

**B700.07 Contract – Excuse of Performance – Prior Material Breach**

Randall Ewing, Jr. and Yasmany Gomez's failure to keep their promise is excused, if 1645 W. Farragut, LLC committed a prior, material breach of contract.

When I use the phrase "material breach," I mean the failure to perform a contractual duty that is of such importance that the parties would not have entered into the contract without it. The test is whether the breach is so substantial and fundamental as to defeat the objectives of the parties in making the agreement, or whether the failure to perform renders performance of the rest of the contract different in substance from the original agreement. The breach must be so important as to justify the injured party in treating the whole transaction as ended.

To excuse Randall Ewing, Jr. and Yasmany Gomez's failure to perform, Randall Ewing, Jr. and Yasmany Gomez must prove that 1645 W. Farragut, LLC committed a prior material breach of contract in one or more of the following respects:

> 1645 W. Farragut, LLC made misrepresentations regarding the market value of the property.

> 1645 W. Farragut, LLC made misrepresentations that enclosing the second-story balcony was guaranteed.

> 1645 W. Farragut, LLC was incapable of completing the Contract in the estimated timeframe, regardless of Randall Ewing, Jr. and Yasmany Gomez's actions.

You will address this issue in question 2 on your verdict.

Offered by Defendants. Objection.

Accepted _____          Rejected _____

Accepted with Modifications _____

**VERDICT FORM**

**INSTRUCTION 3**

**700.07V Question for Verdict Form (Performance by Plaintiff)**

1. Did Randall Ewing, Jr. and Yasmany Gomez prove they performed their obligations under the contract?
        YES___NO___

If your answer to question 1 is NO, then your deliberations are complete. You should disregard the remaining numbered questions, and go to Verdict B at the end of this verdict and sign it. If your answer to question 1 is YES, you should then answer question 2.

Offered by Defendants. Objection.

Accepted _____          Rejected _____

Accepted with Modifications _____

**INSTRUCTION 4**

**B700.07V Question for Verdict Form (Excuse of Performance--Prior Material Breach)**

2. Did 1645 W. Farragut, LLC prove that Randall Ewing, Jr. and Yasmany Gomez committed a prior material breach of contract?
   YES___NO___

If your answer to question 2 is YES, then your deliberations are complete. You should disregard the remaining numbered questions, and go to Verdict B at the end of this verdict and sign it. If your answer to question 2 is NO, you should then answer question 3.

Offered by Defendants. Objection.

Accepted ____        Rejected ____

Accepted with Modifications _____

**INSTRUCTION 5**

**700.09 Existence &/or Failure of Condition Precedent—Conditional Promises**

As stated in Instruction 1, the third element Randall Ewing, Jr. and Yasmany Gomez must prove is 1645 W. Farragut, LLC's failure to perform the obligations under the contract. In this case, 1645 W. Farragut, LLC claims the parties agreed that 1645 W. Farragut, LLC did not have to keep its promise unless Randall Ewing, Jr. and Yasmany Gomez made timely efforts to obtain a mortgage commitment.

Randall Ewing, Jr. and Yasmany Gomez have the burden of proving this condition was not part of the contract.

If you find this condition was part of the contract, you must then decide whether the Randall Ewing, Jr. and Yasmany Gomez made timely efforts to obtain a mortgage commitment. If Randall Ewing, Jr. and Yasmany Gomez did not make timely efforts to obtain a mortgage commitment, then Randall Ewing, Jr. and Yasmany Gomez cannot recover.

Offered by Defendants. Objection.

Accepted _____          Rejected _____

Accepted with Modifications _____

**INSTRUCTION 6**

**700.09V Questions for Verdict Form (Existence &/or Failure of Condition Precedent)**

[3A] Did Randall Ewing, Jr. and Yasmany Gomez prove the condition claimed by 1645 W. Farragut, LLC was not a part of the contract?

      YES __ NO __

If your answer to question 3A is NO, then your deliberations are complete. You should disregard the remaining numbered questions, and go to Verdict B at the end of this verdict and sign it. If your answer to question 3A is YES, you should then answer question 2.

[3B] Did Randall Ewing, Jr. and Yasmany Gomez prove the condition to the contract occurred?

      YES __ NO __

If your answer to question 3B is NO, then your deliberations are complete. You should disregard the remaining numbered questions, and go to Verdict B at the end of this verdict and sign it. If your answer to question 3B is YES, you should then answer question 4.

Offered by Defendants. Objection.

Accepted ____          Rejected ____

Accepted with Modifications _____

**INSTRUCTION 7**

**700.11 Damages to Plaintiff as a Result of Defendant's Breach**

You must decide whether Randall Ewing, Jr. and Yasmany Gomez sustained damages as a result of 1645 W. Farragut, LLC's breach of the contract.

As stated in Instruction 1, the fourth element of a contract claim is damages. Randall Ewing, Jr. and Yasmany Gomez must prove they sustained damage resulting from 1645 W. Farragut, LLC's breach. To recover on their claim, Randall Ewing, Jr. and Yasmany Gomez must prove that because of 1645 W. Farragut, LLC's failure to perform the contract, they have been damaged.

1645 W. Farragut, LLC denies Randall Ewing, Jr. and Yasmany Gomez sustained damage to the extent claimed. You will address the issues in question 4 on your verdict.

Offered by Defendants. Objection.

Accepted _____        Rejected _____

Accepted with Modifications _____

**INSTRUCTION 8**

**700.11V Question for Verdict Form (for 700.11 Damages to Plaintiff as a Result of Defendant's Breach)**

4. Did Randall Ewing, Jr. and Yasmany Gomez prove they sustained damages resulting from 1645 W. Farragut, LLC's breach?

       YES ___ NO ___

If your answer to question 4 is NO, then your deliberations are complete. You should disregard the remaining numbered questions, and go to Verdict B at the end of this verdict and sign it. If your answer to question 4 is YES, you should then answer the following questions.

Offered by Defendants. Objection.

Accepted ____          Rejected ____

Accepted with Modifications _____

**INSTRUCTION 9**

**700.15 Damages: Measure for Seller's Breach**

If you find in favor of Randall Ewing, Jr. and Yasmany Gomez, you must then decide how much money, if any, would fairly compensate Randall Ewing, Jr. and Yasmany Gomez for 1645 W. Farragut, LLC's breach of contract. Randall Ewing, Jr. and Yasmany Gomez have the burden of proving each element of damages claimed and that they occurred as a direct and natural result of 1645 W. Farragut, LLC's breach. In calculating Randall Ewing, Jr. and Yasmany Gomez' s damages, you should determine that sum of money that will put Randall Ewing, Jr. and Yasmany Gomez in as good a position as they would have been in if 1645 W. Farragut, LLC had performed all of its promises under the contract.

Randall Ewing, Jr. and Yasmany Gomez seek an award of several different categories of contract damages.

[1] Direct Damages for:

The Direct Damage amount is the value of the contract benefits Randall Ewing, Jr. and Yasmany Gomez proved they should have received or recovered due to the fact the 1645 W. Farragut, LLC breached the contract.

"Direct Damages" are the amount of gain Randall Ewing, Jr. and Yasmany Gomez would have received if both parties had fully performed the contract.

The measure of *direct damages* in this case is the contract price minus the fair market value of the property at the time Randall Ewing, Jr. and Yasmany Gomez was supposed to get the property, minus the contract price minus the unpaid portion of the contract price.

The fair market value of the property is the amount a willing seller and buyer would agree upon for the property if both were fully informed about the property and neither of them was under any particular pressure to buy or sell.

[3] Incidental damages for:

Costs to rent in Chicago, Illinois from October 2016 to December 2017 incurred due to the fact that 1645 W. Farragut, LLC breached the contract.

Incidental damages are different from direct damages.

"Incidental Damages" are costs that were reasonably spent either in responding to 1645 W. Farragut, LLC's breach of the contract or in securing the benefits 1645 W. Farragut, LLC was to have provided.

You will address these issues in question 4 on your verdict.

Offered by Defendants. Plaintiff objects as not including the full spectrum of harm resulting had Defendant not breached the contract.

Accepted \_\_\_\_          Rejected \_\_\_\_

Accepted with Modifications \_\_\_\_\_

**INSTRUCTION 10**

**700.15V Questions for Verdict Form (Seller's Breach) (Modified)**

[4A] Did Randall Ewing, Jr. and Yasmany Gomez prove they sustained damages?
    YES __ NO __

If your answer to question 4A is NO, then your deliberations are complete. You should disregard the remaining numbered questions, and go to Verdict B at the end of this verdict and sign it. If your answer to question 4A is YES, you should then answer question 4B.

[4B] Did Randall Ewing, Jr. and Yasmany Gomez prove these damages were caused by 1645 W. Farragut, LLC's breach of the contract?
    YES __ NO __

If your answer to question 4B is NO, then your deliberations are complete. You should disregard the remaining numbered questions, and go to Verdict B at the end of this verdict and sign it. If your answer to question 4B is YES, you should then answer question 4C.

[4C] Did Randall Ewing, Jr. and Yasmany Gomez present evidence from which you can determine the fair and reasonable value of the loss?
    YES __ NO __

If your answer to question 4C is NO, then your deliberations are complete. You should disregard the remaining numbered questions, and go to Verdict B at the end of this verdict and sign it. If your answer to question 4C is YES, you should then answer question 4D, go to Verdict A at the end of this verdict, and sign it.

[4D] *To determine Direct Damages*:

    [i] the fair market value of the property at the time of 1645 W. Farragut, LLC's breach:

                                                                [a] = $_____

    [ii] the contract price

                                    PLUS

    The amount of money Randall Ewing, Jr. and Yasmany Gomez have actually received from 1645 W. Farragut, LLC:

                                                                [b] = $_____

    [iii] Randall Ewing, Jr. and Yasmany Gomez 's Total Direct Damages (a minus b):

                                                                [c] = $_____

[4E] *Incidental Damages*: the amount Randall Ewing, Jr. and Yasmany Gomez proved were reasonably spent responding to 1645 W. Farragut, LLC's breach of the contract.

[d]= $_____

[4F] TOTAL DAMAGES = [4Dc] + [4Ed]

[e]= $_____

WE, THE JURY, AWARD Randall Ewing, Jr. and Yasmany Gomez $_____

Offered by Defendants. Objection.

Accepted _____          Rejected _____

Accepted with Modifications _____

**FRAUD COUNT (Depending on Outcome of Defendant's Motion in Limine)**

**INSTRUCTION 1**

**800.01 Fraud and Deceit—Fraudulent Misrepresentation—Issues Made by the Pleadings—Fraud—One Defendant**

Randall Ewing, Jr. and Yasmany Gomez claim that 1645 W. Farragut, LLC made the following statements:

> That Randall Ewing, Jr. and Yasmany Gomez were guaranteed enclosure of the second-story balcony.

> That the asking price of $1,175,000.00 for the property was fair due to the $1,150,000.00 asking price of the adjacent property.

> That 1645 W. Farragut, LLC understood Randall Ewing, Jr. and Yasmany Gomez to be contractually inseparable regarding a mortgage commitment on the property.

> That 1645 W. Farragut, LLC was able to complete the contract in the estimated timeframe.

Randall Ewing, Jr. and Yasmany Gomez further claim that the statements were false statements of material facts.

Randall Ewing, Jr. and Yasmany Gomez further claim that 1645 W. Farragut, LLC knew the statements were false.

Randall Ewing, Jr. and Yasmany Gomez further claim that 1645 W. Farragut, LLC made the statements with the intent to induce Randall Ewing, Jr. and Yasmany Gomez to enter into the contracts.

Randall Ewing, Jr. and Yasmany Gomez further claim that they reasonably believed the statements and entered into the contracts in justifiable reliance on the truth of the statements.

Randall Ewing, Jr. and Yasmany Gomez further claim that they sustained damages as the result of their reliance.

1645 W. Farragut, LLC denies that it made false statements of facts, denies that any claimed statements were material, denies that it knew the claimed statements to be false, denies that it intended to induce Randall Ewing, Jr. and Yasmany Gomez to enter into the contracts through those statements, denies that Randall Ewing, Jr. and Yasmany Gomez reasonably believed the claimed statements or entered into the contracts in justifiable reliance on the truth of the statements, and denies that damage resulted to Randall Ewing, Jr. and Yasmany Gomez from their reliance.

Offered by Defendants. Objection.

Accepted _____     Rejected _____

Accepted with Modifications _____

**INSTRUCTION 2**

**800.05 Fraud and Deceit—Measure of Damages**

If you decide for Randall Ewing, Jr. and Yasmany Gomez on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate them for any of the following elements of damages proved by the evidence to have resulted from the conduct of 1645 W. Farragut, LLC:

Increased cost to purchase a home at the time Randall Ewing, Jr. and Yasmany Gomez were supposed to get the property.

Costs to rent in Chicago following termination of the contract.

Costs incidental to performing the contract.

Whether any of these elements of damages has been proved by the evidence is for you to determine.

Offered by Defendants. Objection.

Accepted _____        Rejected _____

Accepted with Modifications _____

**INSTRUCTION 3**

**800.06 Fraud and Deceit—Punitive/Exemplary Damages—Willful and Wanton Conduct—Malicious and Willful Conduct—Violation of Trust and Confidence**

If you find for Randall Ewing, Jr. and Yasmany Gomez and if you find 1645 W. Farragut, LLC's conduct was malicious and willful and caused damage to Randall Ewing, Jr. and Yasmany Gomez, and if you believe that justice and the public good require it, you may, in addition to any other damages to which you find Randall Ewing, Jr. and Yasmany Gomez entitled, award an amount which will serve to punish 1645 W. Farragut, LLC and to deter 1645 W. Farragut, LLC and others from similar conduct.

Offered by Defendants. Objection.

Accepted _____        Rejected _____

Accepted with Modifications _____

**INSTRUCTION 4**

**800.07 Fraud and Deceit—Punitive/Exemplary Damages—Liability of Corporate Principal for the Act of an Agent**

1645 W. Farragut, LLC is a company and can act only through its officers and employees. As Randall Ewing, Jr. and Yasmany Gomez's claim for compensatory damages against 1645 W. Farragut, LLC, any act or omission of an officer or employee within the scope of his employment is the action or omission of 1645 W. Farragut, LLC.

As to Randall Ewing, Jr. and Yasmany Gomez's claim for punitive damages against 1645 W. Farragut, LLC, a different rule applies. Punitive damages may be awarded against 1645 W. Farragut, LLC only if (1) you find in favor of Randall Ewing, Jr. and Yasmany Gomez and against 1645 W. Farragut, LLC under Count I of the complaint, and (2) you find the officer's or employee's conduct was malicious and willful, and (3) you find that, as to the act(s) or omission(s) giving rise to liability under Count I, one or more of the following conditions are met:

 (a) 1645 W. Farragut, LLC, through its management, authorized the doing and the manner of the act or omission;

 (b) [The act or omission was that of a managerial employee who was acting in the scope of his employment; or

 (c) 1645 W. Farragut, LLC, through its management or a managerial employee, ratified or approved the act or omission.

If you find for Randall Ewing, Jr. and Yasmany Gomez and against 1645 W. Farragut, LLC under Count I of the complaint, and if you further find that the officer's or employee's conduct was malicious and willful, and if you further find that one or more of these conditions are met, and if you further believe that justice and the public good require it, you may, in addition to any other damages to which you find Randall Ewing, Jr. and Yasmany Gomez entitled, award an amount which will serve to punish 1645 W. Farragut, LLC and to deter 1645 W. Farragut, LLC and others from similar conduct.

Offered by Defendants. Objection.

Accepted _____ Rejected _____

Accepted with Modifications _____

**INSTRUCTION 5**

**Questions for Verdict Form**

[1] Did Randall Ewing, Jr. and Yasmany Gomez prove that 1645 W. Farragut, LLC made false statements of material fact?

     YES __ NO __

If your answer to question 1 is NO, then your deliberations are complete. You should disregard the remaining numbered questions, and go to Verdict B at the end of this verdict and sign it. If your answer to question 1 is YES, you should then answer question 2.

[2] Did Randall Ewing, Jr. and Yasmany Gomez prove that 1645 W. Farragut, LLC knew these statements were false?

     YES __ NO __

If your answer to question 2 is NO, then your deliberations are complete. You should disregard the remaining numbered questions, and go to Verdict B at the end of this verdict and sign it. If your answer to question 2 is YES, you should then answer question 3.

[3] Did Randall Ewing, Jr. and Yasmany Gomez prove that 1645 W. Farragut, LLC made the false statements with the intent to induce Randall Ewing, Jr. and Yasmany Gomez to enter into the contracts?

     YES __ NO __

If your answer to question 3 is NO, then your deliberations are complete. You should disregard the remaining numbered questions, and go to Verdict B at the end of this verdict and sign it. If your answer to question 3 is YES, you should then answer question 4.

[4] Did Randall Ewing, Jr. and Yasmany Gomez prove that they reasonably believed the false statements and entered into the contracts in justifiable reliance on the truth of the statements?

     YES __ NO __

If your answer to question 4 is NO, then your deliberations are complete. You should disregard the remaining numbered questions, and go to Verdict B at the end of this verdict and sign it. If your answer to question 4 is YES, you should then answer question 5.

[5] Did Randall Ewing, Jr. and Yasmany Gomez present evidence from which you can determine the fair and reasonable value of the loss?

     YES __ NO __

If your answer to question 5 is NO, then your deliberations are complete. You should disregard the remaining numbered questions, and go to Verdict B at the end of this verdict and sign it. If your answer to question 5 is YES, you should then answer question 6, go to Verdict A at the end of this verdict, and sign it.

[6] *To determine Compensatory Damages*:

   [a] Increased cost to purchase a home at the time Randall Ewing, Jr. and Yasmany Gomez were supposed to get the property:

   [i] = $_____

   [b] Costs to rent in Chicago following termination of the contract:

   [ii] = $_____

   [c] Costs incidental to performing the contract:

   [iii] = $_____

   [d] Randall Ewing, Jr. and Yasmany Gomez 's Total Compensatory Damages (a plus c plus c):

   [iv] = $_____

[7] *Punitive/Exemplary Damages*: the amount which will serve to punish 1645 W. Farragut, LLC and others from similar conduct, if found to be malicious and willful:

   [v]= $_____

[8] TOTAL DAMAGES = [iv] + [v]

   [vi]= $_____

   WE, THE JURY, AWARD Randall Ewing, Jr. and Yasmany Gomez $_____

Offered by Defendants. Objection.

Accepted _____     Rejected _____

Accepted with Modifications _____

**INSTRUCTION 6**

**700.18V Concluding Question for Verdict Form on Issue of Fraud**

Either Verdict A or Verdict B must be signed by each juror.

**VERDICT A**

We, the jury, find for Randall Ewing, Jr. and Yasmany Gomez and against 1645 W. Farragut, LLC in the amount of  $_____.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

**VERDICT B**

We the jury, find for 1645 W. Farragut, LLC and against Randall Ewing, Jr. and Yasmany Gomez.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

Offered by Defendants. Objection.

Accepted _____        Rejected _____

Accepted with Modifications _____

# DEFENDANT'S PROPOSED JURY INSTRUCTIONS FOR COUNTERCLAIM

**BREACH OF CONTRACT COUNT**

**700.02 Breach of Contract Dispute as to Contract Formation**

**INSTRUCTION 1**

Under Count I, 1645 W. Farragut, LLC claims it is entitled to recover contract damages from Randall Ewing, Jr. and Yasmany Gomez for breach of contract. 1645 W. Farragut, LLC has the burden of proving:

[1] The existence of a contract between Randall Ewing, Jr. and Yasmany Gomez, and 1645 W. Farragut, LLC

[2] Performance by 1645 W. Farragut, LLC of all the obligations in the contract.

[3] Randall Ewing, Jr. and Yasmany Gomez's failure to perform its obligations under the contract.

[4] Resulting damage to 1645 W. Farragut, LLC.

I will explain and define these legal terms elsewhere in these instructions.

If you find from your consideration of all the evidence that one or more of these elements has not been proven, you must find in favor of Randall Ewing, Jr. and Yasmany Gomez.

Offered by Defendants. Objection.

Accepted _____          Rejected _____

Accepted with Modifications _____

**INSTRUCTION 2**

**700.07 Performance by Plaintiff**

As stated in Instruction 1, as the second element of a contract claim, 1645 W. Farragut, LLC must prove it performed all obligations required of it under the contract. To recover on its claim, 1645 W. Farragut, LLC must prove it did what the contract required it to do or had a valid excuse for not doing so, as follows:

      1645 W. Farragut, LLC discussed possible changes to the Property with Randall Ewing, Jr. and Yasmany Gomez.

      1645 W. Farragut, LLC communicated with Randall Ewing, Jr. and Yasmany Gomez to advise that it could not confirm that enclosing a porch could be done for this Property.

      1645 W. Farragut, LLC sent at least three notices to Randall Ewing, Jr. and Yasmany Gomez to complete material selections to avoid further delay on the Property's construction.

      1645 W. Farragut, LLC sent notice to Randall Ewing, Jr. and Yasmany Gomez to exercise its rights, as seller, to obtain financing for Randall Ewing, Jr. and Yasmany Gomez, after Randall Ewing, Jr. and Yasmany Gomez advised 1645 W. Farragut that they were unable to obtain financing commitment.

      1645 W. Farragut, LLC provided contact information for four (4) mortgage brokers for Randall Ewing, Jr. and Yasmany Gomez to contact and apply for financing.

      One of the four seller selected lenders was able to obtain a loan for Randall Ewing, Jr. alone but that both Randall Ewing, Jr. and Yasmany Gomez would be on title of the property.

      Prior to entering into the Contract, Randall Ewing, Jr. was pre-approved alone for financing.

You will address this issue in question 2 on your verdict.

Offered by Defendants. Objection.

Accepted ____          Rejected ____

Accepted with Modifications _____

**INSTRUCTION 3**

**B700.07 Contract – Excuse of Performance – Prior Material Breach**

Randall Ewing, Jr. and Yasmany Gomez's failure to keep their promise is excused, if 1645 W. Farragut, LLC committed a prior, material breach of contract.

When I use the phrase "material breach," I mean the failure to perform a contractual duty that is of such importance that the parties would not have entered into the contract without it. The test is whether the breach is so substantial and fundamental as to defeat the objectives of the parties in making the agreement, or whether the failure to perform renders performance of the rest of the contract different in substance from the original agreement. The breach must be so important as to justify the injured party in treating the whole transaction as ended.

To excuse Randall Ewing, Jr. and Yasmany Gomez's failure to perform, Randall Ewing, Jr. and Yasmany Gomez must prove that 1645 W. Farragut, LLC committed a prior material breach of contract in one or more of the following respects:

> 1645 W. Farragut, LLC made misrepresentations regarding the market value of the property.

> 1645 W. Farragut, LLC made misrepresentations that enclosing the second-story balcony was guaranteed.

> 1645 W. Farragut, LLC was incapable of completing the Contract in the estimated timeframe, regardless of Randall Ewing, Jr. and Yasmany Gomez's actions.

You will address this issue in question 2 on your verdict.

Offered by Defendants if Defendant's Motion in Limine is denied. Objection.

Accepted _____          Rejected _____

Accepted with Modifications _____

B700.07 Contract--Excuse of Performance--Prior Material Breach

Randall Ewing's and Yasmany Gomez's failure to keep their promise is excused if 1645 West Farragut LLC committed a prior, material breach of contract.

When I use the phrase "material breach," I mean the failure to perform a contractual duty that is of such importance that the parties would not have entered into the contract without it. The test is whether the breach is so substantial and fundamental as to defeat the objectives of the parties in making the agreement, or whether the failure to perform renders performance of the rest of the contract different in substance from the original agreement. The breach must be so important as to justify the injured party in treating the whole transaction as ended.

To excuse Randall Ewing's and Yasmany Gomez's failure to perform, they must prove that 1645 West Farragut LLC committed a prior material breach of contract in one or more of the following respects:

1. Misrepresented that the property complied with building codes and/or had proper permits for work already performed and failed to disclose the stop work order.

2. Failed to enclose the second-floor balcony.

3. Told Randall Ewing and Yasmany Gomez that more than $7,000 would be claimed from their earnest money for delays in making selections despite 1645 West Farragut LLC being unable to perform any work at the time.

4. Lowered the price on 1651 West Farragut by $80,000 while the parties were performing the contract on 1645 West Farragut.

5. 1645 W. Farragut, LLC was incapable of completing the Contract in the estimated timeframe, regardless of Randall Ewing, Jr. and Yasmany Gomez's actions.

You will address this issue in question 4 of Plaintiffs' Jury Questions for Breach of Contract Verdict Form.

Offered by Plaintiffs. Objection due to inclusion of issues subject to pending motions in limine. Objection also as to inclusion of issues not in Complaint.

Accepted _____        Rejected _____

Accepted with Modifications _____

**INSTRUCTION 4**

**700.02V Questions for Verdict Form (to be used in conjunction with 700.02 Breach of Contract--Dispute as to Contract Formation)**

1. Did 1645 W. Farragut, LLC, Gomez prove there was a contract?
YES ___ NO ___

If your answer to question 1 is NO, then your deliberations are complete. You should disregard the remaining numbered questions, and go to Verdict B at the end of this verdict and sign it. If your answer to question 1 is YES, you should then answer question 2.

2. Did 1645 W. Farragut, LLC prove it performed its obligations under the contract?
YES ___ NO ___

If your answer to question 2 is NO, then your deliberations are complete. You should disregard the remaining numbered questions, and go to Verdict B at the end of this verdict and sign it. If your answer to question 2 is YES, you should then answer question 3.

3. Did 1645 W. Farragut, LLC prove Randall Ewing, Jr. and Yasmany Gomez breached the contract by their failure to perform his obligations under the contract?

YES ___ NO ___

If your answer to question 3 is NO, then your deliberations are complete. You should disregard the remaining numbered questions, and go to Verdict B at the end of this verdict and sign it. If your answer to question 3 is YES, you should then answer 4.

4. Did 1645 W. Farragut, LLC prove it sustained damages resulting from Randall Ewing, Jr. and Yasmany Gomez's breach?

YES ___ NO ___

If your answer to question 4 is NO, then your deliberations are complete. You should disregard the remaining numbered questions, and go to Verdict B at the end of this verdict and sign it. If your answer to question 4 is YES, you should then answer the questions below.

**700.13 Damages**

If you find in favor of 1645 W. Farragut, LLC, you must then decide how much money, if any, would fairly compensate 1645 W. Farragut, LLC for Randall Ewing, Jr. and Yasmany Gomez's breach of contract. 1645 W. Farragut, LLC has the burden of proving each element of damages claimed and that they occurred as a direct and natural result of Randall Ewing, Jr. and Yasmany Gomez's breach. In calculating 1645 W. Farragut, LLC' s damages, you should determine that

sum of money that will put 1645 W. Farragut, LLC in as good a position as he would have been in if both Randall Ewing, Jr. and Yasmany Gomez had performed all of their promises under the contract.

[1] "Direct Damages" are the amount of gain 1645 W. Farragut, LLC would have received if both parties had fully performed the contract. You calculate the amount of this gain by determining the value of the contract benefits 1645 W. Farragut, LLC did not receive because of Randall Ewing, Jr. and Yasmany Gomez's breach and then subtracting from that value, the amount you calculate the value of whatever expenses 1645 W. Farragut, LLC saved because of the breach.

> The Direct Damage amount is the value of the contract benefits 1645 W. Farragut, LLC proved they should have received or recovered due to the fact the Randall Ewing, Jr. and Yasmany Gomez abandoned the contract:
> = $_____

[3] Incidental damages for:

> Loan Interest, Property Insurance, Property Tax, Utilities, Construction Rentals, Professional Fees, and Attorneys' Fees incurred due to the fact that Randall Ewing, Jr. and Yasmany Gomez abandoned the contract.

Incidental damages are different from direct special damages. "Incidental Damages" are costs that were reasonably spent either in responding to Randall Ewing, Jr. and Yasmany Gomez's breach of the contract or in securing the benefits Randall Ewing, Jr. and Yasmany Gomez were to have provided. You will address these issues in questions 4, 5, and 6 on your verdict.

Offered by Defendants. Objection.

Accepted _____          Rejected _____

Accepted with Modifications _____

**INSTRUCTION 5**

**700.14V Questions for Verdict Form (For Damages--Buyer's Breach)**

[1] Did 1645 W. Farragut, LLC prove it sustained damages?
        YES __ NO __

If your answer to question 1 is NO, then your deliberations are complete. You should disregard the remaining numbered questions, and go to Verdict B at the end of this verdict and sign it. If your answer to question 1 is YES, you should then answer question 2.

[2] Did 1645 W. Farragut, LLC prove these damages were caused by Randall Ewing, Jr. and Yasmany Gomez's breach of the contract?
        YES __ NO __

If your answer to question 2 is NO, then your deliberations are complete. You should disregard the remaining numbered questions, and go to Verdict B at the end of this verdict and sign it. If your answer to question 2 is YES, you should then answer question 3.

[3] Did 1645 W. Farragut, LLC present evidence from which you can determine the fair and reasonable value of the loss?
        YES __ NO __

If your answer to question 3 is NO, then your deliberations are complete. You should disregard the remaining numbered questions, and go to Verdict B at the end of this verdict and sign it. If your answer to question 3 is YES, you should then answer question 4.

[4] To determine Direct Damages:

        [a] the contract price 1645 W. Farragut, LLC proved: [a] = $_____

        [b] the fair market value of the property at the time of defendant's breach PLUS the amount of money 1645 W. Farragut, LLC has actually received from Randall Ewing, Jr. and Yasmany Gomez: [b] = $_____

        [c] 1645 W. Farragut, LLC's Total Direct Damages (a minus b): [-] = $_____

[5] Incidental Damages: the amount 1645 W. Farragut, LLC proved were reasonably spent [responding to Randall Ewing, Jr. and Yasmany Gomez's breach of the contract.

        = $_____

[6] TOTAL DAMAGES = [4] + [5] = $_____

WE, THE JURY, AWARD 1645 W. Farragut, LLC $_____

Offered by Defendants. Objection.

Accepted _____        Rejected _____

Accepted with Modifications _____