**General Jury Instructions**

**BEFORE TRIAL**

**INSTRUCTION 1**

**1.01(A) Preliminary Cautionary Instructions**

[1] Before opening statements, I will instruct you as to the law and your duties.

[2] The law regarding this case is contained in the instructions I will give to you. I will give some instructions now and all of the instructions at the close of evidence, before you retire to make your decision. You must consider the Court's instructions as a whole, not picking out some instructions and disregarding others.

[3] It is your duty to resolve this case by determining the facts based on the evidence and following the law given in the instructions. Your verdict must not be based upon speculation, prejudice, or sympathy. Each party, whether a company or an individual, should receive your same fair consideration. My rulings, remarks or instructions do not indicate any opinion as to the facts.

[4] You will decide what facts have been proven. Facts may be proven by evidence or reasonable inferences drawn from the evidence. Evidence consists of the testimony of witnesses you will hear and of exhibits admitted by the court. You should consider all the evidence without regard to which party produced it. You may use common sense gained from your experiences in life, in evaluating what you see and hear during trial.

[5] You are the only judges of the credibility of the witnesses. You will decide the weight to be given to the testimony of each of them. In evaluating the credibility of a witness, you may consider that witness' ability and opportunity to observe, memory, manner, interest, bias, qualifications, experience, and any previous inconsistent statement or act by the witness concerning an issue important to the case.

[6] You should not do any independent investigation or research on any subject relating to the case. What you may have seen or heard outside the courtroom is not evidence. This includes any press, radio, or television programs and it also includes any information available on the Internet. Such programs, reports, and information are not evidence and your verdict must not be influenced in any way by such material.

[7] For example, you must not use the Internet, including Google or any other sources that you might use every day, to search for any information about the case, or the law which applies to the case, or the people involved in the case, including the parties, witnesses, lawyers, and judge.

[8] During the course of the trial, do not discuss this case with anyone--not even your own families or friends, and also not even among yourselves--until at the end of the trial when you have retired to the jury room to deliberate on your verdict. Even though this is hard to do, it will be a violation of these instructions and your oath if you discuss the case with anyone else.

[9] You must not provide any information about the case to anyone by any means at all, and this includes posting information about the case, or your thoughts about it, on any device or Internet site, including blogs, chat-rooms, or any social-networking websites, such as Facebook, Twitter or any other means.

[10] You cannot use any electronic devices or services to communicate about this case, and this includes cell-phones, smart-phones, lap-tops, the Internet, and any other tools of technology. The use of any such devices or services in connection with your duties is prohibited.

[11] The reason for these instructions is that your verdict must be based only on the evidence presented in this courtroom and the law I will provide to you in my instructions. It would be unfair to the parties and a violation of your oath to base your decision on information from outside this courtroom. You should feel free to remind each other that your verdict is to be based only on the evidence admitted in court and that you cannot use information from any other sources. If you become aware of any violation of these instructions, it is your legal duty to report this to me immediately.

[12] Disobeying these instructions could cause a mistrial, meaning all of our efforts have been wasted and we would have to start over again with a new trial. If you violate these instructions you could be found in contempt of court.

[13] Pay close attention to the testimony as it is given. At the end of the trial you must make your decision based on what you recall of the evidence. You will not receive a written transcript of the testimony when you retire to the jury room.

[14] An opening statement is what an attorney expects the evidence will be. A closing argument is given at the conclusion of the case and is a summary of what an attorney contends the evidence has shown. If any statement or argument of an attorney is not supported by the law or the evidence, you should disregard that statement or argument.

[15] During this trial, you may be permitted to ask questions of witnesses, but you must follow the procedures that I describe:

If you have a question for a witness and you believe the answer would be helpful to you in understanding the case, then after the lawyers have completed their questions, but before that witness is excused, I will give you a chance to submit your question in writing.

I will have you write your question on a piece of paper and hand it to the bailiff. You should not write your name or juror number with the question. Also, you should not discuss your questions with your fellow jurors at this time.

You may submit one or more questions or no question at all. It is up to you. Please keep in mind, though, that you should only ask a question if you think it is important to your ability to decide the issues in this case fairly. You should be sure you are asking a question and not making a comment. You should not use your questions to argue with a witness or to express opinions about a witness's testimony. Your role is to be an impartial fact-finder. The purpose of your question should be to clarify testimony that you have not understood or that has failed to address a factual question that you believe is important. After the bailiff has collected the pieces of paper and given them to me, I will decide whether the law allows the question to be asked of the witness. Not all questions can be asked or asked using the wording that was submitted. The rules of evidence might not permit me to ask your question. You shall not concern yourself with the reason for the exclusion or modification of any question submitted. If I cannot ask your question or if I rephrase it, please do not be offended and do not let it affect your judgment of the evidence or the witness in any way.

If the question is allowed, I will ask the question of the witness and the attorneys may then ask some follow-up questions. Please do not speak directly to me, the lawyers, or the witnesses.

Offered by Plaintiffs and Defendants

Accepted _____        Rejected _____

Accepted with Modifications _____

## 50.02 Principal Sued But Not Agent

In this case you will hear testimony about and exhibits involving Erik Carrier. Erik Carrier was the agent of 1645 West Farragut LLC at the time. Therefore, any act or omission of Erik Carrier at that time was in law the act or omission of 1645 West Farragut LLC.

Offered by Plaintiffs. No Objection by Defendant.

Accepted _____          Rejected _____

Accepted with Modifications _____

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

I have taken judicial notice of certain facts. You must accept those facts as proved. The facts that have already been proved are as follow:

Randall Ewing and Yasmany Gomez began discussing the purchase of 1645 West Farragut with their realtor and 1645 West Farragut LLC's realtor, Erik Carrier, in March 2016. At that time, 1645 West Farragut was in the process of being gutted and renovated, and Mr. Carrier estimated that the project would take another six months to complete. Mr. Carrier told the plaintiffs' real estate agent, Timothy Zielonka, that all of the work performed to date, including the excavation and underpinning of the basement, was properly permitted and compliant with building codes.

In February and March 2016, however, Mr. Carrier had become aware that the underpinning of the basement had not been properly permitted and that work on the property could not continue until corrected and permitted. On April 17, 2016, the parties executed the 6.1 Residential Real Estate Contract for the purchase of 1645 West Farragut, with an estimated date of completion of October 3, 2016. Pursuant to the modification, Randall Ewing and Yasmany Gomez tendered $117,500 to be held in escrow by D'Aprile Properties. The modification contained a contingency providing that Randall Ewing and Yasmany Gomez were to obtain a mortgage commitment by August 15, 2016 and that, if they could not do so, 1645 West Farragut would have the right to obtain a mortgage commitment for them on its own by October 15, 2016, or the contract became voidable.

On June 6, 2016, the City of Chicago placed a stop work order on 1645 West Farragut as a result of the unpermitted and excavation and underpinning work. An adequate permit was not obtained until August 26, 2016, and the stop work order remained in effect until November 23, 2016. 1645 West Farragut never informed plaintiffs of the existence of the stop work order or its cause.

On August 15, 2016, the plaintiffs informed 1645 West Farragut that they had been unable to obtain a mortgage commitment. The defendant was similarly unable to obtain a mortgage commitment for Randall Ewing and Yasmany Gomez by October 15, 2016. Although one lender indicated it was willing to issue a mortgage to Randall Ewing, plaintiffs refused to proceed if the mortgage was not in both of their names. Even if Ewing and Gomez had agreed, moreover, they would not have been able to obtain a mortgage commitment by October 15, 2016 due to the work stoppage order then in effect.

On October 16, 2016, counsel for the plaintiffs sent a letter to counsel for 1645, stating only that because the defendant was unable to obtain a mortgage commitment, the agreement between the parties was "null and void." On October 21, 2016, counsel for 1645 West Farragut sent a letter to counsel for Randall Ewing and Yasmany Gomez stating that Randall Ewing and Yasmany Gomez were in

breach of the contract, the contract was terminated, and that 1645 West Farragut would be retaining their $117,500 in earnest money.

As a result of these undisputed facts, I have concluded as a matter of law that 1645 W. Farragut LLC committed fraud and violated the Illinois Consumer Fraud Act with respect to the work performed without permits and the stop work order. Your responsibility is to determine what damages, if any, were caused by this fraud and violation of the Illinois Consumer Fraud Act, and then to determine the remainder of the parties' claims. You must not render any verdict inconsistent with these facts.

Offered by Plaintiffs. Objection by Defendant as to stipulation of facts and/or judicial admissions.

Accepted _____        Rejected _____

Accepted with Modifications _____

## 2.01. CAUTIONARY INSTRUCTION BEFORE RECESS

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

Offered by Plaintiffs. No Objection by Defendant.

Accepted _____        Rejected _____

Accepted with Modifications _____

## 2.08. DEPOSITION AND DECLARATION AS SUBSTANTIVE EVIDENCE

A deposition and declarations are the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth, and for depositions lawyers for each party may ask questions. The deposition questions and answers are recorded.

The deposition or declaration of [Witness], which was taken on [date], is about to be presented to you. Deposition and declaration testimony are entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Offered by Plaintiffs. Objection, due to Defense Objection to Testimony by Deposition or Declaration.

Accepted _____        Rejected _____

Accepted with Modifications _____

.

## 2.09. USE OF INTERROGATORIES

Evidence will now be presented to you in the form of written answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before this trial in response to written questions.

You must give the answers the same consideration as if the answers were made from the witness stand.

Offered by Plaintiffs. Objection, due to Defense Objection to Use of Interrogatories as Evidence.

Accepted _____        Rejected _____

Accepted with Modifications _____

# <u>AFTER TRIAL – GENERAL INSTRUCTIONS</u>

**1.01 Preliminary Cautionary Instructions (Modified)**


[1] Now that the evidence has concluded, I will instruct you as to the law and your duties.

[2] The law regarding this case is contained in the instructions I will give to you. You must consider the Court's instructions as a whole, not picking out some instructions and disregarding others.

[3] It is your duty to resolve this case by determining the facts based on the evidence and following the law given in the instructions. You must follow these instructions, even if you disagree with them. Your verdict must not be based upon speculation, prejudice, or sympathy. Each party, whether a corporation or an individual, should receive your same fair consideration. You should not be influenced by any person's race, national ancestry, or sexual orientation. My rulings, remarks or instructions do not indicate any opinion as to the facts. Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

[4] You will decide what facts have been proven. Facts may be proven by evidence or reasonable inferences drawn from the evidence. Evidence consists of the testimony of witnesses and of exhibits admitted by the court. You should consider all the evidence without regard to which party produced it. You may use common sense gained from your experiences in life, in evaluating what you see and hear during trial.

[5] You are the only judges of the credibility of the witnesses. You will decide the weight to be given to the testimony of each of them. In evaluating the credibility of a witness, you may consider that witness' ability and opportunity to observe, memory, manner, interest, bias, qualifications, experience, and any previous inconsistent statement or act by the witness concerning an issue important to the case.




Offered by Plaintiffs and Defendants

Accepted _____          Rejected _____

Accepted with Modifications _____

## 1.04 EVIDENCE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

As a reminder, I have taken judicial notice of certain facts. You must accept those facts as proved. The facts that have already been proved are as follow:

Randall Ewing and Yasmany Gomez began discussing the purchase of 1645 West Farragut with their realtor and 1645 West Farragut LLC's realtor, Erik Carrier, in March 2016. At that time, 1645 West Farragut was in the process of being gutted and renovated, and Mr. Carrier estimated that the project would take another six months to complete. Mr. Carrier told the plaintiffs' real estate agent, Timothy Zielonka, that all of the work performed to date, including the excavation and underpinning of the basement, was properly permitted and compliant with building codes.

In February and March 2016, however, Mr. Carrier had become aware that the underpinning of the basement had not been properly permitted and that work on the property could not continue until corrected and permitted. On April 17, 2016, the parties executed the 6.1 Residential Real Estate Contract for the purchase of 1645 West Farragut, with an estimated date of completion of October 3, 2016. Pursuant to the modification, Randall Ewing and Yasmany Gomez tendered $117,500 to be held in escrow by D'Aprile Properties. The modification contained a contingency providing that Randall Ewing and Yasmany Gomez were to obtain a mortgage commitment by August 15, 2016 and that, if they could not do so, 1645 West Farragut would have the right to obtain a mortgage commitment for them on its own by October 15, 2016, or the contract became voidable.

On June 6, 2016, the City of Chicago placed a stop work order on 1645 West Farragut as a result of the unpermitted and excavation and underpinning work. An adequate permit was not obtained until August 26, 2016, and the stop work order remained in effect until November 23, 2016. 1645 West Farragut never informed plaintiffs of the existence of the stop work order or its cause.

On August 15, 2016, the plaintiffs informed 1645 West Farragut that they had been unable to obtain a mortgage commitment. The defendant was similarly unable to obtain a mortgage commitment for Randall Ewing and Yasmany Gomez by October 15, 2016. Although one lender indicated it was willing to issue a mortgage to Randall Ewing, plaintiffs refused to proceed if the mortgage was not in both of their names. Even if Ewing and Gomez had agreed, moreover, they would not have been able to obtain a mortgage commitment by October 15, 2016 due to the work stoppage order then in effect.

On October 16, 2016, counsel for the plaintiffs sent a letter to counsel for 1645, stating only that because the defendant was unable to obtain a mortgage commitment, the agreement between the parties was "null and void." On October 21, 2016, counsel for 1645 West Farragut sent a letter to counsel for Randall Ewing and Yasmany Gomez stating that Randall Ewing and Yasmany Gomez were in

breach of the contract, the contract was terminated, and that 1645 West Farragut would be retaining their $117,500 in earnest money.

As a result of these undisputed facts, I have concluded as a matter of law that 1645 W. Farragut LLC committed fraud and violated the Illinois Consumer Fraud Act with respect to the work performed without permits and the stop work order and that this conduct caused Randall Ewing and Yasmany Gomez to agree to a contract they otherwise would not have agreed to. Your responsibility is to determine what damages, if any, were caused by this fraud and violation of the Illinois Consumer Fraud Act, and then to determine the remainder of the parties' claims. You must not render any verdict that is inconsistent with these facts.

Offered by Plaintiffs. Objection by Defendant as to stipulation of facts and/or judicial admissions.

Accepted _____      Rejected _____

Accepted with Modifications _____

## 1.05 DEPOSITION AND DECLARATION TESTIMONY (If applicable)

During the trial, certain testimony was presented to you by the reading of a deposition or declaration. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Offered by Plaintiffs. Objection, due to Defense Objection to Testimony by Deposition or Declaration.

Accepted _____        Rejected _____

Accepted with Modifications _____

## 1.12 DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Offered by Plaintiffs and Defendants

Accepted _____      Rejected _____

Accepted with Modifications _____

## 3.08 Opinion Testimony (As Modified)

You have heard a witness give opinions. You should judge this testimony in the same way you judge the testimony from any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications and/or whether it is rationally based on the witness's perception, and all of the other evidence in the case.

Offered by Plaintiff. Objection, as Instruction 3.08 applies to testimony by expert witnesses, not lay witnesses. Instruction 1.01(5) addresses credibility of lay witnesses, so this instruction is also duplicative of 1.01(5).

Accepted _____        Rejected _____

Accepted with Modifications _____

## 1.06 WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Offered by Plaintiffs. No Objection by Defendant.

Accepted _____          Rejected _____

Accepted with Modifications _____

## 1.07 NOTE-TAKING

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Offered by Plaintiffs. No Objection by Defendant.

Accepted _____        Rejected _____

Accepted with Modifications _____

## 1.08 CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.


Offered by Plaintiffs. No Objection by Defendant.

Accepted _____        Rejected _____

Accepted with Modifications _____

## 1.11 WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Offered by Plaintiffs. No Objection by Defendant.

Accepted _____     Rejected _____

Accepted with Modifications _____

## 1.18 Absence of Evidence

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Offered by Plaintiffs and Defendant.

Accepted _____     Rejected _____

Accepted with Modifications _____

## 1.27 BURDEN OF PROOF

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Offered by Plaintiffs and Defendant.

Accepted _____          Rejected _____

Accepted with Modifications _____

## 1.32 SELECTION OF PRESIDING JUROR; GENERAL VERDICT

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.

Offered by Plaintiffs and Defendant.

Accepted _____      Rejected _____

Accepted with Modifications _____

## 1.34 DISAGREEMENT AMONG JURORS

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Offered by Plaintiffs. No Objection by Defendant.

Accepted _____      Rejected _____

Accepted with Modifications _____

## B45.01 Instruction on use of Verdict Forms (Modified)

When you retire to the jury room you will first select a foreperson. He or she will preside during your deliberations.

Your verdict must be unanimous.

Forms of verdicts are supplied with these instructions. After you have reached your verdicts, fill in and sign the appropriate forms of verdicts and return it to the court. Your verdicts must be signed by each of you. You should not write or mark upon this or any of the other instructions given to you by the court.

Offered by Plaintiffs and Defendant.

Accepted _____        Rejected _____

Accepted with Modifications _____

<u>Instructions for Randall Ewing's and Yasmany Gomez's Fraud Claims and Verdict Form</u>

800.01 Fraud and Deceit--Fraudulent Misrepresentation--Issues Made by the Pleadings
(Modified)

I have already concluded that Randall Ewing and Yasmany Gomez proved all the elements of fraud with respect to their claim about misrepresentations and/or material omissions concerning work performed without permits and the resulting Stop Work Order and that this fraud caused Plaintiffs to agree to a contract they otherwise would not have agreed to. Your job will be to determine what damages, if any, Randall Ewing and Yasmany Gomez incurred with respect to these claims.

Randall Ewing and Yasmany Gomez also claim that 1645 West Farragut LLC made the following additional fraudulent statements:

1. It would enclose the second-floor balcony;

2. Randall Ewing and Yasmany Gomez were responsible for all 1645 West Farragut's delays and carrying costs; and

3. That 1645 West Farragut would not lower the asking price of the adjacent property at 1651 West Farragut.

Randall Ewing and Yasmany Gomez further claim that the statements were false statements of material facts.

Randall Ewing and Yasmany Gomez further claim that the 1645 West Farragut LLC knew the statements were false or believed the statements to be false or made the statements in reckless disregard of whether they were true or false.

Randall Ewing and Yasmany Gomez further claim that 1645 West Farragut LLC made the statements with the intent to induce the plaintiff to purchase the property, to pay for its carrying costs, and to not exercise their right to terminate the contract had Randall Ewing and Yasmany Gomez discovered the work performed without permits and the stop work order.

Randall Ewing and Yasmany Gomez further claim that they reasonably believed the statements and purchased the property and did not exercise their right to terminate the contract as a result of the work performed without permits and the stop work order in justifiable reliance on the truth of the statements.

Randall Ewing and Yasmany Gomez further claim that they sustained damages as the result of their reliance.

1645 West Farragut LLC denies that it made false statements of facts, denies that any claimed statements were material, denies that it knew or believed the claimed statements to be false, denies

that any claimed statements were made in reckless disregard of the statements' truth or falsity, denies that it intended to induce the Randall Ewing and Yasmany Gomez to purchase the property, pay for its carrying costs, or fail to exercise their right to terminate the contract as a result of the work performed without permits and the stop work order, denies that Randall Ewing and Yasmany Gomez reasonably believed the claimed statements or purchased the property or fail to exercise their right to terminate the contract in justifiable reliance on the truth of the statements, and denies that damage resulted to the plaintiff from his reliance.


Offered by Plaintiffs. Objection as to court's pre-determination of issue and content of instruction is subject to Defendant's Motion in Limine. Objection also as to inclusion of issues not in Complaint.

Plaintiffs' Response: all claims are within the scope of the Complaint and/or the Complaint can be conformed to the scope of the evidence.

Accepted _____        Rejected _____

Accepted with Modifications _____

## 800.02A Fraud and Deceit--Burden of Proof on the Issues—Fraudulent Misrepresentation (Modified)

I have already concluded that Randall Ewing and Yasmany Gomez proved all the elements of fraud with respect to their claim about misrepresentations and/or material omissions concerning work performed without permits and the resulting Stop Work Order and that this fraud caused Randall Ewing and Yasmany Gomez to agree to a contract they otherwise would not have agreed to. Your job will be to determine what damages, if any, Randall Ewing and Yasmany Gomez incurred with respect to these claims.

For Randall Ewing's and Yasmany Gomez's remaining fraud claims, Randall Ewing and Yasmany Gomez have the burden of proving each of the following propositions by clear and convincing evidence:

1. 1645 West Farragut LLC made one or more false statements of material facts;

2. 1645 West Farragut LLC knew or believed one or more of the statements were false or made one or more of the statements in reckless disregard of whether they were true or false.

Randall Ewing and Yasmany Gomez have the burden of proving that each of the following propositions is more probably true than not true:

3. 1645 West Farragut LLC made one or more of the statements with the intent to induce the Randall Ewing and Yasmany Gomez to purchase the property, agree to pay its carrying costs and accept responsibility for delays, and fail to exercise their right to terminate the contract as a result of the work performed without permits and the stop work order;

4. Randall Ewing and Yasmany Gomez reasonably believed the statements and purchased the property and failed to exercise their right to terminate the contract as a result of the work performed without permits and the stop work order in justifiable reliance on the truth of one or more of the statements;

5. Randall Ewing's and Yasmany Gomez's damages resulted from his reliance.

If you find from your consideration of all the evidence that propositions 1 and 2 have been proved by clear and convincing evidence and that propositions 3, 4, and 5 are more probably true than not true, then your verdict should be for Randall Ewing and Yasmany Gomez on their fraud claim for additional allegations of fraud not already found by the Court.

On the other hand, if you find from your consideration of all the evidence that any of these propositions has not been proved as required in this instruction, then your verdict should be for 1645 West Farragut LLC on the fraud claim for additional allegations of fraud not already found by the Court.

You will address these issues in Question 1 of Randall Ewing's and Yasmany Gomez's Fraud Claim Questions for Jury Verdict Form.

Offered by Plaintiffs. Objection as to court's pre-determination of issue and content of instruction is subject to Defendant's Motion in Limine. Objection also as to inclusion of issues not in Complaint.

Plaintiffs' Response: all claims are within the scope of the Complaint and/or the Complaint can be conformed to the scope of the evidence.

Accepted _____      Rejected _____

Accepted with Modifications _____

## 800.04 Fraud and Deceit--Material Fact--Definition

When I use the word "material" I mean one or more of the misrepresented, concealed, or withheld facts must have been an essential element to the transaction, and had the plaintiff been aware of the truth, he would have acted differently.


Offered by Plaintiffs and Defendants.

Accepted _____        Rejected _____

Accepted with Modifications _____

## 60.01 Violation of Illinois Consumer Fraud Act (Modified)

There was in force in the State of Illinois at the time of the occurrence in question a certain statute which provided that:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

I have already concluded that 1645 West Farragut LLC violated the Illinois Consumer Fraud Act as a result of false statements of material fact and/or a failure to disclose material facts with respect to work performed without permits and the stop work order, and that this statutory violation caused Randall Ewing and Yasmany Gomez to execute a contract they otherwise would not have executed.

Randall Ewing and Yasmany Gomez also contend that 1645 West Farragut LLC through the following unlawful statements:

1. It would enclose the second-floor balcony;

2. Randall Ewing and Yasmany Gomez were responsible for all 1645 West Farragut's delays and carrying costs; and

3. That 1645 West Farragut would not lower the asking price of the adjacent property at 1651 West Farragut.

Unlike their fraud claim, Randall Ewing's and Yasmany Gomez's claims under the Illinois Consumer Fraud Act do not require Randall Ewing and Yasmany Gomez to prove misrepresentations through clear and convincing evidence, do not require Randall Ewing and Yasmany Gomez to prove that 1645 West Farragut LLC knew or believed the statements or omissions were false or that that the statements were made with reckless disregard for their truth or falsity.

To prove their claims under the Illinois Consumer Fraud Act, Randall Ewing and Yasmany Gomez must establish that the following is probably more true than not:

> Defendant engaged in deceptive conduct;

> Defendant intended Plaintiffs to rely on the deceptive conduct; and

> Plaintiffs suffered damages proximately caused by the deception.

If you find from your consideration of all the evidence that Randall Ewing and Yasmany Gomez have established the above requirements with respect to one or more of the statements on which their claim is based, then your verdict should be for the Randall Ewing and Yasmany Gomez.

On the other hand, if you find from your consideration of all the evidence that none of these propositions has not been proved as required in this instruction, then your verdict should be for the defendant.

You will address these issues in question 2 of Randall Ewing's and Yasmany Gomez's Fraud Claim Questions for Jury Verdict Form.


Offered by Plaintiffs. Objection as to court's pre-determination of issue and content of instruction is subject to Defendant's Motion in Limine. Objection also as to inclusion of issues not in Complaint.

Plaintiffs' Response: all claims are within the scope of the Complaint and/or the Complaint can be conformed to the scope of the evidence.

Accepted _____          Rejected _____

Accepted with Modifications _____

800.05 Fraud, Deceit, and the Illinois Consumer Fraud Act—Measure of Damages

The Court has already determined that 1645 West Farragut committed fraud and violated the Illinois Consumer Fraud Act by misrepresenting and/or concealing the building code violations and lack of permits and that this fraud caused Randall Ewing and Yasmany Gomez to agree to a contract they otherwise would not have agreed to. You must then fix the amount of money which will reasonably and fairly compensate Randall Ewing and Yasmany Gomez for any of the following elements of damages proved by the evidence to have resulted from the conduct of the defendant with respect to the work performed without permits and the stop work order.

In determining the amount of damages available for Randall Ewing's and Yasmany Gomez's Illinois Consumer Fraud Act claim, you may also award Randall Ewing and Yasmany Gomez damages for any emotional distress, inconvenience, or aggravation imposed on them directly caused by 1645 West Farragut LLC's conduct.

Randall Ewing's and Yasmany Gomez's claimed element of damages:

1. Increased cost to purchase a home today and/or lost home appreciation

2. Costs to rent in Chicago following termination of the contract

3. Cost incidental to performing the contract

4. Emotional distress, inconvenience, and aggravation

Whether any of these elements of damages has been proved by the evidence is for you to determine.

If you determine that 1645 West Farragut LLC committed fraud or violated the Illinois Consumer Fraud Act in the additional ways claimed by Randall Ewing and Yasmany Gomez, you should also fix the amount of money which will reasonably and fairly compensate Randall Ewing and Yasmany Gomez for additional damages proved by the evidence to have resulted from the conduct of the 1645 West Farragut LLC, to the extent those damages are not duplicative of the damages resulting from the fraud and violation of the Illinois Consumer Fraud Act with respect to the work performed without permits and the stop work order.

You will address these issues in Question 3 of the Randall Ewing's and Yasmany Gomez's Fraud Claim Questions for Jury Verdict Form.

Offered by Plaintiffs.  Objection by Defendant as to Court's pre-determination of this issue and request for damages due to emotional distress, inconvenience, or aggravation (only entitled to such damages if breach considered to be wanton or reckless and caused bodily harm or where defendant

had reason to know at time of contracting that the breach would cause mental suffering for non-pecuniary reason).

Plaintiffs' Response: Aggravation damages, including damages for inconvenience, emotional distress, can be awarded as part of economic damages for any Illinois Consumer Fraud Act claim so long as there are other economic damages incurred, including, in this case, the tendering and deprivation of the earnest money. As but one of many examples, *see Nelson v. Ashford University, LLC*, 2016 WL 4530325, at *3 (N.D. Ill. Aug. 29, 2016) ("damages for [emotional distress, inconvenience, and] aggravation are compensable under the Consumer Fraud Act only when they are part of a total award that includes actual economic damages.") *citing Worix v. MedAssets, Inc.,* 869 F. Supp. 2d 893, 901 (N.D. Ill. 2012).


Accepted _____        Rejected _____

Accepted with Modifications _____

800.06 Fraud and Deceit--Punitive/Exemplary Damages

The Court has already concluded that 1645 West Farragut LLC committed fraud and violated the Illinois Consumer Fraud Act by misrepresenting and/or concealing the building code violations and permitting issues and that this fraud and violation of the Illinois Consumer Fraud Act caused Randall Ewing and Yasmany Gomez to agree to a contract they otherwise would not have agreed to. If you find that 1645 West Farragut LLC's conduct was willful and wanton or malicious and willful, and if you believe that justice and the public good require it, you may, in addition to any other damages to which you find the Randall Ewing and Yasmany Gomez entitled, award an amount which will serve to punish 1645 West Farragut LLC and to deter 1645 West Farragut LLC and others from similar conduct.

If you determine that 1645 West Farragut LLC committed fraud and/or violated the Illinois Consumer Fraud Act in the additional ways claimed by the Randall Ewing and Yasmany Gomez, you may also consider that conduct in determining whether to award punitive damages and/or the amount of punitive damages to award.

In determining the amount of punitive damages to award, you may consider, but are not limited to, the following factors:

(1) Whether 1645 West Farragut LLC attempted to conceal its fraud;

(2) The amount of attorneys' fees that Randall Ewing and Yasmany Gomez were required to expend;

(3) The amount by which 1645 West Farragut LLC could be fined had the Attorney General of the state of Illinois instituted an action for violation of the Illinois Consumer Fraud Act ($50,000); and

(4) The amount of compensatory damages awarded.

You will address these issues in Questions 4 and 5 of the Randall Ewing's and Yasmany Gomez's Fraud Claim Questions for Jury Verdict Form.


Offered by Plaintiffs. Objection by Defendant as to Court's pre-determination of this issue. Objection as to form, particularly regarding the factors listed (factor 2 is irrelevant to intent of conduct; factor 3 is irrelevant and speculative; and factor 4 is irrelevant)

Plaintiffs' Response: As stated, these are factors in determining the amount of punitive damages to be awarded, not whether they should be awarded in the first place.

Accepted _____       Rejected _____

Accepted with Modifications _____

Questions for Verdict Form – Randall Ewing's and Yasmany Gomez's Fraud Claims

1. Did 1645 West Farragut commit fraud with respect to one or more of Randall Ewing's and Yasmany Gomez's claim about enclosing the second-floor balcony, blaming Randall Ewing and Yasmany Gomez for the project's delay and its delay costs, and/or lowering the price of the property next door after Randall Ewing and Yasmany Gomez executed the contract?

   YES ___ NO ___

2. Did 1645 West Farragut violate the Illinois Consumer Fraud Act with respect to one or more of Randall Ewing's and Yasmany Gomez's claim about enclosing the second-floor balcony, blaming Randall Ewing and Yasmany Gomez for the project's delay and its delay costs, and/or lowering the price of the property next door after Randall Ewing and Yasmany Gomez executed the contract?

   YES ___ NO ___

3. What are Randall Ewing's and Yasmany Gomez's damages for 1645 West Farragut LLC's fraud and violation of the Illinois Consumer Fraud Act, including, at a minimum, for the fraud and violation of the Illinois Consumer Fraud Act found by the Court with respect to the work performed without permits and the stop work order?

   $_____.

4. Are Randall Ewing and Yasmany Gomez entitled to punitive or exemplary damages for 1645 West Farragut LLC's fraud and violation of the Illinois Consumer Fraud Act, including, at a minimum, for the fraud and violation of the Illinois Consumer Fraud Act found by the Court with respect to the work performed without permits and the stop work order?

   YES ___ NO ___.

5. If the answer to question 4 is yes, by what amount are Randall Ewing and Yasmany Gomez entitled to punitive or exemplary damages?

   $_____.


Offered by Plaintiffs. Objection as to form and as to request for damages without further definitions thereof. Objection also as to inclusion of issues not in Complaint, some of which are the subject of pending motions in limine.

Plaintiffs' Response: all claims are within the scope of the Complaint and/or the Complaint can be conformed to the scope of the evidence.

Accepted _____          Rejected _____

Accepted with Modifications _____

**700.18V Concluding Question for Verdict Form on Randall Ewing's and Yasmany Gomez's Fraud and Illinois Consumer Fraud Act Claims**

Verdict A must be signed by each juror.

**VERDICT A**

We, the jury, find for Randall Ewing and Yasmany Gomez and against 1645 West Farragut LLC on Randall Ewing's and Yasmany Gomez's fraud and Illinois Consumer Fraud Act claim in the amount of $_____.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

Offered by Plaintiffs. Objection as to form and as to having only one Verdict option. Objection also as to issues subject to pending motions in limine.

Plaintiffs' Response: all claims are within the scope of the Complaint and/or the Complaint can be conformed to the scope of the evidence.

Accepted _____          Rejected _____

Accepted with Modifications _____

<u>Randall Ewing's and Yasmany Gomez's Breach of Contract Claims and Verdict Forms</u>

700.06 Contracts--Several Documents

A written contract may consist of more than one document.


Offered by Plaintiffs and Defendant.

Accepted _____          Rejected _____

Accepted with Modifications _____

**700.02 Breach of Contract—Dispute as to Contract Formation**

Randall Ewing and Yasmany Gomez claim they are entitled to recover contract damages from 1645 W. Farragut, LLC for breach of contract. Randall Ewing and Yasmany Gomez allege that 1645 West Farragut LLC breached the contract in the following ways:

1. Had knowledge or notice of existing building code violations and improvements to the property without required initial permits despite promising otherwise;

2. Failed to disclose the stop work order upon learning of it despite promising otherwise;

3. Refused to enclose the second-floor balcony despite promising otherwise; and

4. Refused to release the earnest money under the mortgage contingency despite promising otherwise.

You will address this question in Question 1 of Randall Ewing's and Yasmany Gomez's Jury Questions for Breach of Contract Verdict Form.

Randall Ewing and Yasmany Gomez have the burden of proving:

[1] The existence of a contract between Randall Ewing, Jr. and Yasmany Gomez, and 1645 W. Farragut, LLC.

[2] Performance by Randall Ewing and Yasmany Gomez of all the obligations in the contract.

[3] 1645 W. Farragut, LLC's failure to perform its obligations under the contract.

[4] Resulting damage to Randall Ewing, Jr. and Yasmany Gomez.

I will explain and define these legal terms elsewhere in these instructions.


Offered by Plaintiffs. Defendant Objects due to inclusion of issues subject to pending motions in limine. Objection also as to inclusion of issues not in Complaint.

Plaintiffs' response: all issues are included in the Complaint and/or the Complaint can be conformed to the evidence.

Accepted _____        Rejected _____

Accepted with Modifications _____

## 25. Breach of Implied Covenant of Good Faith and Fair Dealing

In every contract or agreement there is an implied promise of good faith and fair dealing. This means that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract; however, the implied promise of good faith and fair dealing cannot create obligations that are inconsistent with the terms of the contract.

Randall Ewing and Yasmany Gomez claim that 1645 West Farragut LLC violated the duty to act fairly and in good faith by:

    a. lowering the price of 1651 West Farragut by $80,000 after the parties executed the contract; and

    b. claiming more than $7,000 in delay damages even though there was a stop work order on the property.

To establish this claim, Randall Ewing and Yasmany Gomez must prove all of the following:

    1. That Randall Ewing and Yasmany Gomez did all, or substantially all of the significant things that the contract required them to do or that they were excused from having to do those things;

    2. That 1645 West Farragut LLC unfairly interfered with Randall Ewing's and Yasmany Gomez's rights to receive the benefits of the contract; and

    3. That Randall Ewing and Yasmany Gomez were harmed by 1645 West Farragut LLC' conduct.

You will address this issue in Question 1 of Plaintiffs' Jury Questions for Breach of Contract Claim.


Offered by Plaintiffs. Objection, subject to issues pending in motions in limine. Objection, adds a claim not originally included in the complaint.

Plaintiffs' response: Breach of implied covenant of good faith and fair dealing is not an independent claim but a type of breach of contract claim. Issues included are within the scope of the Complaint.

Accepted _____        Rejected _____

Accepted with Modifications _____

1645 W. Farragut's failure to keep its promise is excused if Randall Ewing and Yasmany Gomez committed a material breach of contract before 1645 West Farragut LLC breached the contract.

When I use the phrase "material breach," I mean the failure to perform a contractual duty that is of such importance that the parties would not have entered into the contract without it. The test is whether the breach is so substantial and fundamental as to defeat the objectives of the parties in making the agreement, or whether the failure to perform renders performance of the rest of the contract different in substance from the original agreement. The breach must be so important as to justify the injured party in treating the whole transaction as ended.

To excuse 1645 West Farragut LLC's failure to perform, 1645 West Farragut LLC must prove that Randall Ewing and Yasmany Gomez committed a material breach of contract before it breached the contract in the following respect:

1. Failed to make timely mortgage applications.

You will address this issue in Question 2 of Plaintiffs' Jury Questions for Breach of Contract Verdict Form.

Offered by Plaintiffs and Defendant.

Accepted _____      Rejected _____

Accepted with Modifications _____

## 700.07 Performance by Randall Ewing and Yasmany Gomez

Randall Ewing and Yasmany Gomez must prove they performed all obligations required of them under the contract. To recover on their claim, Randall Ewing and Yasmany Gomez must prove they did what the contract required them to do, as follows:

> Randall Ewing and Yasmany Gomez made timely efforts to obtain a mortgage commitment.

You will address this issue in Question 3 of Plaintiffs' Jury Questions for Breach of Contract Verdict Form.


Offered by Plaintiffs and Defendant.

Accepted _____        Rejected _____

Accepted with Modifications _____

B700.07 Contract--Excuse of Performance--Prior Material Breach

Randall Ewing's and Yasmany Gomez's failure to perform is excused if 1645 West Farragut LLC committed a prior, material breach of contract.

When I use the phrase "material breach," I mean the failure to perform a contractual duty that is of such importance that the parties would not have entered into the contract without it. The test is whether the breach is so substantial and fundamental as to defeat the objectives of the parties in making the agreement, or whether the failure to perform renders performance of the rest of the contract different in substance from the original agreement. The breach must be so important as to justify the injured party in treating the whole transaction as ended.

To excuse Randall Ewing's and Yasmany Gomez's failure to perform, they must prove that 1645 West Farragut LLC committed a prior material breach of contract in one or more of the following respects:

1. Misrepresented that the property complied with building codes and/or had proper permits for work already performed and failed to disclose the stop work order.

2. Failed to enclose the second-floor balcony.

3. Told Randall Ewing and Yasmany Gomez that more than $7,000 would be claimed from their earnest money for delays in making selections despite 1645 West Farragut LLC being unable to perform any work at the time.

4. Lowered the price on 1651 West Farragut by $80,000 while the parties were performing the contract on 1645 West Farragut.

5. 1645 W. Farragut, LLC was incapable of completing the Contract in the estimated timeframe, regardless of Randall Ewing, Jr. and Yasmany Gomez's actions.

You will address this issue in Question 4 of Randall Ewing's and Yasmany Gomez's Jury Questions for Breach of Contract Verdict Form.

Offered by Plaintiffs. Defendant Objects due to inclusion of issues subject to pending motions in limine.

Accepted _____        Rejected _____

Accepted with Modifications _____

700.11 Damages to Randall Ewing and Yasmany Gomez as a Result of 1645 West Farragut LLC's Breach

You must decide whether Randall Ewing, Jr. and Yasmany Gomez sustained damages as a result of 1645 W. Farragut, LLC's breach of the contract.

As stated in Instruction 1, the fourth element of a contract claim is damages. Randall Ewing, Jr. and Yasmany Gomez must prove they sustained damage resulting from 1645 W. Farragut, LLC's breach. To recover on their claim, Randall Ewing, Jr. and Yasmany Gomez must prove that because of 1645 W. Farragut, LLC's failure to perform the contract, they have been damaged.

1645 W. Farragut, LLC denies Randall Ewing, Jr. and Yasmany Gomez sustained damage to the extent claimed.

You will address the issues in Question 5 of Randall Ewing's and Yasmany Gomez's Jury Questions for Breach of Contract Verdict Form.


Offered by Plaintiffs. Possible Objection to question number of verdict form. Otherwise, No Objection.

Accepted _____          Rejected _____

Accepted with Modifications _____

## 700.13 Damages—Randall Ewing's and Yasmany Gomez's Breach of Contract Claim (Modified)

If you find in favor of Randall Ewing and Yasmany Gomez on their breach of contract claim, you must then decide how much money, if any, would fairly compensate them for the 1645 West Farragut LLC's breach of contract.

Randall Ewing and Yasmany Gomez have the burden of proving each element of damages claimed and that they occurred as a direct and natural result of 1645 West Farragut's breach. In calculating Randall Ewing's and Yasmany Gomez's damages, you should determine that sum of money that will put them in as good a position as they would have been in if both Randall Ewing and Yasmany Gomez and 1645 West Farragut LLC had performed all of their promises under the contract.

Randall Ewing and Yasmany Gomez seek an award of several different categories of contract damages.

1. Direct damages for:

> (a) Increased cost to purchase a home today and/or lost home appreciation

> "Direct Damages" are the amount of gain Randall Ewing and Yasmany Gomez would have received if all the parties had fully performed the contract. You calculate the amount of this gain by determining the value of the contract benefits Randall Ewing and Yasmany Gomez did not receive because of 1645 West Farragut's breach.

2. Special damages for:

> (a) Costs related to performing the contract, such as required trips to and from Florida to Chicago to make required contract decisions.

> (b) Increased cost to purchase a home today and/or lost home appreciation if those are not direct damages.

> Special damages are different from direct damages. Randall Ewing and Yasmany Gomez must prove these damages were reasonably foreseeable by the parties when they entered into the contract.

3. Incidental damages for:

> Costs to rent in Chicago, IL from October 2016 to the December 2017.

> Incidental damages are different from direct and special damages. "Incidental Damages" are costs that were reasonably spent either in responding to 1645 West Farragut LLC's breach of the contract or in securing the benefits 1645 West Farragut LLC was to have provided.

You will address these issues in Question 6 of Randall Ewing's and Yasmany Gomez's Jury Questions for Breach of Contract Verdict Form.

Offered by Plaintiffs. Defendant Objects as to special damages and language of jury instruction: what special damages are being requested? Some language is also missing from the direct damages section of this IPI.

Plaintiffs' Responses: The special damages being claimed are those listed to the extent not already included by the jury in other categories of damages. The missing language from this IPI is omitted because there is no evidence of expenses saved as a result of Defendant's breach.

Accepted \_\_\_\_\_      Rejected \_\_\_\_\_

Accepted with Modifications _____

Jury Questions for Randall Ewing's and Yasmany Gomez's Breach of Contract Claim

1. Did Randall Ewing and Yasmany Gomez prove 1645 West Farragut LLC breached the contract by its failure to perform one or more of its obligations under the contract or by breaching the implied covenant of good faith and fair dealing?

   YES ___ NO ___

   If your answer to question 1 is NO, then your deliberations are complete and you should go to verdict form B and find in favor of 1645 West Farragut LLC. You should disregard the remaining numbered questions. If your answer to question 1 is YES, you should then answer question 2.

2. Did 1645 West Farragut LLC's prove that its performance was excused a material breach of the contract by Randall Ewing and Yasmany Gomez before 1645 West Farragut LLC breached the contract?

   YES ___ NO ___

   If your answer to question 2 is YES, then your deliberations are complete and you should go to verdict form B and find in favor of 1645 West Farragut LLC. You should disregard the remaining numbered questions. IF your answer to question 2 is NO, you should then answer question 3.

3. Did Randall Ewing and Yasmany Gomez prove they performed their obligations under the contract?

   YES ___ NO ___

   If your answer is NO to question 3, then you should answer question 4. If your answer is YES to question 3, then you should skip question 4 and answer question 5.

4. Did Randall Ewing and Yasmany Gomez prove they had a valid excuse for not performing the contract, for example, because of a material breach by 1645 West Farragut LLC before Randall Ewing and Yasmany Gomez failed to perform?

   YES ___ NO ___

   If your answer is NO to both questions 3 and 4, then your deliberations are complete and you should go to verdict form B and find in favor of 1645 West Farragut LLC. You should disregard the remaining numbered questions. If your answer to either question 3 or 4 is YES, you should then answer question 5.

5. Did Randall Ewing and Yasmany Gomez prove they sustained damages resulting from one or more of 1645 West Farragut LLC's breach or breaches of contract?

   YES ___ NO ___

If your answer to question 5 is NO, then your deliberations are complete and you should go to verdict form B and find in favor of 1645 West Farragut LLC. You should disregard the remaining numbered questions. If your answer to question 5 is YES, you should then answer question 6 and you should go to verdict form A and find in favor of Randall Ewing and Yasmany Gomez and include the answer to question 6.

6. What are Randall Ewing's and Yasmany Gomez's damages caused by 1645 West Farragut LLC's breach or breaches of contract. This amount, if any, should be included in Verdict Form A.

$_____.

Offered by Plaintiffs. Defendant Objects.

Accepted _____        Rejected _____

Accepted with Modifications _____

### 700.18V Concluding Question for Verdict Form on Randall Ewing's and Yasmany Gomez's Breach of Contract Claim

Either Verdict A or Verdict B must be signed by each juror.

## VERDICT A

We, the jury, find for Randall Ewing, Jr. and Yasmany Gomez and against 1645 W. Farragut, LLC on Randall Ewing's and Yasmany Gomez's breach of contract claim in the amount of $_____.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

## VERDICT B

We the jury, find for 1645 W. Farragut, LLC and against Randall Ewing, Jr. and Yasmany Gomez on Randall Ewing's and Yasmany Gomez's breach of contract claim.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

Offered by Plaintiffs and Defendants.

Accepted _____          Rejected _____

Accepted with Modifications _____

## 700.06 Contracts--Several Documents

A written contract may consist of more than one document.


Offered by Plaintiffs and Defendant.

Accepted \_\_\_\_\_          Rejected \_\_\_\_\_

Accepted with Modifications _____

**700.02 Breach of Contract—Dispute as to Contract Formation**

1645 West Farragut LLC claims it is entitled to recover contract damages from Randall Ewing and Yasmany Gomez for breach of contract. 1645 West Farragut LLC alleges that Randall Ewing and Yasmany Gomez breached the contract in the following ways:

1.  Failed to make timely mortgage applications;

You will address this question in Question 1 of 1645 West Farragut LLC's Jury Questions for Breach of Contract Verdict Form.

1645 West Farragut LLC has the burden of proving:

[1] The existence of a contract between Randall Ewing, Jr. and Yasmany Gomez, and 1645 W. Farragut, LLC.

[2] Performance by 1645 West Farragut LLC of all the obligations in the contract.

[3] Randall Ewing's and Yasmany Gomez's failure to perform its obligations under the contract.

[4] Resulting damage to 1645 West Farragut LLC

I will explain and define these legal terms elsewhere in these instructions.

Offered by Plaintiffs. Defendant Objects.

Accepted _____        Rejected _____

Accepted with Modifications _____

B700.07 Contract--Excuse of Performance--Prior Material Breach

Randall Ewing's and Yasmany Gomez's failure to keep its promise is excused if 1645 West Farragut LLC committed a material breach of contract before Randall Ewing and Yasmany Gomez breached the contract.

When I use the phrase "material breach," I mean the failure to perform a contractual duty that is of such importance that the parties would not have entered into the contract without it. The test is whether the breach is so substantial and fundamental as to defeat the objectives of the parties in making the agreement, or whether the failure to perform renders performance of the rest of the contract different in substance from the original agreement. The breach must be so important as to justify the injured party in treating the whole transaction as ended.

To excuse Randall Ewing's and Yasmany Gomez's failure to perform, Randall Ewing and Yasmany Gomez must prove that 1645 West Farragut LLC committed a material breach of contract before it breached the contract in the following respect:

1. Misrepresented that the property complied with building codes and/or had proper permits for work already performed and failed to disclose the stop work order.

2. Failed to enclose the second-floor balcony.

3. Told Randall Ewing and Yasmany Gomez that more than $7,000 would be claimed from their earnest money for delays in making selections despite 1645 West Farragut LLC being unable to perform any work at the time.

4. Lowered the price on 1651 West Farragut by $80,000 while the parties were performing the contract on 1645 West Farragut.

5. 1645 W. Farragut, LLC was incapable of completing the Contract in the estimated timeframe, regardless of Randall Ewing, Jr. and Yasmany Gomez's actions.

You will address this issue in Question 2 of 1645 West Farragut LLC's Jury Questions for Breach of Contract Verdict Form.

Offered by Plaintiffs. Defendant Objects due to inclusion of issues subject to pending motions in limine.

Accepted _____        Rejected _____

Accepted with Modifications _____

## 700.07 Performance by 1645 West Farragut LLC

1645 West Farragut LLC must prove it performed all obligations required of it under the contract. To recover on it claim, 1645 West Farragut LLC must prove it did what the contract required it to do. Randall Ewing and Yasmany Gomez allege that 1645 West Farragut LLC did not do what the contract required it to do as follows:

1. Failed to comply with representations about building code violations and work performed without permits.

2. Failed to enclose the second-floor balcony.

3. Failed to complete the property within 15 days of demanding selections from Randall Ewing and Yasmany Gomez instead of informing them that more than $7,000 would be claimed from their earnest money for delays in making selections despite 1645 West Farragut LLC being unable to perform any work at the time.

4. Lowered the price on 1651 West Farragut by $80,000 while the parties were performing the contract on 1645 West Farragut.

5. 1645 W. Farragut, LLC was incapable of completing the Contract in the estimated timeframe, regardless of Randall Ewing, Jr. and Yasmany Gomez's actions.

You will address this issue in Question 3 of 1645 West Farragut LLC's Jury Questions for Breach of Contract Verdict Form.


Offered by Plaintiffs. Defendant Objects due to inclusion of issues subject to pending motions in limine. Objection also as to inclusion of issues not in Complaint.

Plaintiffs' Response: All issues within the scope of the Complaint and/or the Complaint can be conformed to the evidence.

Accepted _____          Rejected _____

Accepted with Modifications _____

## B700.07 Contract--Excuse of Performance--Prior Material Breach

1645 West Farragut LLC's failure to perform is excused if Randall Ewing and Yasmany Gomez committed a prior, material breach of contract.

When I use the phrase "material breach," I mean the failure to perform a contractual duty that is of such importance that the parties would not have entered into the contract without it. The test is whether the breach is so substantial and fundamental as to defeat the objectives of the parties in making the agreement, or whether the failure to perform renders performance of the rest of the contract different in substance from the original agreement. The breach must be so important as to justify the injured party in treating the whole transaction as ended.

To excuse 1645 West Farragut LLC's failure to perform, it must prove that Randall Ewing and Yasmany Gomez committed a material breach of contract before it failed to perform the contract in one or more of the following respects:

1. Failed to make timely mortgage applications

You will address this issue in Question 4 of 1645 West Farragut LLC' Jury Questions for Breach of Contract Verdict Form.

Offered by Plaintiffs. Defendant has no Objection.

Accepted _____       Rejected _____

Accepted with Modifications _____

700.11 Damages to 1645 West Farragut LLC as a Result of Ewing's and Gomez's Breach

You must decide whether 1645 West Farragut LLC sustained damages as a result of Randall Ewing's and Yasmany Gomez's breach of the contract.

As stated in Instruction 1, the fourth element of a contract claim is damages. 1645 West Farragut LLC must prove it sustained damage resulting from Randall Ewing's and Yasmany Gomez's breach. To recover on its claim, 1645 West Farragut LLC must prove that because of Randall Ewing's and Yasmany Gomez's failure to perform the contract, it has been damaged.

Randall Ewing, Jr. and Yasmany Gomez deny that 1645 West Farragut LLC sustained damage to the extent claimed.

You will address the issues in Question 5 of 1645 West Farragut LLC's Jury Questions for Breach of Contract Verdict Form.

Offered by Plaintiffs. Possible Objection to question number of verdict form. Otherwise, No Objection.

Accepted _____          Rejected _____

Accepted with Modifications _____

## 700.13 Damages—1645 West Farragut LLC's Breach of Contract Claim

If you find in favor of 1645 West Farragut LLC on its breach of contract claim, you must then decide how much money, if any, would fairly compensate it for Randall Ewing's and Yasmany Gomez's breach of contract.

1645 West Farragut LLC has the burden of proving each element of damages claimed and that they occurred as a direct and natural result of Randall Ewing's and Yasmany Gomez's breach. In calculating 1645 West Farragut LLC's damages, you should determine that sum of money that will put it in as good a position as they would have been in if both Randall Ewing and Yasmany Gomez and 1645 West Farragut LLC had performed all of their promises under the contract.

1645 West Farragut LLC's seeks an award of several different categories of contract damages.

1. Direct damages for:

   (a) Difference between the parties' contract price and what the home was later sold for.

   "Direct Damages" are the amount of gain 1645 West Farragut LLC would have received if all the parties had fully performed the contract. You calculate the amount of this gain by determining the value of the contract benefits 1645 West Farragut LLC did not receive because of 1645 West Farragut's breach.

2. Incidental damages for:

   (a) Loan Interest, Property Insurance, Property Tax, Utilities, Construction Rentals, and Professional Fees

   Incidental damages are different from direct and special damages. "Incidental Damages" are costs that were reasonably spent either in responding to Randall Ewing's and Yasmany Gomez's breach of the contract or in securing the benefits Randall Ewing and Yasmany Gomez were to have provided.

You will address these issues in Question 6 of 1645 West Farragut LLC's Jury Questions for Breach of Contract Verdict Form.


Offered by Plaintiffs, subject to Plaintiff's pending motion in limine on issues related to damages that can be claimed as a matter of law.

Defendant Possible Objection to question number of verdict form. Otherwise, No Objection.


Accepted _____        Rejected _____

Accepted with Modifications _____

Jury Questions for 1645 West Farragut's Breach of Contract Claim

1. Did 1645 West Farragut LLC prove Randall Ewing and Yasmany Gomez breached the contract by its failure to perform one or more of its obligations under the contract?

   YES ___ NO ___

   If your answer to question 1 is NO, then your deliberations are complete and you should go to verdict form B and find in favor of Randall Ewing and Yasmany Gomez. You should disregard the remaining numbered questions. If your answer to question 1 is YES, you should then answer question 2.

2. Did Randall Ewing and Yasmany Gomez prove that their performance was excused because of a material breach of the contract by 1645 West Farragut LLC before they were obligated to perform?

   YES ___ NO ___

   If your answer to question 2 is YES, then your deliberations are complete and you should go to verdict form B and find in favor of Randall Ewing and Yasmany Gomez. You should disregard the remaining numbered questions. IF your answer to question 2 is NO, you should then answer question 3.

3. Did 1645 West Farragut LLC prove it performed its obligations under the contract?

   YES ___ NO ___

   If your answer is NO to question 3, then you should answer question 4. If your answer is YES to question 3, then you should skip question 4 and answer question 5.

4. Did 1645 West Farragut LLC prove it had a valid excuse for not performing the contract, for example, because of a material breach by Randall Ewing and Yasmany Gomez before it failed to perform?

   YES ___ NO ___

   If your answer is NO to both questions 3 and 4, then your deliberations are complete and you should go to verdict form B and find in favor of Randall Ewing and Yasmany Gomez. You should disregard the remaining numbered questions. If your answer to either question 3 or 4 is YES, you should then answer question 5.

5. Did 1645 West Farragut LLC prove it sustained damages resulting from Randall Ewing's and Yasmany Gomez's breach of contract?

   YES ___ NO ___

   If your answer to question 5 is NO, then your deliberations are complete and you should go to verdict form B and find in favor of Randall Ewing and Yasmany Gomez. You should

disregard the remaining numbered questions. If your answer to question 5 is YES, you should then answer question 6 and you should go to verdict form A and find in favor of 1645 West Farragut LLC and include the answer to question 6.

6.  What are 1645 West Farragut LLC's damages caused by Randall Ewing's and Yasmany Gomez's breach or breaches of contract.

$ _____ .

Offered by Plaintiffs. Defendant Objects.

Accepted _____        Rejected _____

Accepted with Modifications _____

**700.18V Concluding Question for Verdict Form on 1645 West Farragut LLC's Breach of Contract Claim**

Either Verdict A or Verdict B must be signed by each juror.

## VERDICT A

We, the jury, find for 1645 West Farragut LLC and against Randall Ewing and Yasmany Gomez on 1645 West Farragut LLC's breach of contract claim in the amount of $_____.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

## VERDICT B

We the jury, find for Randall Ewing and Yasmany Gomez and against 1645 West Farragut LLC on 1645 West Farragut LLC's breach of contract claim.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

Offered by Plaintiffs. Defendant has no objection.

Accepted _____          Rejected _____

Accepted with Modifications _____