UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RANDALL EWING and YASMANY, GOMEZ, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| 1645 WEST FARRAGUT, LLC, | ) ) |
| Defendant. | ) |

Case No. 16-cv-9930

Judge Sharon Johnson Coleman

### ORDER

The Court, in its discretion, grants in part and denies in part plaintiffs' motions in limine [192].[1]

### BACKGROUND

Plaintiffs bring claims against defendant in relation to their attempted purchase of a single-family residence in Chicago that was being gutted and renovated. Defendant filed a breach of contract counterclaim against plaintiffs. After the parties filed cross-motions for summary judgment, the Court granted plaintiffs' partial summary judgment motion as to liability (but not damages) on their fraud and Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") claims based on defendant's failure to disclose a stop work order concerning a lack of permit to work on the property's basement.

In June 2021, the Court granted plaintiffs' Federal Rule of Civil Procedure 56(g) motion concluding that certain material facts are not genuinely disputed for trial based on the Court's July 2019 summary judgment order. For example, the Court's concluded that defendant is liable to plaintiffs as to their fraud and ICFA claims based on defendant's failure to disclose a stop work.

---

[1] Unless otherwise specified, all rulings are without prejudice and the parties are free to request the Court's reconsideration of any motion during the course of trial.

The Court, however, concluded that there are genuine disputes of material fact as to both the existence of a potentially false statement and reliance on that statement concerning whether there would be an enclosed second-floor balcony on the renovated residential property.

## DISCUSSION

Plaintiffs' motions in limine concern defendant's breach of contract counterclaim. Defendant bases its breach of contract claim on plaintiffs' (1) failure to make a written application for a loan within five business days of their acceptance of the contract, (2) failure to act in good faith in seeking financing for the purchase of the real property, (3) failure to act in good faith and cooperate with seller to obtain financing for the purchase of the property, (4) failure to make timely selections of materials as required causing unnecessary delays, (5) attempt to terminate the contract in bad faith under the mortgage contingency, and (6) failure to provide proof of any effort to obtain financing. Defendant seeks two categories of breach of contract damages: (1) carrying costs, such as mortgage interest, property tax, property insurance, and utility costs; and (2) the difference in sale price between the contract price and the price that defendant received when it sold the home to another buyer.

In their first motion in limine, plaintiffs seek to bar evidence of defendant's damages by reiterating their argument made at summary judgment, namely, whatever carrying costs or damages defendant may have suffered would have happened without plaintiffs' breach. The Court rejected this argument in its July 2019 summary judgment ruling noting there are disputes of material fact regarding the parties' understanding of their agreement, the materiality of the provisions at issue, and the damages that resulted from the respective alleged breaches. The Court therefore **denies** plaintiffs' attempt to file a motion for reconsideration in the guise of a motion in limine.

In their motion in limine #2, plaintiffs seek to bar defendants from offering evidence that their contractual obligations about building code violations and work performed without permits

only applied at closing and not at the time the parties executed the contract. In response, defendant admits that its obligations in ¶ 6 of the May 2, 2016 contract apply both before and at closing relying on the following language of the contract:

> All Seller representations shall be deemed re-made as of Closing. If prior to Closing Seller becomes aware of matters that require modification of the representations previously made herein, Seller shall promptly notify Purchaser. If the matters specified in such Notice are not resolved prior to Closing, Buyer may terminate this Contract by notice to Seller and this Contract shall be null and void.

Indeed, the Court has previously concluded that this language constitutes a continuing disclosure obligation. Accordingly, the Court **grants** plaintiffs' second in limine motion because defendant admits that its obligations applied before and at closing.

In their last motion in limine, plaintiffs rely on the following language in the parties' contract concerning building code violations and permits: "Seller represents that with respect to the Property *that Seller has no knowledge of nor has Seller received any written notices from any association or government entity* regarding…zoning, building, fire or health code violation[s] that have not been corrected" and [a]ny improvements to the Property for which the required initial and final permits were not obtained." (emphasis added). Plaintiffs argue that pursuant to this language, defendant cannot present arguments that its obligations are not triggered unless it was put on written notice by a government entity. Again, defendant agrees that the parties' contract allows for notice from a government entity or its own knowledge in relation to these obligations. Therefore, the Court **grants** plaintiffs' motion in limine #3 as unopposed.

IT IS SO ORDERED.

Date: 9/28/2021                                Entered: _____
                                                        SHARON JOHNSON COLEMAN
                                                        United States District Judge

3