**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RANDALL EWING and YASMANY GOMEZ, | ) ) | |
| | ) | Case No. 16-cv-9930 |
| Plaintiffs, | ) ) | Judge Sharon Johnson Coleman |
| v. | ) ) | |
| 1645 WEST FARRAGUT, LLC, | ) ) | |
| Defendant. | ) ) | |

## ORDER

The Court, in its discretion grants in part, reserves in part, and denies in part defendant's motions in limine [189].[1]

## LEGAL STANDARD

District courts have broad discretion in ruling on evidentiary issues before and during trial. *See United States v. Hamzeh*, 986 F.3d 1048, 1051 (7th Cir. 2021). "Trial courts issue rulings on motions in limine to guide the parties on what evidence it will admit later in trial," and "[a]s a trial progresses, the presiding judge remains free to alter earlier rulings." *Perry v. City of Chicago,* 733 F.3d 248, 252 (7th Cir. 2013). A motion in limine "is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings" and "permits the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997).

## BACKGROUND

Plaintiffs bring claims against defendant in relation to plaintiffs' attempted purchase of a

---

[1] Unless otherwise specified, all rulings are without prejudice and the parties are free to request the Court's reconsideration of any motion during the course of trial.

single-family residence in Chicago that was being gutted and renovated. Defendant filed a breach of contract counter-claim against plaintiffs. After the parties filed cross-motions for summary judgment, in July 2019, the Court granted plaintiffs' partial summary judgment motion as to liability (but not damages) on their fraud and ICFA claims based on defendant's failure to disclose a stop work order concerning a lack of permit to work on the property's basement.

Relevant to the Court's summary judgment ruling, in June 2021, the Court granted plaintiffs' Federal Rule of Civil Procedure 56(g) motion concluding that certain material facts are not genuinely disputed for trial. For example, the Court concluded that defendant is liable to plaintiffs as to their fraud and ICFA claims based on defendant's failure to disclose a stop work order concerning a lack of permit to work on the property's basement. The Court further concluded that there are genuine disputes of material fact as to both the existence of a potentially false statement and reliance on that statement concerning whether there would be an enclosed second-floor balcony on the renovated residential property. The Court presumes familiarity with all of its prior rulings in this lawsuit.

## DISCUSSION

The Court **denies** defendant's motion in limine #1 to bar any reference to plaintiffs' summary judgment motion, including the Court's decision in respect to that motion. As discussed, the July 2019 summary judgment ruling is the basis for the Court's June 2021 Rule 56(g) order that certain material facts are not genuinely disputed for trial. Defendant's argument that it is prejudiced because its first lawyer made a mistake by not filing a Northern District of Illinois Local Rule 56.1 response to plaintiffs' statement of material facts is, once again, too little too late. *See Hinterberger v. City of Indianapolis,* 966 F.3d 523, 528 (7th Cir. 2020) ("district courts may require strict compliance with their local rules—a point we have recognized time and again."). Meanwhile, defendant admits that it is bringing this motion in limine primarily for the purpose of preserving issues for appeal.

In its motion in limine #2, defendant seeks to bar evidence that Erik Carrier, defendant's primary owner, described Ewing and Gomez as "fruit cups," "crazy," or other similarly vague comments implying that Carrier is homophobic as unfairly prejudicial under Federal Rule of Evidence 403. Specifically, defendant asserts that this evidence invites the jury to decide the case on an improper basis, such as an emotional one, instead of the evidence the parties will present at trial. *See Thorncreek Apartments III, LLC v. Mick*, 886 F.3d 626, 634 (7th Cir. 2018). Plaintiffs respond that they seek admission of these statements to establish punitive damages in relation to their ICFA claim. *See Geske v. PNY Tech., Inc.,* 503 F.Supp.3d 687, 710 (N.D. Ill. 2020) ("Under Illinois law, punitive damages 'may be awarded only if the defendant's tortious conduct evinces a high degree of moral culpability, that is, when the tort is committed with fraud, actual malice … or when the defendant acts willfully.'") (citation omitted). Because plaintiffs can seek punitive damages, Carrier's comments have significant probative value as to whether he acted with malice or willfulness in relation to the parties' contractual interaction. The Court thus **denies** defendant's motion because the high probative value of this evidence is not substantially outweighed by any unfair prejudice. Plaintiffs must submit a limiting jury instruction to the Court regarding the admission of this evidence by no later than October 29, 2021.

In its motion in limine #3, defendant seeks to bar reference and evidence to the stop work order or U.S. Waterproofing's failure to obtain adequate permits arguing that it is irrelevant and would cause juror confusion. To clarify, on June 6, 2016, the City of Chicago placed a stop work order on the property as a result of the unpermitted excavation and underpinning work. An adequate permit was not obtained until August 26, 2016, and the stop work order remained in effect until November 23, 2016. The stop work order and the failure to obtain adequate permits are highly relevant to plaintiffs' claims that defendant made misrepresentations to them via their real estate agent, namely, that all of the work performed to date (March 2016), including the excavation and the

basement underpinning, was properly permitted and compliant with building codes. That plaintiffs did not know about the stop work order does not make this evidence irrelevant or confusing and it is for the jury to decide whether the stop work order had no effect as defendant argues. The Court **denies** defendant's motion in limine #3.

Next, in motion in limine #4, defendant moves to bar evidence or reference to plaintiff Randall Ewing's experiences as a mortgage broker with respect to property appraisals, any testimony in which Ewing opines as an expert because he was not properly disclosed as an expert witness under Rule 26. Under Federal Rule of Evidence 602, a lay witness may testify about his own observations and matters of personal knowledge. *See United States v. Mendiola*, 707 F.3d 735, 741 (7th Cir. 2013) ("the knowledge required by Rule 602 is not absolute or unlimited knowledge but simply that awareness of objects or events that begins with sensory perception of them, a comprehension of them, and an ability to testify at trial about them."). Also, under Rule 701, a plaintiff may offer his lay opinion if the testimony is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

With these standards in mind, Ewing may testify to his experience as a mortgage broker that is rationally based on his perception and helpful to the jury, but he cannot testify as an expert in appraisals or any other testimony that requires specialized knowledge within Rule 702. Prior to Ewing's trial testimony, the Court will allow defendant to voir dire his testimony of this subject matter, after which the Court will limit his testimony if he intends on testifying to anything other than what is admissible under Rules 602 and 701. The Court therefore **grants in part** and **reserves in part** defendant's motion in limine #4.

In its motion in limine #5, defendant asks the Court to bar reference to the Multiple Listing Service ("MLS") listing with respect to allegations regarding an enclosed balcony because the parties'

May 2, 2016 contract ¶ 13(h) states as follows:

> PURCHASER UNDERSTANDS AND ACKNOWLEDGES THAT SELLER
> ASSUMES NO RESPONSIBILITY FOR ANY ERRORS, OMISSIONS, OR
> MISREPRESENTATIONS MADE BY BROKER(S), OR SELLER'S AGENT(S)
> IN ANY SALES MATERIALS SUCH AS ADVERTISING BROCHURES,
> MARKETING MATERIALS, MULTIPLE LISTING SERVICES, ETC.

In essence, defendant is asking the Court to rule as a matter of law that it cannot be liable for the

any claims related to the promised enclosed balcony.

Although the jury may find that this language absolves defendant, this provision is just one

piece of evidence concerning defendant's alleged promise to build a second floor balcony, including

language in the May 2, 2016 contract stating: "In all cases, where the amenities and/or the level of

finishes are not set forth herein, the parties shall look to the property at 1651 West Farragut Avenue

as a model for such amenities and finishes." The neighboring property at 1651 West Farragut had

an enclosed second story balcony. In short, as the Court indicated at summary judgment, there are

genuine issues of material fact in relation to plaintiffs' breach of contract claim. Accordingly, the

Court **denies** defendants' motion in limine #5 because defendant has not established that evidence

of the contract's language is clearly inadmissible for any purpose. *See Jonasson*, 115 F.3d at 440.

In its motion in limine #6, defendant moves to bar plaintiffs from questioning defendant's

expert Matthew Hoppe about appraisals and other matters outside of his expertise. Defendant

disclosed Hoppe, a mortgage loan originator, as an expert to provide: (1) opinion testimony

regarding the customary purpose and the standard process of obtaining a pre-approval letter; (2)

facts regarding the terms of the any portions of the contracts that are the subject matter of this

action as they relate to financing and the definition of the common loan industry meaning of terms

contained within those paragraphs of the contracts; (3) factual testimony regarding his education and

experience as a mortgage broker and the the knowledge required to process a loan as a mortgage

broker; (4) opinion testimony on the qualifications necessary to receive a jumbo loan by a potential

borrower, including the effect of multiple borrowers' ability to qualify for a loan; and (5) opinion testimony regarding the plaintiffs' qualifications to receive a loan for the subject property.

At his deposition, Hoppe explained that he is not trained as an appraiser and that he did not have experience in handling a loan for a home under construction. Based on his deposition testimony and his Rule 26(a)(2)(C)(ii) disclosures, Hoppe is not an expert as to appraisals and the relationship of appraisals under the circumstances of this case, therefore, the Court **grants** defendant's motion in limine #6.

In its motion in limine #7, defendant also asks the Court to exclude any reference by plaintiffs' fact witnesses as to the potential investment value of the withheld escrow funds.[2] In Illinois, "[t]he purpose of damages is to place the nonbreaching party in a position that he or she would have been in had the contract been performed, not to provide the nonbreaching party with a windfall recovery." *GK Development, Inc. v. Iowa Malls Financing Corp.,* 3 N.E.3d 804, 816, 378 Ill.Dec. 239, 251, 2013 IL App (1st) 112802, ¶ 47 (1st Dist. 2013) (citation omitted). Also, breach of contract damages cannot be based on speculation or conjecture. *Antrim Pharm. LLC v. Bio-Pharm, Inc.*, 950 F.3d 423, 432 (7th Cir. 2020). Rather, the injured party has the burden to establish a reasonable basis for the computation of damages and must prove damages to a reasonable degree of certainty. *TAS Distrib. Co., Inc. v. Cummins Engine Co., Inc.*, 491 F.3d 625, 632 (7th Cir. 2007).

Here, plaintiffs assert that they were denied their use of capital, namely, the escrow funds, as a result of defendant's breach and that Ewing should be able to testify about the lost investment value caused by the breach. In doing so, Ewing seeks to testify how his current investments have appreciated since October 2016 and how he would have invested the funds. In particular, he will

---

[2] Pursuant to the parties' April 2016 contract, the escrow funds reflecting the earnest money have been held in a federally insured interest bearing account.

testify that he would have put his money into an exchange-traded fund tracking one of the major indices, such as the S&P 500.

Not only is this testimony based on speculation and falls short of showing a reasonable basis for the computation of damages, Illinois courts have held that the lost investment value of money withheld due to a breach of contract are not damages, but reflect the interest on damages, which is only proper if expressly authorized by agreement or statute. *National Wrecking Co. v. Coleman*, 487 N.E.2d 1164, 1167, 94 Ill.Dec. 287, 290, 139 Ill.App.3d 979, 984 (1st Dist. 1985); *see also Stathis v. First Arlington Nat'l Bank*, 589 N.E.2d 625, 631, 168 Ill.Dec. 225, 231, 226 Ill.App.3d 47, 55 (1st Dist. 1992). Similarly, it is well-settled that the time value of money is compensated through prejudgment interest. *BRC Rubber & Plastics, Inc. v. Continental Carbon Co.*, 981 F.3d 618, 634 (7th Cir. 2020). Based on this controlling law, the Court **grants** defendant's motion in limine #7.

In its next in limine motion, defendant seeks to admit evidence regarding the liquidated damages provision to rebut any reference to "bad faith." As defendant acknowledges, the Court held that the liquidated damages provision was unenforceable under Illinois law in a November 2017 ruling. Nevertheless, defendant brings this motion asking the Court to reconsider its finding. As the parties are aware, asking the Court to reconsider an earlier ruling is not the province of motions in limine. Indeed, defendant acknowledges that it is bringing this motion "primarily for purposes of preserving issues for a potential appeal." The Court thus **denies** defendant's motion in limine #8. Moreover, the Court rejects defendant's request to bar plaintiffs from discussing why they think Carrier was acting in bad faith because they can testify to their own observations and matters of personal knowledge under Federal Rule of Evidence 602.

Next, in defendant's motion in limine #9, defendant asks the Court to ignore its summary judgment ruling and allow plaintiffs' ICFA claim to proceed before the jury. Again, defendant brings this motion "primarily for the purposes of preserving issues for a potential appeal."

Defendant also seeks to bar plaintiffs from mentioning their ICFA claims during trial, which makes little sense because plaintiffs have yet to establishes damages for their ICFA claim. The Court **denies** defendant's in limine motion #9 in its entirety.

In defendant's motion in limine #10, it moves the Court to bar any objections to testimony based on the marital privilege because plaintiffs married after the relevant events concerning this litigation. Specifically, defendant argues that plaintiffs cannot claim marital privilege for communications between themselves during 2016. The Illinois marital privilege statute states in relevant part: "In all actions, husband and wife may testify for or against each other, provided that neither may testify as to any communication or admission made by either of them to the other or as to any conversation between them during marriage." 735 ILCS 5/8-801. Because the plain language of the statute provides that the marital privilege applies to communications "during marriage," the privilege does not apply to communications made prior to plaintiffs' marriage. *See Puterbaugh v. Puterbaugh*, 764 N.E.2d 582, 585, 261 Ill. Dec. 967, 970, 327 Ill.App.3d 792, 795 (3d Dist. 2002). The Court **grants** defendant's motion in limine #10.

Furthermore, defendant seeks to bar evidence of settlement discussions in this case or the related matter in 19-cv-3791 under Federal Rule of Evidence 408(a). "Rule 408 says that evidence of "furnishing or offering or promising to furnish ... a valuable consideration in ... attempting to compromise the claim" may not be admitted to "prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount." *Walker v. Walker*, 701 F.3d 1110, 1117 (7th Cir. 2012). "Rule 408 addresses the concern that a norm of admitting offers of settlement will reduce efforts to settle by others in the future." *Id.* Citing non-controlling case law, plaintiffs seek admission of settlement discussions to show defendant was acting in bad faith. Although Rule 408(b) allows for exceptions, including to show a witness's bias or prejudice, "bad faith" is not listed in the rule– nor could the Court find any controlling authority (or persuasive authority in this

district) that evidence concerning settlement discussions is admissible to support a showing of bad faith. Meanwhile, any such evidence would distract the jurors from the central issue in this lawsuit. *See* Fed.R.Evid. 403. The Court, in its discretion, **grants** defendant's motion in limine #11.

Defendant asks the Court to bar reference to the source of money to pay damages in this matter in its motion in limine #12. In general, courts bar evidence of indemnification because it has the possibility of encouraging juries to inflate compensatory damages awards. *See Lawson v. Trowbridge,* 153 F.3d 368, 379 (7th Cir.1998). Once a defendant opens the door by presenting evidence of its financial condition, evidence of indemnification is permissible. *Kemezy v. Peters*, 79 F.3d 33, 37 (7th Cir. 1996) ("defendant should not be allowed to plead poverty if his employer or an insurance company is going to pick up the tab."). The Court therefore **grants** defendant's motion in limine #12 with the caveat that if defendant opens the door to its financial condition, the Court will allow evidence of indemnification by another source.

In its motion in limine #13, defendant seeks to bar evidence or argument about defendant's failure to call witnesses and any speculation as to what these witnesses would say. In response, plaintiffs contend that defendant's request is too broad. The Court agrees and **reserves** ruling on this issue for trial. That said, "[b]efore a party can argue to the trier of fact that an adverse inference should be drawn from another party's failure to call a witness, the complaining party must establish that the missing witness was peculiarly in the power of the other party to produce." *Oxman v. WLS-TV*, 12 F.3d 652, 661 (7th Cir. 1993). As such, if plaintiffs seek to draw attention to defendant's failure to call a witness and use an adverse inference, they have the burden of establishing that the witness was not available to them. *See Rainey v. Taylor,* 941 F.3d 243, 251 (7th Cir. 2019). The Court **grants** defendant's request to bar evidence that the parties sought to exclude evidence in their motions in limine as unopposed.

9

Defendant's motion in limine #14 seeks to bar reference to discovery disputes, such as objections to interrogatories, document requests, or the assertion of the claim of privilege. This is a standard pretrial request that courts grant as a matter of course. *See Chicago Import, Inc. v. American States Ins. Co.*, No. 09 CV 2885, 2016 WL 4366494, at *9 (N.D. Ill. Aug. 16, 2016) (Shah, J.) ("Rehashing discovery disputes in front of the jury would have been inefficient and confusing, especially when the discovery disputes between the parties were of marginal relevance to the merits of this case."). The Court **grants** defendant's motion in limine # 14.

Next, defendant moves to strike plaintiffs' affirmative defenses to the breach of contract counterclaim in its motion in limine #15. Plaintiffs filed their affirmative defenses on December 17, 2019, therefore, defendant's motion is untimely and prejudicial. Nonetheless, plaintiffs agree that defendant's in limine motion should be granted with the respect to mutual mistake and unilateral mistake defenses in relation to the second floor balcony based on the Court's July 2019 summary judgment ruling. As such, the Court **grants in part** and **denies in part** defendant's motion in limine #15.

In its motions in limine #16 and #17, defendant seeks to bar references to Michael Walsh's appraisal of the property dated August 13, 2021 and that Walsh is an expert in any field. As the parties are aware, the Court denied plaintiffs' motion to disclose an expert report due to the tardiness of the motion and the fact that his "expert" report failed to meet Rule 26(a)(2)(b)'s requirements. Plaintiffs agree and will not reference Walsh's August 13 appraisal, but reserve their rights in this regard if the jury trial date is again postponed. The Court reserves ruling on plaintiff's request. The Court thus **grants** in part defendant's motions in limine # 16 and #17 as unopposed. On a final note, the Court will discuss Walsh's October 2018 rebuttal report and Walsh's upcoming trial testimony, including his status as an "expert," before the November jury trial.

IT IS SO ORDERED.

Date: 10/5/2021

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge