IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Ewing et al,                                )
                                            )
            Plaintiff,                      )
                                            )        CASE NO. 16 CV 9930
                    v.                      )        JUDGE SHARON JOHNSON COLEMAN
                                            )
                                            )
1645 W. Farragut LLC,                       )
                                            )
            Defendant                       )

**FILED**

NOV 1 0 2021

Judge Sharon Johnson Coleman
United States District Court

**JURY INSTRUCTIONS**

Now that the evidence has concluded, I will instruct you as to the law and your duties.

The law regarding this case is contained in the instructions I will give to you. You must consider the Court's instructions as a whole, not picking out some instructions and disregarding others.

It is your duty to resolve this case by determining the facts based on the evidence and following the law given in the instructions. You must follow these instructions, even if you disagree with them. Your verdict must not be based upon speculation, prejudice, or sympathy. Each party, whether a corporation or an individual, should receive your same fair consideration. You should not be influenced by any person's race, national ancestry, or sexual orientation. My rulings, remarks or instructions do not indicate any opinion as to the facts. Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

You will decide what facts have been proven. Facts may be proven by evidence or reasonable inferences drawn from the evidence. Evidence consists of the testimony of witnesses and of exhibits admitted by the court. You should consider all the evidence without regard to which party produced it. You may use common sense gained from your experiences in life, in evaluating what you see and hear during trial.

You are the only judges of the credibility of the witnesses. You will decide the weight to be given to the testimony of each of them. In evaluating the credibility of a witness, you may consider that witness' ability and opportunity to observe, memory, manner, interest, bias, qualifications, experience, and any previous inconsistent statement or act by the witness concerning an issue important to the case.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You may consider statements given by a party before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony. With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement that is inconsistent with his testimony here in court, you may consider the earlier statement only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

A written contract may consist of more than one document.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

You have heard a witness give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way you judge the testimony from any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

This case involves the sale of a property at 1645 West Farragut. The Plaintiffs, Randall Ewing and Yasmany Gomez, have brought claims for fraud, violation of theIllinois Consumer Fraud Act, and breach of contract. Defendant, 1645 West Farragut LLC has brought a counterclaim for breach of contract.

In a previous ruling, this Court determined that Plaintiffs had established their claims for fraud and violation of the Illinois Consumer Fraud Act as a matter of law. With respect to those claims, your sole duty will be to determine the amount of damages, if any.

Both the Plaintiffs and Defendant claim that the other party breached the contracts at issue, which are found at Plaintiffs' Exhibits 1 and 2. Your job with respect to these claims will be to determine:

- Whether the Defendant 1645 West Farragut LLC breached its contract with Plaintiffs;
- Whether the Plaintiffs, Randall Ewing and Yasmany Gomez breached their contract with Defendant 1645 West Farragut LLC;
- Whether these breaches were material;
- In the event that you find material breaches by both parties, you must determine which party committed the first material breach of a contract provision.

In the event you find on the breach of contract claim for one of the parties, you must then determine whether that breach of contract has caused the other side damages, and if you so find, to determine an amount of damages.

Plaintiffs, Randall Ewing and Yasmany Gomez, claim 1645 West Farragut LLC breached a contract between them. The terms of the contract are as follows:

1. The property at 1645 West Farragut would be substantially complete by October 3, 2016, unless justified under the Contract;

2. 1645 West Farragut LLC represented that it had no knowledge of nor received written notice regarding building code violations or unpermitted construction, and promised to promptly notify Randall Ewing & Yasmany Gomez of such violations or unpermitted construction upon learning of any;

3. 1645 West Farragut's amenities and/or level of finishes would be modeled after 1651 West Farragut Avenue; and

4. Enclosing the second-floor balcony was such an amenity or finish.

Randall Ewing and Yasmany Gomez claim 1645 West Farragut LLC breached a contract between them. Randall Ewing and Yasmany Gomez bear the burden of proving 1645 West Farragut LLC first materially breached the contract in one or more of the following ways:

1. Misrepresented in the contract that 1645 West Farragut LLC had no knowledge of nor received written notice of building code violations or unpermitted construction;

2. Failed to promptly notify Randall Ewing and Yasmany Gomez of the stop work order upon learning of it;

3. Refused to enclose the second-floor balcony as part of the purchase price of the property;

4. Failed to perform in a timely manner due to the lack of permit and the stop work order; and

5. Refused to release the earnest money after the parties failed to secure a mortgage for Mr. Ewing and Mr. Gomez.

When I use the phrase "material breach," I mean the failure to perform a contractual duty that is of such importance that the parties would not have entered into the contract without it. The test is whether the breach is so substantial and fundamental as to defeat the objectives of the parties in making the agreement, or whether the failure to perform renders performance of the rest of the contract different in substance from the original agreement. The breach must be so important as to justify the injured party in treating the whole transaction as ended.

Whether any of these elements of damages has been proved by the evidence is for you to determine.

1645 West Farragut LLC claims that Randall Ewing and Yasmany Gomez breached a contract between them. 1645 West Farragut LLC bears the burden of proving that Randall Ewing and Yasmany Gomez first materially breached the contract in one or more of the following ways:

1. Plaintiffs did not make written loan application(s) by April 22, 2016;

2. Plaintiffs failed to make reasonable efforts to procure a mortgage commitment necessary to fulfill the contract.

When I use the phrase "material breach," I mean the failure to perform a contractual duty that is of such importance that the parties would not have entered into the contract without it. The test is whether the breach is so substantial and fundamental as to defeat the objectives of the parties in making the agreement, or whether the failure to perform renders performance of the rest of the contract different in substance from the original agreement. The breach must be so important as to justify the injured party in treating the whole transaction as ended.

Whether any of these elements of damages has been proved by the evidence is for you to determine.

Randall Ewing and Yasmany Gomez have alleged two alternative theories of recovery: fraud and breach of contract. I have concluded as a matter of law that 1645 W. Farragut LLC committed fraud and violated the Illinois Consumer Fraud Act with respect to the work performed without permits and the stop work order. Your responsibility is to determine what damages, if any, were caused by this fraud and violation of the Illinois Consumer Fraud Act. With respect to the breach of contract claim, you must determine whether 1645 W. Farragut LLC breached its contract with Randall Ewing and Yasmany Gomez, and determine what damages, if any, where caused by this breach of contract.

You must enter a verdict for both the fraud claim and breach of contract claim, but under Illinois law the court can enter a final judgment for only one of these claims. What this means is that if you determine that Randall Ewing and Yasmany Gomez are entitled to actual damages both for fraud and for breach of contract, they will have to choose between the two separate actual damages amounts that you enter on your verdict form. They cannot recover the combined total actual damages amount of both the fraud claims and the breach of contract claim.

If you find in favor of Randall Ewing and Yasmany Gomez on their breach of contract claim, you must determine the amount of money that will fairly compensate Randall Ewing and Yasmany Gomez for any injury that you find they sustained as a direct result of 1645 West Farragut LLC's breach of contract.

Randall Ewing and Yasmany Gomez must prove their damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. In calculating Randall Ewing's and Yasmany Gomez's damages, you should determine that sum of money that will put them in as good a position as they would have been in if both Randall Ewing and Yasmany Gomez and 1645 West Farragut LLC had performed all of their promises under the contract.

You may consider the following factors of damages:

1. Increased cost to purchase a home;

2. Costs to rent a comparable property in Chicago following termination of the contract to compensate them for the loss of use of the property up until the present. For this purpose, it does not matter whether or not Randall Ewing and Yasmany Gomez did rent a comparable property;

3. Cost incidental to performing the contract, such as required trips to and from Florida to Chicago to make required contract decisions;

4. Actual costs Randall Ewing and Yasmany Gomez incurred to rent in Chicago, IL following the breach. You should award these damages only if you find that Mr. Ewing and Mr. Gomez failed to establish the costs to rent described in item number 2.

You must not consider an award for attorney's fees.

Whether any of these elements of damages has been proved by the evidence is for you to determine.

You must determine the amount of money that will fairly compensate Randall Ewing and Yasmany Gomez for any injury that you find they sustained as a direct result of 1645 West Farragut LLC's fraud and violations of the Illinois Consumer Fraud Act.

Randall Ewing and Yasmany Gomez must prove their damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that damages are restricted to the actual loss of money; for fraud, they include the mental and emotional aspects of injury, even if they are not easy to measure.

You may consider the following factors of damages:

1. Increased cost to purchase a home;

2. Costs to rent a comparable property in Chicago following termination of the contract to compensate them for the loss of use of the property up until the present. For this purpose, it does not matter whether or not Randall Ewing and Yasmany Gomez did rent a comparable property;

3. Costs incidental to performing the contract, such as required trips to and from Florida to Chicago to make required contract decisions;

4. Emotional distress;

5. Actual costs Randall Ewing and Yasmany Gomez incurred to rent in Chicago, IL following the breach. You should award these damages only if you find that Randall Ewing and Yasmany Gomez failed to establish the costs to rent described in item number 2.

Whether any of these elements of damages has been proved by the evidence is for you to determine.

If you find in favor of 1645 West Farragut LLC on its breach of contract claim, you must determine the amount of money that will fairly compensate it for any injury that you find they sustained as a direct result of Randall Ewing and Yasmany Gomez's breach of contract.

1645 West Farragut LLC must prove its damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. In calculating 1645 West Farragut LLC's damages, you should determine that sum of money that will put it in as good a position as it would have been in if both Randall Ewing and Yasmany Gomez and 1645 West Farragut LLC had performed all of their promises under the contract.

You may consider the following factors of damages:

1. Difference between the parties' contract price and what the home was later sold for;

2. Carrying Costs (Loan Interest, Property Insurance, Property Tax, Utilities, and Construction Rentals).

You must not consider an award for attorney's fees.

Whether any of these elements of damages has been proved by the evidence is for you to determine.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.

When you retire to the jury room you will first select a foreperson. He or she will preside during your deliberations.

Your verdict must be unanimous.

Forms of verdicts are supplied with these instructions. After you have reached your verdicts, fill in and sign the appropriate forms of verdicts and return it to the court. Your verdicts must be signed by each of you. You should not write or mark upon this or any of the other instructions given to you by the court.

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.