UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RANDALL EWING and YASMANY GOMEZ, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| 1645 WEST FARRAGUT, LLC, | ) ) |
| Defendant. | ) ) |

Case No. 16-cv-9930

Judge Sharon Johnson Coleman

## ORDER

On November 10, 2021, a jury returned a verdict in favor of plaintiffs Randall Ewing and Yasmany Gomez in the amount of $905,000. As the prevailing party, plaintiffs have filed a bill of costs under Federal Rule of Civil Procedure 54(d)(1). For the reasons stated below, the Court awards plaintiffs $6,100.66 under Rule 54(d)(1).

## LEGAL STANDARD

An award of costs in federal district court is governed by Rule 54(d), even in diversity cases. *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003); 10 C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 2669 (3d ed. 1998). Rule 54(d)(1) provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d)(1). The list of recoverable costs under 28 U.S.C. § 1920, includes (1) fees of the clerk and marshal, (2) fees for transcripts, (3) witness fees and expenses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees under 28 U.S.C. § 1923, and (6) compensation for court-appointed experts and interpreters. Rule 54(d)(1) "creates a presumption that a prevailing party will recover costs," *Donelson v. Hardy*, 931 F.3d 565, 570 (7th Cir. 2019), but gives "the district judge discretion to decide whether an award of costs is appropriate." *Chesemore v. Fenkell*, 829 F.3d 803, 816 (7th Cir. 2016). When evaluating a prevailing

party's bill of costs, the Court examines whether the costs are reasonable and necessary to the litigation. *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008) (per curiam); 28 U.S.C. § 1924.

**DISCUSSION**

Defendant challenges plaintiffs' requests for daily witness fees and travel expenses under 28 U.S.C. § 1920(3) and 28 U.S.C. § 1821(b). "Ordinarily, no fee may be taxed for someone who comes to the courthouse but does not testify at the trial, the presumption being that the person was not a necessary witness." Charles A. Wright & Arthur R. Miller, 10 Fed. Prac. & Proc. Civ. § 2678 (4th ed. 2021). Accordingly, fees and costs for witnesses who did not testify at trial, namely, Daniel Lauer and Michael Furibondo in the amount of $130.40, are not recoverable. Because the Court excluded Furibondo from testifying at trial on September 28, 2021, the service fee of $129.00 incurred on October 29, 2021 is also not recoverable because it was unnecessary.

Next, defendant asserts that the costs and fees associated with Chris Stephanitis' testimony are inaccurate because he only testified on one day and § 1821(b) allows for a $40 daily attendance fee. The Court agrees and reduces the $80 request to $40. The Court also reduces Stephanitis' mileage to 94 miles for a total of $52.64 instead of $105.28. Meanwhile, because Stephanitis was served twice, albeit at different addresses, the Court awards fees for only one summons and service in the amount of $179.00 because there is no explanation why serving Stephanitis twice was necessary.

Defendant further maintains that fees and travel expenses for Matthew Hoppe are unreasonable because Hoppe was a witness for both parties. Although defendant contends that it also paid service fees associated with Hoppe, it fails to attach an invoice as proof of any such payment. Therefore, the Court awards plaintiffs' request for service fees, but only in the amount of $129.00 because Hoppe was served twice. As to witness and travel fees, defendants have not

2

provided documentation that it paid Hoppe his witness and mileage fee, therefore, the Court awards the requested amount of $70.24.

Defendant's assertion that plaintiffs' bill of costs is untimely is without merit because Northern District of Illinois Local Rule 54.1(a) states: "Within 30 days of the entry of a judgment allowing costs, the prevailing party shall file a bill of costs with the clerk and serve a copy of the bill on each adverse party." Final judgment was entered on November 12, 2021 and plaintiffs filed the bill of costs 30 days later on December 13, 2021.

Last, defendant's argument based on the jury's compensatory damages award is best left for defendant's substantive post-trial motions, especially because defendant's argument finds no support in the context of Rule 54(d)(1).

**IT IS SO ORDERED.**

Date: 3/11/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge