UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RANDALL EWING, AND YASMANY GOMEZ, | ) ) ) |
| Plaintiffs/Counter-Defendants, | ) ) ) |
| v. | ) ) |
| 1645 WEST FARRAGUT, LLC, | ) ) ) |
| Defendant/Counter-Plaintiff. | ) |

Case No. 16-cv-9930

Judge Sharon Johnson Coleman

**MEMORANDUM OPINION AND ORDER**

On November 10, 2021, a jury returned a verdict in favor of plaintiffs Randall Ewing and Yasmany Gomez in the amount of $905,000 in relation to their fraud, Illinois Consumer Fraud Act ("ICFA"), and breach of contract claims against defendant 1645 W. Farragut, LLC. Before the Court is plaintiffs' motion for attorney's fees in the amount of $266,117.50. For the following reasons, the Court, in its discretion, awards plaintiffs $196,177.50 in attorney's fees.

**Background**

The Court has ruled on multiple issues in this lawsuit and presumes familiarity with its earlier orders. Prior to the Northern District of Illinois General Orders concerning the COVID-19 pandemic and the State of Illinois' stay-at-home orders, the Court had originally set a jury trial date of April 20, 2020. Once the Northern District of Illinois resumed jury trials, the Court rescheduled the civil trial for November 2021.

Plaintiffs, citizens of Florida, brought this diversity jurisdiction lawsuit against defendant limited liability company, whose members are Erik Carrier and his father Gregory F. Carrier, both citizens of Illinois. Erik Carrier was also defendant's real estate agent. The parties entered into two real estate agreements on April 16, 2016 and May 2, 2016 in relation to plaintiffs' attempted

purchase of a single-family residence in Chicago that was being gutted and renovated. Erik Carrier was the licensed general contractor for the gut rehab project.

After things went awry, plaintiffs brought breach of contract, common law fraud, and ICFA claims against defendant. Defendant then filed a breach of contract counterclaim against plaintiffs. After the parties filed cross-motions for summary judgment, the Court granted plaintiffs' partial summary judgment motion as to liability (but not damages) on their fraud and ICFA claim based on defendant's failure to disclose a stop work order concerning a lack of permit to work on the property's basement. The Court denied the remainder of the summary judgment motions.

After trial, the jury found defendant liable in relation to its fraudulent representation about enclosing the second-floor balcony on the property and that defendant breached the parties' real estate agreements, but that plaintiffs had not. The jury awarded a total of $905,000 in fraud/ICFA damages, but did not award breach of contract damages because the jury was instructed about Illinois' prohibition of double recovery for the same injury. *See Narkiewicz-Laine v. Doyle*, 930 F.3d 897, 903 (7th Cir. 2019).

Plaintiffs then filed their post-trial motions, including the present motion for attorney's fees, which defendant argues is untimely. Despite defendant's argument, the fourteen-day limit set forth in Federal Rule of Civil Procedure 54(d)(2)(B) is inapplicable because Northern District of Illinois Local Rule 54.3(b), which sets 91-day deadline for filing an attorney's fees motion, is an order of the court. *See* Fed.R.Civ.P. 54(d)(2)(B) ("Unless otherwise provided by statute *or order of the court,* the motion must be filed and served no later than 14 days after entry of judgment." *Husko v. Geary Elec., Inc.,* 316 F.Supp.2d 664, 669 (N.D. Ill. 2004) (Denlow, J.) (emphasis in original).

Also relevant to the present motion, the parties' April 17, 2016 contract, § 6.1 provides: "[T]he prevailing party in litigation shall be entitled to collect reasonable attorney fees and costs from the non-prevailing party as ordered by a court of competent jurisdiction." Defendants,

2

however, argue that the April 17, 2016 contract was superseded by the May 2, 2016 contract, although the latter makes no mention of whether it was intended to be a fully integrated agreement. In any event, the ICFA also provides for attorney's fees for the prevailing party, *see* 815 ILCS 505/10a(c), and it is undisputed that plaintiffs are the prevailing party in this lawsuit. Accordingly, the Court will address plaintiffs' motion for attorney's fees under the ICFA.

**Legal Standard**

"The ICFA permits trial courts to award fees to the prevailing party as a matter of discretion." *Straits Fin. LLC v. Ten Sleep Cattle Co.*, 900 F.3d 359, 373 (7th Cir. 2018). Factors courts consider when awarding fees under the ICFA include: "(1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all consumers or businesses or to resolve a significant legal question regarding the Act; and (5) the relative merits of the parties' positions." *Krautsack v. Anderson*, 861 N.E.2d 633, 644, 308 Ill.Dec. 302, 313, 223 Ill.2d 541, 554 (Ill. 2006). The "party seeking fees bears the burden of presenting sufficient evidence from which the [trial] court can base a decision as to their reasonableness." *Aliano v. Sears, Roebuck & Co.*, 48 N.E.3d 1239, 1245, 400 Ill.Dec. 799, 805, 2015 IL App (1st) 143367, ¶ 19 (1st Dist. 2015). To do so, the prevailing party "must present a petition with detailed records containing facts and computations upon which charges are based, specifying the service performed, by whom they were performed, the time expended, and the hourly rate charge." *Id.*

**Discussion**

Under the *Krautsack* factors, an award of attorney's fees pursuant to the ICFA is warranted based on defendant's culpability, namely, its fraudulent misrepresentations made in relation to the parties' real estate agreements. Further, defendant has not provided evidence that it does not have

the ability to pay attorney's fees, and an award of fees under the ICFA will serve as a deterrent to similar misconduct. Last, defendant brought an unmeritorious breach of contract counterclaim—as opposed to plaintiffs' meritorious ICFA, fraud, and breach of contract claims. In fact, the jury took less than two hours to return a verdict in favor of plaintiffs.

Next, "the most useful starting point for determining the amount of a reasonable fee is the lodestar; that is, the product of the number of hours reasonably expended by counsel for the prevailing party, in this case the plaintiff, multiplied by a reasonable hourly rate." *Aliano v. Transform SR LLC*, 167 N.E.3d 665, 678, 445 Ill.Dec. 657, 670, 2020 IL App (1st) 172325, ¶ 31 (1st Dist. 2020); *see also Nichols v. IDOT*, 4 F.4th 437, 441 (7th Cir. 2021) (same). "A reasonable hourly rate is based on the local market rate for the attorney's services" and the "best evidence of the market rate is the amount the attorney actually bills for similar work." *In re NCAA Student-Athlete Concussion Injury Litig.*, 332 F.R.D. 202, 222 (N.D. Ill. 2019) (Lee, J.) (citations omitted).

Plaintiffs' trial attorneys, Ryan Cortazar and Carol O'Keefe, are lawyers at the same law firm as plaintiff Randall Ewing. This law firm, Korein Tillery LLC, represents clients in complex litigation, including antitrust, securities, environmental, and class action litigation. Plaintiffs admit the present litigation was less complex than Korein Tillery's usual cases. With this in mind, in her affidavit, O'Keefe avers that her requested hourly rates are usually between $800 and $900 an hour, but plaintiffs seek only $400 an hour for her services in this less complex case. Likewise, Cortazar avers his requested hourly rate is around $650 an hour, but plaintiffs are only seeking $325 an hour for his services. These reduced hourly rates are reasonable because they are commensurate with the other attorneys' billing rates in this lawsuit, including Steven Mora, who normally bills $350 an hour, and defense counsel's billing rates, which range from $265 to $365 per hour.

The Court next turns to the billing of plaintiffs' first attorney, Tim Kelly. Kelly represented plaintiffs from July 2016 through May 2017. Plaintiffs seek $10,000 in attorney's fees, which

4

consisted of 41.25 hours at an hourly rate of $240 an hour. These hours reflect Kelly discussing pre-filing settlement with defendant, drafting a complaint and an amended complaint, dealing with various service issues, and communicating with his clients and defendant. Defendant argues that these fees are not recoverable because plaintiffs did not present them prior to filing the fee petition as required under Northern District of Illinois Local Rule 54.3. Indeed, plaintiffs made no mention of Kelly's representation in the parties' joint status report filed on February 18, 2022. Therefore, the Court, in its discretion, denies plaintiffs' request for $10,000 in fees for Kelly's services.

Plaintiffs also seek $60,000 in fees for Mora's services, which included drafting motions, settlement talks, discovery coordination, trial preparation, and trial motions. Although plaintiffs attach Mora's affidavit regarding his services, they have failed to provide detailed records, including "facts and computations upon which charges are based, specifying the service performed, by whom they were performed, the time expended, and the hourly rate charge." *Aliano*, 48 N.E.3d at 1245. As such, plaintiffs did not present sufficient evidence from which the Court can determine whether these attorney's fees are reasonable. The Court, in its discretion, denies plaintiffs' request for $60,000 in fees for Mora's services.

Examining the hours expended by attorneys O'Keefe and Cortazar, defendant argues certain duplicate charges are not recoverable, including that O'Keefe and Cortazar both billed time to review the same documents and depositions in preparation for trial. Although courts in this district have reduced attorney hours for duplicate work, *see Johansen v. Wexford Health Sources*, No. 15 C 2376, 2021 WL 1103349, at *7 (N.D. Ill. 2021) (Rowland, J.), because both O'Keefe and Cortazar presented evidence, witnesses, and cross-examined witnesses at trial, their individual billing for trial preparation was necessary and not duplicate.

Similarly unpersuasive is defendant's argument that Cortazar and O'Keefe unnecessarily billed their pre-trial communications. Defendants do not provide controlling legal authority

5

explaining why these hours are not recoverable. Equally important, because Cortazar and O'Keefe communicated with each other on the days leading up to trial, the Court would be hard-pressed to conclude these communications were unnecessary or unreasonable.

Defendant further maintains there are numerous instances in which the time recorded seems excessive. Instead of highlighting the specific entries that are excessive, defendant points to the fact that Cortazar and O'Keefe spent a combined total of 552.6 hours in preparing for trial and post-trial motions between September 2021 and February 2022. Plaintiffs counter that defendant's counsel spent 671.05 hours on this lawsuit, although the billing occurred between January 2020 and February 2022. The fact that plaintiffs' lawyers prepared for trial in a shorter timeframe does not undercut the reasonableness of the hours they expended to do so, as defendant suggests.

Furthermore, defendant argues because plaintiff Randall Ewing is a partner at Korein Tillery, there is a potential for double recovery if the Court awards attorney's fees for Cortazar's and O'Keefe's hours. Specifically, defendant asserts that any fees awarded to Ewing's law firm "will undeniably affect" Ewing as a partner because his salary is dependent on the firm's success and financial status. The legal authority defendant relies upon, however, does not support this argument. In *Schad, Diamond & Shedden, P.C. v. My Pillow, Inc.*, 115 N.E.3d 923, 930, 426 Ill.Dec. 1, 8, 2018 IL 122487, ¶ 29 (Ill. 2018), attorney's fees were not recoverable where the law firm represented itself *pro se* using its own lawyers. Indeed, it is well-established that *pro se* litigants cannot recovery attorney's fees. *See, e.g., Krecioch v. United States*, 316 F.3d 684, 688 (7th Cir. 2003). Here, Korein Tillery was not a party to this lawsuit, but rather one of its attorneys was. Likewise, *Stein v. Kaun,* 91 N.E. 77, 80, 244 Ill. 32, 38 (Ill. 1910), fails to support defendant's argument because Ewing has averred that he will not receive any compensation if fees are awarded for his colleagues' work.

Next, defendant's reliance on *Palm v. 2800 Lake Shore Drive Condo. Ass'n,* 988 N.E.2d 75, 86, 370 Ill.Dec. 299, 310, 2013 IL 110505, ¶ 51 (Ill. 2013), for the proposition that plaintiffs can only

6

recover attorneys that were paid out of pocket fares no better. In *Palm*, the Illinois Supreme Court clarified that recoverable attorney's fees are not limited to fees that a plaintiff has already paid. *Id.* Finally, defendant's additional arguments that Ewing's request for attorney's fees is "merely to line his own pocket," are unsubstantiated.

**Conclusion**

For these reasons, the Court, in its discretion, awards plaintiffs $196,177.50 in attorney's fees [296].

IT IS SO ORDERED.

Date: 7/8/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge